IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SANDRA E. FLUCK, an individual, | C.A. No.: |
| Plaintiff, | |
| v. | **DEMAND FOR JURY TRIAL** |
| HOENEN & MITCHELL, INC., a Delaware corporation, BELLA VISTA DEVELOPMENT, LLC, a Virginia corporation, BELLA VISTA TOWNHOME CONDOMINIUM ASSOCIATION, INC., a Delaware corporation, RE/MAX REALTY GROUP, a Delaware franchise, and WILLIAM J. MITCHELL, an individual, | |
| Defendants. | |

## COMPLAINT

## PARTIES

1. Plaintiff Sandra Fluck is an individual who resides at 1421 Nectarine Road, Danielsville, Pennsylvania 18038.

2. Defendant Hoenen & Mitchell, Inc. (hereinafter referred to as "Hoenen & Mitchell") is a Delaware corporation, whose Vice President and registered agent is F. Wayne Mitchell, 18548 Arabian Acres Road, Lewes, Delaware 19958. . [PLAINTIFFS DEMAND THAT THE DEFENDANT, HOENEN & MITCHELL, DENY THE ALLEGATIONS CONTAINED IN THIS PARAGRAPH IF UNTRUE, BY AFFIDAVIT IN ACCORDANCE WITH THE PROVISIONS OF 10 Del. C. §3915.]

3. Defendant Bella Vista Development, LLC (hereinafter referred to as "Bella Vista Development"), is a foreign corporation, whose registered agent is Manuel G. Serra, 1307 Vincent Place, McLean, Virginia 22101. [PLAINTIFFS DEMAND THAT DEFENDANT, BELLA VISTA DEVELOPMENT, DENY THE ALLEGATIONS CONTAINED IN THIS

Doroshow, Pasquale,
Krawitz & Bhaya
213 E. Dupont Highway
Millsboro, Delaware 19966
302-934-9400

PARAGRAPH, IF UNTRUE, BY AFFIDAVIT IN ACCORDANCE WITH PROVISIONS OF 10 DEL. C. §3915].

4. Defendant Bella Vista Townhome Condominium Association, Inc. (hereinafter referred to as "Bella Vista TCA"), is a Delaware corporation, whose registered agent is Dover Delaware Incorporators, c/o Brandon Jones, Esquire, 309 Rehoboth Avenue, P.O. Box P, Rehoboth Beach, Delaware 19971. [PLAINTIFFS DEMAND THAT THE DEFENDANT, BELLA VISTA TOWNHOME CONDOMINIUM ASSOCIATION, INC., DENY THE ALLEGATIONS CONTAINED IN THIS PARAGRAPH IF UNTRUE, BY AFFIDAVIT IN ACCORDANCE WITH THE PROVISIONS OF 10 Del. C. §3915.]

5. Defendant RE/MAX Realty Group (hereinafter referred to as "RE/MAX Realty") is a Delaware franchise located at 317 Rehoboth Avenue, Rehoboth Beach, Delaware 19971. [PLAINTIFFS DEMAND THAT DEFENDANT, RE/MAX REALTY GROUP, DENY THE ALLEGATIONS CONTAINED IN THIS PARAGRAPH, IF UNTRUE, BY AFFIDAVIT IN ACCORDANCE WITH PROVISIONS OF 10 DEL. C. §3915].

6. Defendant William J. Mitchell (hereinafter referred to as "Mitchell") is the managing agent for RE/MAX Realty Group located at 317 Rehoboth Avenue, Rehoboth Beach, Delaware 19971.

## JURISDICTION

7. Paragraphs 1 through 6 are incorporated by reference.

8. Jurisdiction is conferred pursuant to 28 U.S.C. §1332(a)(1) and § 1332(c)(1) as the amount in controversy exceeds $75,000.00 and the action is between citizens of different states. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a), as this is the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

## FACTUAL ALLEGATIONS

9. Paragraphs 1 through 8 are incorporated by reference.

10. On June 27, 2004, at approximately 3:00 p.m., Plaintiff Fluck was a business invitee at an "open house" located at the Bella Vista Townhome and Condominium development in Rehoboth Beach, Delaware, which was constructed by Defendant Hoenen & Mitchell.

11. At the aforesaid date and place, the "open house" was organized and/or managed by Defendant RE/MAX Realty, through their managing agent, Defendant Mitchell.

12. At the aforesaid date and place, as Plaintiff Fluck exited one of the model condominium units, she fell on defective concrete steps.

13. At all times relevant, Defendant Hoenen & Mitchell, Defendant Bella Vista Development, Defendant Bella Vista TCA, Defendant RE/MAX Realty and Defendant Mitchell, were the owners, contractors, operators, and/or managers of the premises where the incident in question occurred.

14. The direct and proximate cause of the aforesaid accident was the negligence of the aforementioned Defendants.

## COUNT I
## CLAIM AGAINST HOENEN & MITCHELL, INC.

15. Paragraphs 1 through 14 are incorporated by reference.

16. Defendant Hoenen & Mitchell, as the owner, contractor, builder and/or developer of the premises in question, is liable for the injuries to Plaintiff Fluck, as they have a duty to maintain areas of the premises ordinarily used by customers in a reasonably safe condition for their use.

17. The direct and proximate cause of the accident was the negligence of Defendant Hoenen & Mitchell as follows:

(a) They created and/or constructed a dangerous condition, which Defendant knew or should have known, created an unreasonable risk of harm to others, including Plaintiff Fluck;

(b) They improperly maintained the premises, which Defendant knew or should have known, would create an unreasonable risk of physical harm to others, including Plaintiff Fluck;

(c) They failed to take reasonable actions to make safe the hazardous condition on their premises, namely the defective steps;

(d) They failed to take adequate steps to prevent the dangerous condition then existing on their premises;

(e) They failed to warn Plaintiff Fluck of the dangerous condition then existing on the premises;

(f) They failed to properly inspect the premises before allowing individuals, including Plaintiff Fluck, to use it;

(g) They were otherwise negligent in that they failed to fulfill their duty to protect individuals while on a premises under their control, including Plaintiff Fluck, from dangerous conditions;

(h) They permitted a dangerous condition to exist in an area where Defendant knew or should have known individuals would be walking and/or stepping;

(i) They were otherwise negligent.

## COUNT II
## CLAIM AGAINST BELLA VISTA DEVELOPMENT, LLC

18. Paragraphs 1 through 17 are incorporated by reference.

19. Defendant Bella Vista Development, as the owner, operator, and/or manager of the premises in question, is liable for the injuries to Plaintiff Fluck, as they have a duty to maintain areas of the premises ordinarily used by customers in a reasonably safe condition for their use.

Doroshow, Pasquale,
Krawitz & Bhaya
213 E. Dupont Highway
Millsboro, Delaware 19966
302-934-9400

20. The direct and proximate cause of the accident was the negligence of Defendant Bella Vista Development as follows:

(a) They created and/or permitted a dangerous condition to exist, which Defendant knew or should have known, created an unreasonable risk of harm to others, including Plaintiff Fluck;

(b) They improperly maintained the premises, which Defendant knew or should have known, would create an unreasonable risk of physical harm to others, including Plaintiff Fluck;

(c) They failed to take reasonable actions to make safe the hazardous condition on their premises, namely the defective steps;

(d) They failed to take adequate steps to prevent the dangerous condition then existing on their premises;

(e) They failed to warn Plaintiff Fluck of the dangerous condition then existing on the premises;

(f) They failed to properly inspect the premises before allowing individuals, including Plaintiff Fluck, to use it;

(g) They were otherwise negligent in that they failed to fulfill their duty to protect individuals while on a premises under their control, including Plaintiff Fluck, from dangerous conditions;

(h) They permitted a dangerous condition to exist in an area where Defendant knew or should have known individuals would be walking;

(i) They were otherwise negligent.

## COUNT III
## CLAIM AGAINST BELLA VISTA CONDOMINIUM AND TOWNHOME ASSOCIATION

21. Paragraphs 1 through 20 are incorporated by reference.

Doroshow, Pasquale,
Krawitz & Bhaya
213 E. Dupont Highway
Millsboro, Delaware 19966
302-934-9400

22. Defendant Bella Vista TCA, as the owner, operator, and/or manager of the premises in question, is liable for the injuries to Plaintiff Fluck, as they have a duty to maintain areas of the premises ordinarily used by customers in a reasonably safe condition for their use.

23. The direct and proximate cause of the accident was the negligence of Defendant Bella Vista Development as follows:

(a) They created and/or permitted a dangerous condition to exist, which Defendant knew or should have known, created an unreasonable risk of harm to others, including Plaintiff Fluck;

(b) They improperly maintained the premises, which Defendant knew or should have known, would create an unreasonable risk of physical harm to others, including Plaintiff Fluck;

(c) They failed to take reasonable actions to make safe the hazardous condition on their premises, namely the defective steps;

(d) They failed to take adequate steps to prevent the dangerous condition then existing on their premises;

(e) They failed to warn Plaintiff Fluck of the dangerous condition then existing on the premises;

(g) They failed to properly inspect the premises before allowing individuals, including Plaintiff Fluck, to use it;

(g) They were otherwise negligent in that they failed to fulfill their duty to protect individuals while on a premises under their control, including Plaintiff Fluck, from dangerous conditions;

(h) They permitted a dangerous condition to exist in an area where Defendant knew or should have known individuals would be walking;

  (i) They were otherwise negligent.

## COUNT IV
## CLAIM AGAINST WILLIAM J. MITCHELL

24. Paragraphs 1 through 23 are incorporated by reference.

25. Defendant William J. Mitchell, as the managing agent of the premises in question, is liable for the injuries to Plaintiff Fluck, as he has a duty to maintain areas of the premises ordinarily used by customers in a reasonably safe condition for their use.

26. The direct and proximate cause of the accident was the negligence of Defendant Mitchell as follows:

  (a) He permitted a dangerous condition to exist, which Defendant knew or should have known, created an unreasonable risk of harm to others, including Plaintiff Fluck;

  (b) He improperly maintained the premises, which Defendant knew or should have known, would create an unreasonable risk of physical harm to others, including Plaintiff Fluck;

  (c) He failed to take reasonable actions to make safe the hazardous condition on the premises, namely the defective steps;

  (d) He failed to take adequate steps to prevent the dangerous condition then existing on the premises;

  (e) He failed to warn Plaintiff Fluck of the dangerous condition then existing on the premises;

  (h) He failed to properly inspect the premises before allowing individuals, including Plaintiff Fluck, to use it;

  (g) He was otherwise negligent in that he failed to fulfill his duty to protect individuals while on a premises under his control, including Plaintiff Fluck, from dangerous conditions;

Doroshow, Pasquale,
Krawitz & Bhaya
213 E. Dupont Highway
Millsboro, Delaware 19966
302-934-9400

(h) He permitted a dangerous condition to exist in an area where Defendant knew or should have known individuals would be walking;

(i) He was otherwise negligent.

## COUNT V
## CLAIM AGAINST RE/MAX REALTY GROUP

27. Paragraphs 1 through 26 are incorporated by reference.

28. At all times relevant to this litigation, William J. Mitchell was the agent, servant, and/or employee of Defendant RE/MAX Realty Group. [DENIAL OF THIS ALLEGATION BY THE DEFENDANT MUST BE MADE BY AFFIDAVIT, PURSUANT TO 10 DEL. C. §3116.]

29. Defendant RE/MAX Realty is vicariously liable for the negligent acts of its agent, servant and/or employee.

30. The proximate cause of the aforesaid incident was the negligence of Defendant RE/MAX Realty by permitting William J. Mitchell, whom it knew or should have known, would maintain a dangerous condition on said premises likely to cause injuries to third persons, thereby acting in a manner which constituted willful and wanton disregard for the safety of others, including Plaintiff Fluck.

## COUNT VI
## CLAIM OF SANDRA E. FLUCK

31. Paragraphs 1 through 30 are incorporated by reference.

32. As a direct and proximate result of Defendants' negligence, Plaintiff Fluck suffered severe personal injuries both of a temporary and permanent nature including, but not limited to: trimalleolar (three) fractures of the left ankle resulting in widening of the ankle mortise and a plantar spur; open reduction and internal fixation of the mediolateral malleolus of her left ankle utilizing a 6-hole 1/3 tibial plate with two 4 mm screws; severe pain and swelling

Doroshow, Pasquale,
Krawitz & Bhaya
213 E. Dupont Highway
Millsboro, Delaware 19966
302-934-9400

of the left ankle; substantial weakness and limited range of motion of the left ankle; persistent pain in the left ankle; and right mid-foot sprain.

33. As a consequence of her injuries, Plaintiff Fluck has been required to undergo prolonged medical treatment including, but not limited to: emergency medical care; medical examinations; diagnostic testing; surgery of the left ankle; hospitalization; cast immobilization; extensive physical therapy; restriction of her daily activities; work restrictions; and medication for pain management.

34. As a further result of Defendants' negligence, Plaintiff Fluck has experienced, continues to experience, and is likely to experience in the future substantial physical pain, suffering, and discomfort, including future surgery for hardware removal.

35. As a further result of her injuries, Plaintiff Fluck has experienced, continues to experience, and is likely to experience in the future emotional pain, suffering, anxiety, nervousness, and difficulty sleeping.

36. As a further consequence of Defendants' negligence, Plaintiff Fluck has incurred, and may in the future continue to incur, medical bills for the treatment of the injuries sustained in the fall.

37. As a further consequence of her injuries, Plaintiff Fluck has suffered a loss of earnings and may in the future suffer a loss of earnings and impairment of earning capacity.

WHEREFORE, Plaintiff Sandra E. Fluck, respectfully requests that this Court enter judgment against the Defendant Hoenen & Mitchell, Inc., Defendant Bella Vista Development, LLC, Defendant Bella Vista Townhome Condominium, Inc., Defendant RE/MAX Realty Group and Defendant William J. Mitchell, jointly and severally, for compensatory damages, punitive damages and special damages, and the cost of this action, along with any additional relief that this Court may deem proper.

Doroshow, Pasquale, Krawitz & Bhaya
213 E. Dupont Highway
Millsboro, Delaware 19966
302-934-9400

DOROSHOW, PASQUALE,
KRAWITZ & BHAYA

BY: *Andrea G. Green* (signature)
ANDREA G. GREEN, ESQUIRE
Attorney I.D. No.: 2487
JENNIFER S. DONAHUE, ESQUIRE
Attorney I.D. No.: 4700
213 East Dupont Highway
Millsboro, DE 19966
(302) 934-9400
Attorneys for Plaintiff

DATED: March 17, 2006

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SANDRA FLUCK

**DEFENDANTS** Hoenen & Mitchell Inc., Bella Vista Development LLC, Bella Vista Townhome Condominium Assoc., Inc., RE/MAX REALTY GROUP, William J. Mitchell

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Sussex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Doroshow, Pasquale, Krawitz & Bhaya
213 E. Dupont Hwy
Millsboro DE 19966   302-934-9400

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane — PERSONAL INJURY ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander — ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability — ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability — PERSONAL PROPERTY ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health ☐ 690 Other | ☐ 840 Trademark | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle — ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability — ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury — ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability ☐ 196 Franchise | | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS — PRISONER PETITIONS | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting — ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment — Habeas Corpus: | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations — ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare — ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment — ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other — ☐ 550 Civil Rights ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332
Brief description of cause: DIVERSITY - PERSONAL INJURY

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 3/17/06
SIGNATURE OF ATTORNEY OF RECORD  Andrea Green

FOR OFFICE USE ONLY
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____