IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SANDRA E. FLUCK, an individual, : | |
| : | C.A. No.: 06-188-GMS |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| HOENEN & MITCHELL, INC., a : | **JURY DEMAND OF SIX** |
| Delaware corporation, BELLA VISTA : | |
| DEVELOPMENT, LLC, a Virginia : | |
| corporation, BELLA VISTA TOWNHOME : | |
| CONDOMINIUM ASSOCIATION, INC., a : | |
| Delaware corporation, RE/MAX REALTY : | |
| GROUP, a Delaware franchise, and : | |
| WILLIAM J. MITCHELL, an individual, : | |
| : | |
| Defendants. : | |

## MOTION TO AMEND COMPLAINT

Plaintiff, Sandra E. Fluck, by and through her attorneys, hereby respectfully requests this Honorable Court enter an Order permitting plaintiff leave to file an Amended Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to add the defendant, Wayne Mitchell, and to remove the defendant, Hoenen & Mitchell, Inc. In support of his Motion, plaintiff states:

1.  On June 27, 2004, at approximately 3:00 p.m., Plaintiff Fluck was a business invitee at an "open house" located at the Bella Vista Townhome and Condominium development in Rehoboth Beach, Delaware.

2.  At the aforesaid date and place, the "open house" was organized and/or managed by Defendant RE/MAX Realty, through their managing agent, Defendant Mitchell.

3.  At the aforesaid date and place, as Plaintiff Fluck exited one of the model condominium units, she fell on defective concrete steps.

4. On March 20, 2006, having not yet identified the actual builder of the model condominium units, Plaintiff filed a complaint in the United States District Court for the District of Delaware against the defendants, Hoenen & Mitchell, Inc., Bella Vista Townhome and Condominium Association, Inc., Bella Vista Development, LLC, Re/Max Realty Group and William J. Mitchell, seeking damages for personal injuries suffered as a result of the accident which occurred on June 27, 2004.

5. On April 11, 2006, Defendant Bella Vista Development, LLC, filed an Answer to the Complaint. To date, service of process has not yet been perfected with regard to the other defendants.

6. Through recent discovery, plaintiff has come to learn that the builder of the premises is Wayne Mitchell.

7. Plaintiff seeks to amend the complaint to add the defendant, Wayne Mitchell, and to remove the defendant, Hoenen & Mitchell, Inc. in an Amended Complaint as attached in Exhibit "A".

8. The claim against Wayne Mitchell arose out of the same occurrence as plaintiff's accident on June 27, 2004, as set forth in the original complaint.

9. The addition of the aforementioned potential defendant would not be prejudicial due to the fact that the plaintiff is free to pursue action against him, as the statute of limitations has not yet run.

10. Separate actions against individuals and/or entities that were directly involved in the events addressed in this matter would defeat the purpose of Federal Rules of Civil Procedure Rule 15 in that separate actions would fail to lead to the resolution of the instant litigation on its merits.

WHEREFORE, plaintiff prays that this Court enter an Order granting the plaintiff leave of court to amend the Complaint to modify the claims therein.

DOROSHOW, PASQUALE,
KRAWITZ & BHAYA

By: *Andrea G. Green*

ANDREA G. GREEN (I.D. NO.: 2487)
JENNIFER S. DONAHUE (I.D.NO.: 4700)
213 E. Dupont Highway
Millsboro, Delaware 19966
302-934-9400
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SANDRA E. FLUCK, an individual, | C.A. No.: 06-188-GMS |
| Plaintiff, | |
| v. | **JURY DEMAND OF SIX** |
| ~~HOENEN & MITCHELL, INC., a Delaware corporation,~~ BELLA VISTA DEVELOPMENT, LLC, a Virginia corporation, BELLA VISTA TOWNHOME CONDOMINIUM ASSOCIATION, INC., a Delaware corporation, RE/MAX REALTY GROUP, a Delaware franchise, ~~and~~ WILLIAM J. MITCHELL, individually, and WAYNE MITCHELL, individually, | |
| Defendants. | |

## COMPLAINT

### PARTIES

1. Plaintiff Sandra Fluck is an individual who resides at 1421 Nectarine Road, Danielsville, Pennsylvania 18038.

~~2. Defendant Hoenen & Mitchell, Inc. (hereinafter referred to as "Hoenen & Mitchell") is a Delaware corporation, whose Vice-President and registered agent is F. Wayne Mitchell, 18548 Arabian Acres Road, Lewes, Delaware 19958. [PLAINTIFFS DEMAND THAT THE DEFENDANT, HOENEN & MITCHELL, DENY THE ALLEGATIONS CONTAINED IN THIS PARAGRAPH IF UNTRUE, BY AFFIDAVIT IN ACCORDANCE WITH THE PROVISIONS OF 10~~ Del. C. ~~§3915.]~~

2. ~~3.~~ Defendant Bella Vista Development, LLC (hereinafter referred to as "Bella Vista Development"), is a foreign corporation, whose registered agent is Manuel G. Serra, 1307 Vincent Place, McLean, Virginia 22101. [PLAINTIFFS DEMAND THAT DEFENDANT, BELLA VISTA DEVELOPMENT, DENY THE ALLEGATIONS CONTAINED IN THIS

PARAGRAPH, IF UNTRUE, BY AFFIDAVIT IN ACCORDANCE WITH PROVISIONS OF 10 DEL. C. §3915].

3. 4. Defendant Bella Vista Townhome Condominium Association, Inc. (hereinafter referred to as "Bella Vista TCA"), is a Delaware corporation, whose registered agent is Dover Delaware Incorporators, c/o Brandon Jones, Esquire, 309 Rehoboth Avenue, P.O. Box P, Rehoboth Beach, Delaware 19971. [PLAINTIFFS DEMAND THAT THE DEFENDANT, BELLA VISTA TOWNHOME CONDOMINIUM ASSOCIATION, INC., DENY THE ALLEGATIONS CONTAINED IN THIS PARAGRAPH IF UNTRUE, BY AFFIDAVIT IN ACCORDANCE WITH THE PROVISIONS OF 10 Del. C. §3915.]

4. 5. Defendant RE/MAX Realty Group (hereinafter referred to as "RE/MAX Realty") is a Delaware franchise located at 317 Rehoboth Avenue, Rehoboth Beach, Delaware 19971. [PLAINTIFFS DEMAND THAT DEFENDANT, RE/MAX REALTY GROUP, DENY THE ALLEGATIONS CONTAINED IN THIS PARAGRAPH, IF UNTRUE, BY AFFIDAVIT IN ACCORDANCE WITH PROVISIONS OF 10 DEL. C. §3915].

5. 6. Defendant William J. Mitchell (hereinafter referred to as "Mitchell") is the managing agent for RE/MAX Realty Group located at 317 Rehoboth Avenue, Rehoboth Beach, Delaware 19971.

6. Defendant Wayne Mitchell is the contractor and/or builder of the Bella Vista Development, and an agent for RE/MAX Realty Group, whose business address is at 317 Rehoboth Avenue, Rehoboth Beach, Delaware 19971.

**JURISDICTION**

7. Paragraphs 1 through 6 are incorporated by reference.

8. Jurisdiction is conferred pursuant to 28 U.S.C. §1332(a)(1) and § 1332(c)(1) as the amount in controversy exceeds $75,000.00 and the action is between citizens of different states. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a), as this is the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

## FACTUAL ALLEGATIONS

9. Paragraphs 1 through 8 are incorporated by reference.

10. On June 27, 2004, at approximately 3:00 p.m., Plaintiff Fluck was a business invitee at an "open house" located at the Bella Vista Townhome and Condominium development in Rehoboth Beach, Delaware, ~~which was constructed by Defendant Hoenen & Mitchell~~ which was constructed by Defendant Wayne Mitchell.

11. At the aforesaid date and place, the "open house" was organized and/or managed by Defendant RE/MAX Realty, through their managing agent, Defendant William J. Mitchell.

12. At the aforesaid date and place, as Plaintiff Fluck exited one of the model condominium units, she fell on defective concrete steps.

13. At all times relevant, ~~Defendant Hoenen & Mitchell,~~ Defendant Wayne Mitchell, Defendant Bella Vista Development, Defendant Bella Vista TCA, Defendant RE/MAX Realty and Defendant Mitchell, were the owners, contractors, operators, and/or managers of the premises where the incident in question occurred.

14. The direct and proximate cause of the aforesaid accident was the negligence of the aforementioned Defendants.

## ~~COUNT I~~
## ~~CLAIM AGAINST HOENEN & MITCHELL, INC.~~

~~15. Paragraphs 1 through 14 are incorporated by reference.~~

~~16. Defendant Hoenen & Mitchell, as the owner, contractor, builder and/or developer of the premises in question, is liable for the injuries to Plaintiff Fluck, as they have a duty to maintain areas of the premises ordinarily used by customers in a reasonably safe condition for their use.~~

~~17. The direct and proximate cause of the accident was the negligence of Defendant Hoenen & Mitchell as follows:~~

Doroshow, Pasquale,
Krawitz & Bhaya
213 E. Dupont Highway
Millsboro, Delaware 19966
302-934-9400

~~(a) They created and/or constructed a dangerous condition, which Defendant knew or should have known, created an unreasonable risk of harm to others, including Plaintiff Fluck;~~

~~(b) They improperly maintained the premises, which Defendant knew or should have known, would create an unreasonable risk of physical harm to others, including Plaintiff Fluck;~~

~~(c) They failed to take reasonable actions to make safe the hazardous condition on their premises, namely the defective steps;~~

~~(d) They failed to take adequate steps to prevent the dangerous condition then existing on their premises;~~

~~(e) They failed to warn Plaintiff Fluck of the dangerous condition then existing on the premises;~~

~~(f) They failed to properly inspect the premises before allowing individuals, including Plaintiff Fluck, to use it;~~

~~(g) They were otherwise negligent in that they failed to fulfill their duty to protect individuals while on a premises under their control, including Plaintiff Fluck, from dangerous conditions;~~

~~(h) They permitted a dangerous condition to exist in an area where Defendant knew or should have known individuals would be walking and/or stepping;~~

~~(i) They were otherwise negligent.~~

## COUNT I
## CLAIM AGAINST BELLA VISTA DEVELOPMENT, LLC

15. ~~18.~~    Paragraphs 1 through 14 ~~17~~ are incorporated by reference.

16. ~~19.~~    Defendant Bella Vista Development, as the owner, operator, and/or manager of

Doroshow, Pasquale, Krawitz & Bhaya
213 E. Dupont Highway
Millsboro, Delaware 19966
302-934-9400

the premises in question, is liable for the injuries to Plaintiff Fluck, as they have a duty to maintain areas of the premises ordinarily used by customers in a reasonably safe condition for their use.

17. ~~20.~~    The direct and proximate cause of the accident was the negligence of Defendant Bella Vista Development as follows:

(a)    They created and/or permitted a dangerous condition to exist, which Defendant knew or should have known, created an unreasonable risk of harm to others, including Plaintiff Fluck;

(b)    They improperly maintained the premises, which Defendant knew or should have known, would create an unreasonable risk of physical harm to others, including Plaintiff Fluck;

(c)    They failed to take reasonable actions to make safe the hazardous condition on their premises, namely the defective steps;

(d)    They failed to take adequate steps to prevent the dangerous condition then existing on their premises;

(e)    They failed to warn Plaintiff Fluck of the dangerous condition then existing on the premises;

(f)    They failed to properly inspect the premises before allowing individuals, including Plaintiff Fluck, to use it;

(g)    They were otherwise negligent in that they failed to fulfill their duty to protect individuals while on a premises under their control, including Plaintiff Fluck, from dangerous conditions;

(h)    They permitted a dangerous condition to exist in an area where Defendant knew or should have known individuals would be walking;

(i)    They were otherwise negligent.

## COUNT II
## CLAIM AGAINST BELLA VISTA CONDOMINIUM
## AND TOWNHOME ASSOCIATION

18. ~~21.~~    Paragraphs 1 through 17 ~~20~~ are incorporated by reference.

19. ~~22.~~    Defendant Bella Vista TCA, as the owner, operator, and/or manager of the premises in question, is liable for the injuries to Plaintiff Fluck, as they have a duty to maintain areas of the premises ordinarily used by customers in a reasonably safe condition for their use.

20. ~~23.~~    The direct and proximate cause of the accident was the negligence of Defendant Bella Vista Development as follows:

(a)    They created and/or permitted a dangerous condition to exist, which Defendant knew or should have known, created an unreasonable risk of harm to others, including Plaintiff Fluck;

(b)    They improperly maintained the premises, which Defendant knew or should have known, would create an unreasonable risk of physical harm to others, including Plaintiff Fluck;

(c)    They failed to take reasonable actions to make safe the hazardous condition on their premises, namely the defective steps;

(d)    They failed to take adequate steps to prevent the dangerous condition then existing on their premises;

(e)    They failed to warn Plaintiff Fluck of the dangerous condition then existing on the premises;

(g)    They failed to properly inspect the premises before allowing individuals, including Plaintiff Fluck, to use it;

(g)    They were otherwise negligent in that they failed to fulfill their duty to protect individuals while on a premises under their control, including Plaintiff Fluck, from dangerous conditions;

Doroshow, Pasquale,
Krawitz & Bhaya
213 E. Dupont Highway
Millsboro, Delaware 19966
302-934-9400

(h)  They permitted a dangerous condition to exist in an area where Defendant knew or should have known individuals would be walking;

(i)  They were otherwise negligent.

## COUNT III
## CLAIM AGAINST WILLIAM J. MITCHELL

21. ~~24.~~ Paragraphs 1 through 20 ~~23~~ are incorporated by reference.

22. ~~25.~~ Defendant William J. Mitchell, as the managing agent of the premises in question, is liable for the injuries to Plaintiff Fluck, as he has a duty to maintain areas of the premises ordinarily used by customers in a reasonably safe condition for their use.

23. ~~26.~~ The direct and proximate cause of the accident was the negligence of Defendant Mitchell as follows:

(a)  He permitted a dangerous condition to exist, which Defendant knew or should have known, created an unreasonable risk of harm to others, including Plaintiff Fluck;

(b)  He improperly maintained the premises, which Defendant knew or should have known, would create an unreasonable risk of physical harm to others, including Plaintiff Fluck;

(c)  He failed to take reasonable actions to make safe the hazardous condition on the premises, namely the defective steps;

(d)  He failed to take adequate steps to prevent the dangerous condition then existing on the premises;

(e)  He failed to warn Plaintiff Fluck of the dangerous condition then existing on the premises;

(h)  He failed to properly inspect the premises before allowing individuals, including Plaintiff Fluck, to use it;

(g) He was otherwise negligent in that he failed to fulfill his duty to protect individuals while on a premises under his control, including Plaintiff Fluck, from dangerous conditions;

(h) He permitted a dangerous condition to exist in an area where Defendant knew or should have known individuals would be walking;

(i) He was otherwise negligent.

## COUNT IV
## CLAIM AGAINST RE/MAX REALTY GROUP

24. ~~27.~~ Paragraphs 1 through 23 ~~26~~ are incorporated by reference.

25. ~~28.~~ At all times relevant to this litigation, William J. Mitchell was the agent, servant, and/or employee of Defendant RE/MAX Realty Group. [DENIAL OF THIS ALLEGATION BY THE DEFENDANT MUST BE MADE BY AFFIDAVIT, PURSUANT TO 10 DEL. C. §3116.]

26. ~~29.~~ Defendant RE/MAX Realty is vicariously liable for the negligent acts of its agent, servant and/or employee.

27. ~~30.~~ The proximate cause of the aforesaid incident was the negligence of Defendant RE/MAX Realty by permitting William J. Mitchell, whom it knew or should have known, would maintain a dangerous condition on said premises likely to cause injuries to third persons, thereby acting in a manner which constituted willful and wanton disregard for the safety of others, including Plaintiff Fluck.

## COUNT V
## CLAIM AGAINST WAYNE MITCHELL

28. Paragraphs 1 through 27 are incorporated by reference.

29. Defendant Wayne Mitchell as the builder and/or contractor of the the premises in question, is liable for the injuries to Plaintiff Fluck, as he has a duty to build and/or construct the premises in a reasonably safe condition for the customer's use.

Doroshow, Pasquale,
Krawitz & Bhaya
213 E. Dupont Highway
Millsboro, Delaware 19966
302-934-9400

30. The direct and proximate cause of the accident was the negligence of Defendant Wayne Mitchell as follows:

(a) He constructed a dangerous condition, which Defendant knew or should have known, created an unreasonable risk of harm to others, including Plaintiff Fluck;

(b) He improperly maintained the premises, which Defendant knew or should have known, would create an unreasonable risk of physical harm to others, including Plaintiff Fluck;

(c) He failed to take reasonable actions to make safe the hazardous condition on the premises, namely the defective steps;

(d) He failed to take adequate steps to prevent the dangerous condition then existing on the premises;

(e) He failed to warn Plaintiff Fluck of the dangerous condition then existing on the premises;

(i) He failed to properly inspect the premises before allowing individuals, including Plaintiff Fluck, to use it;

(g) He was otherwise negligent in that he failed to fulfill his duty to protect individuals while on a premises under his control, including Plaintiff Fluck, from dangerous conditions;

(h) He permitted a dangerous condition to exist in an area where Defendant knew or should have known individuals would be walking;

(i) He was otherwise negligent.

## COUNT VI
## CLAIM OF SANDRA E. FLUCK

31. Paragraphs 1 through 30 are incorporated by reference.

32. As a direct and proximate result of Defendants' negligence, Plaintiff Fluck suffered severe personal injuries both of a temporary and permanent nature including, but not

limited to: trimalleolar (three) fractures of the left ankle resulting in widening of the ankle mortise and a plantar spur; open reduction and internal fixation of the mediolateral malleolus of her left ankle utilizing a 6-hole 1/3 tibial plate with two 4 mm screws; severe pain and swelling of the left ankle; substantial weakness and limited range of motion of the left ankle; persistent pain in the left ankle; and right mid-foot sprain.

33. As a consequence of her injuries, Plaintiff Fluck has been required to undergo prolonged medical treatment including, but not limited to: emergency medical care; medical examinations; diagnostic testing; surgery of the left ankle; hospitalization; cast immobilization; extensive physical therapy; restriction of her daily activities; work restrictions; and medication for pain management.

34. As a further result of Defendants' negligence, Plaintiff Fluck has experienced, continues to experience, and is likely to experience in the future substantial physical pain, suffering, and discomfort, including future surgery for hardware removal.

35. As a further result of her injuries, Plaintiff Fluck has experienced, continues to experience, and is likely to experience in the future emotional pain, suffering, anxiety, nervousness, and difficulty sleeping.

36. As a further consequence of Defendants' negligence, Plaintiff Fluck has incurred, and may in the future continue to incur, medical bills for the treatment of the injuries sustained in the fall.

37. As a further consequence of her injuries, Plaintiff Fluck has suffered a loss of earnings and may in the future suffer a loss of earnings and impairment of earning capacity.

WHEREFORE, Plaintiff Sandra E. Fluck, respectfully requests that this Court enter judgment against the ~~Defendant Hoenen & Mitchell, Inc.,~~ Defendant Wayne Mitchell, Defendant Bella Vista Development, LLC, Defendant Bella Vista Townhome Condominium, Inc., Defendant RE/MAX Realty Group and Defendant William J. Mitchell, jointly and severally, for

Doroshow, Pasquale,
Krawitz & Bhaya
213 E. Dupont Highway
Millsboro, Delaware 19966
302-934-9400

compensatory damages, punitive damages and special damages, and the cost of this action, along with any additional relief that this Court may deem proper.

                      DOROSHOW, PASQUALE,
                      KRAWITZ & BHAYA

BY: *Andrea G. Green* (signature)
ANDREA G. GREEN, ESQUIRE
Attorney I.D. No.: 2487
JENNIFER S. DONAHUE, ESQUIRE
Attorney I.D. No.: 4700
213 East Dupont Highway
Millsboro, DE 19966
(302) 934-9400
Attorneys for Plaintiff

DATED: May 8, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SANDRA E. FLUCK, an individual, : | |
| : | **C.A. No.: 06-188-GMS** |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| HOENEN & MITCHELL, INC., a : | **JURY DEMAND OF SIX** |
| Delaware corporation, BELLA VISTA : | |
| DEVELOPMENT, LLC, a Virginia : | |
| corporation, BELLA VISTA TOWNHOME : | |
| CONDOMINIUM ASSOCIATION, INC., a : | |
| Delaware corporation, RE/MAX REALTY : | |
| GROUP, a Delaware franchise, and : | |
| WILLIAM J. MITCHELL, an individual, : | |
| : | |
| Defendants. : | |

## ORDER

AND NOW, this ____ day of _____ 2006, the Court having heard and considered Plaintiff's Motion to Amend Complaint:

IT IS HEREBY ORDERED that plaintiff's Motion be GRANTED. Plaintiff is granted leave of the court to amend the Complaint to add the defendant, Wayne Mitchell and to remove the defendant, Hoenen & Mitchell, Inc.

_____
Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SANDRA E. FLUCK, an individual, : | **C.A. No.: 06-188-GMS** |
| Plaintiff, : | |
| v. : | |
| HOENEN & MITCHELL, INC., a : Delaware corporation, BELLA VISTA : DEVELOPMENT, LLC, a Virginia : corporation, BELLA VISTA TOWNHOME : CONDOMINIUM ASSOCIATION, INC., a : Delaware corporation, RE/MAX REALTY : GROUP, a Delaware franchise, and : WILLIAM J. MITCHELL, an individual, : | **JURY DEMAND OF SIX** |
| Defendants. : | |

**CERTIFICATE OF SERVICE**

I, ANDREA G. GREEN, ESQUIRE, hereby certify that I have this 8th day of May, 2006, mailed, two (2) true and correct copies of the following document(s) addressed to the person(s) listed below:

DOCUMENT:
Motion to Amend Complaint

PERSON (S):
Stephen P. Casarino, Esquire
Casarino, Christman & Shalk, PA
800 N. King Street, Suite 200
Wilmington, Delaware 19899-1276

                                                   DOROSHOW, PASQUALE,
                                                   KRAWITZ & BHAYA

By: _/s/ Andrea G. Green_____
ANDREA G. GREEN (I.D. NO.: 2487)
JENNIFER S. DONAHUE (I.D.NO.: 4700)
213 E. Dupont Highway
Millsboro, Delaware 19966
302-934-9400
Attorneys for Plaintiff