IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SANDRA E. FLUCK, an individual, ) | C.A. No.: 06-188GMS |
| ) | |
| Plaintiff, ) | JURY TRIAL DEMANDED |
| ) | |
| v. ) | |
| ) | |
| BELLA VISTA DEVELOPMENT, LLC ) | |
| a Virginia corporation, BELLA VISTA ) | |
| TOWNHOME CONDOMINIUM ) | |
| ASSOCIATION, INC., a Delaware ) | |
| corporation, RESORT REALTY GROUP ) | |
| INC., a Delaware corporation, ) | |
| WILLIAM J. MITCHELL, individually, ) | |
| and WAYNE MITCHELLE, ) | |
| Individually. ) | |

## ANSWER OF DEFENDANT BELLA VISTA TOWNHOME CONDOMINIUM ASSOCIATION

1. Admitted upon reliance on representations made by Plaintiff.

2. Admitted upon information and belief.

3. Admitted.

4. Denied. Answering Defendant has insufficient knowledge to ascertain the rest of the allegation.

5. Denied. Answering Defendant has insufficient knowledge to ascertain the rest of the allegation.

6. Denied. Answering Defendant has insufficient knowledge to ascertain the rest of the allegation.

## Jurisdiction

7. Answers to paragraphs one through six are incorporated herein by reference and made a part hereof.

8.      Denied. Admitted only that this action is between citizens of different states and that a substantial part of the events giving rise to this claim occurred within the judicial district of Delaware.

## Factual Allegations

9.      Answers to paragraphs one through eight are incorporated herein by reference and made a part hereof.

10.     Denied. Answering Defendant has insufficient knowledge to ascertain to rest of this allegation.

11.     Denied. Answering Defendant has insufficient knowledge to ascertain the rest of the allegation.

12.     Denied. Specifically denied that a defect existed in the concrete step. Further denied in that Answering Defendant has insufficient knowledge to ascertain the remainder of this allegation.

13.     Denied as to Answering Defendant. Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation as it pertains to Co-Defendants.

14.     Denied as to Answering Defendant. Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation as it pertains to Co-Defendants.

## Count I

### Claim Against Bella Vista Development, LLC

15.     Answers to paragraphs one through fourteen are incorporated herein by reference and made a part hereof.

16. Denied. This allegation states a conclusion of law which requires no response herein. Further denied in that Answering Defendant has insufficient knowledge to ascertain the veracity of the remainder of this allegation.

17. Denied. This allegation states a conclusion of law which requires no response herein. Further denied in that Answering Defendant has insufficient knowledge to ascertain the veracity of the remainder of this allegation.

## Count II

### Claim Against Bella Vista Condominium and Townhome Association

18. Answers to paragraphs one through seventeen are incorporated herein by reference and made a part hereof.

19. Denied. Further denied in that this allegation states a conclusion of law which requires no response herein.

20. Denied in whole and as to each of its parts. Specifically denied that Answering Defendant had a duty toward Plaintiff and that Answering Defendant was negligent in any manner.

## Count III

### Claim Against William J. Mitchell

21. Answers to paragraphs one through twenty are incorporated herein by reference and made a part hereof.

22. Denied. This allegation states a conclusion of law which requires no response herein. Further denied in that Answering Defendant has insufficient knowledge to ascertain the veracity of the remainder of this allegation.

23. Denied. This allegation states a conclusion of law which requires no response herein. Further denied in that Answering Defendant has insufficient knowledge to ascertain the veracity of the remainder of this allegation.

## Count IV

### Claim Against Resort Realty Group, Inc.

24. Answers to paragraphs one through twenty-three are incorporated herein by reference and made a part hereof.

25. Denied. Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation.

26. Denied. This allegation states a conclusion of law which requires no response herein.

27. Denied. This allegation states a conclusion of law which requires no response herein. Further denied in that Answering Defendant has insufficient knowledge to ascertain the veracity of the remainder of this allegation.

## Count V.

### Claim Against Wayne Mitchell

28. Answers to paragraphs one through twenty-seven are incorporated herein by reference and made a part hereof.

29. Denied. This allegation states a conclusion of law which requires no response herein. Further denied in that Answering Defendant has insufficient knowledge to ascertain the veracity of the remainder of this allegation.

30.     Denied.  This allegation states a conclusion of law which requires no response herein.  Further denied in that Answering Defendant has insufficient knowledge to ascertain the veracity of the remainder of this allegation.

## Count VI.

## Claim of Sandra E. Fluck

31.     Answers to paragraphs one through thirty are incorporated herein by reference and made a part hereof.

32.     Denied.  Specifically denied that Answering Defendant was negligent in any manner.  Further denied in that Answering Defendant has insufficient knowledge to ascertain the veracity of the remainder of this allegation.

33.     Denied.  Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation.

34.     Denied.  Specifically denied that Answering Defendant was negligent in any manner.  Further denied in that Answering Defendant has insufficient knowledge to ascertain the veracity of the remainder of this allegation.

35.     Denied.  Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation.

36.     Denied.  Specifically denied that Answering Defendant was negligent in any manner.  Further denied in that Answering Defendant has insufficient knowledge to ascertain the veracity of the remainder of this allegation.

37.     Denied.  Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation.

### FIRST AFFIRMATIVE DEFENSE

38. Plaintiff's causes of action are barred in whole or in part by the povisions of the Delaware Comparative Negligence Act.

Plaintiff was comparatively negligent in the following manner:

a. She failed to maintain a proper lookout;

b. She failed in her duty to use the due care a reasonable person should use under the same circumstances;

c. She walked in an area with open and obvious defective and/or dangerous conditions;

d. She failed to take reasonable and appropriate steps for her own safety;

e. She acted with willful disregard for her own safety;

v. She was otherwise negligent.

### SECOND AFFIRMATIVE DEFENSE

39. If Plaintiff sustained the injuries as alleged in her Complaint, which is herein strictly denied, then such injuries were caused by the acts or omissions of entities/individuals over which/whom Answering Defendant had no control nor legal duty to control.

### THIRD AFFIRMATIVE DEFENSE

40. At all times material hereto, Answering Defendant acted with due care and proper care under the circumstances.

### FOURTH AFFIRMATIVE DEFENSE

41. Answering Defendant had no duty to Plaintiff or to maintain the premises where this alleged incident occurred.

**FIFTH AFFIRMATIVE DEFENSE**

42.     Plaintiff has failed to mitigate her damages.

**SIXTH AFFIRMATIVE DEFENSE**

43.     All allegations pertaining to employment, workmen, servant, agency, supervision and/or control are specifically denied.

**SEVENTH AFFIRMATIVE DEFENSE**

44.     Answering Defendant neither knew nor by reasonable care could have known of any defective or dangerous condition at its premises.

**EIGHT AFFIRMATIVE DEFENSE**

45.     If a defective or dangerous condition existed on the premises as alleged in the Complaint, then such condition was open and obvious.

**NINTH AFFIRMATIVE DEFENSE**

46.     The medical expenses which Plaintiff alleges are outstanding and boardable are neither reasonable nor necessary.

**TENTH AFFIRMATIVE DEFENSE**

47.     If Plaintiff sustained any injuries in the incident at issue in this action, then Plaintiff has reached maximum medical improvement regarding such injuries.

**ELEVENTH AFFIRMATIVE DEFENSE**

48.     Answering Defendant hereby gives notice that it intends to rely upon any other affirmative defenses which become available or apparent during pretrial discovery or litigation proceedings in this action and hereby reserves the right to assert all such affirmative defenses as though they were fully set forth herein

## CROSS CLAIM AGAINST ALL CO-DEFENDANTS

49. Bella Vista Townhome Condominium Association denies that it was negligent in any manner and denies that it liable to Plaintiff in any respect. In the event that Answering Defendant is held liable to Plaintiff, then it cross-claims against all Co-Defendants on the grounds that the conduct of Co-Defendants was the primary cause of the damages sustained by the Plaintiff and that the Answering Defendant, if liable at all, is only secondarily liable. Answering Defendant is, therefore, entitled to indemnification from the Co-Defendants.

50. In the event that Answering Defendant is held primarily liable to Plaintiff, then the wrongful acts of the Co-Defendants are contributing causes of the damages sustained by the Plaintiff and the Answering Defendant is entitled to contribution in any amount which it may be required to pay the Plaintiff as a result of the Co-Defendants' wrongful acts, based on relative degrees of fault determined pursuant to the provisions of Delaware's Uniform Contribution Among Tortfeasor's Law, 10 Del. C. §6306.

LAW OFFICE OF CYNTHIA G. BEAM

_/s/ Carol J. Antoff_____
Carol J. Antoff, Esquire (Bar I.D. 3601)
Christiana Executive Campus
131 Continental Drive, Suite 407
Newark, DE  19713-4301
(302) 292-6660
Attorney for Defendant Bella Vista Townhome
Condominium Association, Inc.

Date:  January 26, 2007

## **CERTIFICATE OF SERVICE**

I, Carol J. Antoff, Esquire, hereby certify that a true and correct copy or copies of the foregoing document(s):

**Answer of Defendant Bella Vista Townhome Condominium Association, Inc.**

were delivered by electronic filing on January 26, 2007 to:

> Jennifer S. Donahue, Esquire
> Andrea G. Green, Esquire
> Doroshow Pasquale Krawitz & Bhaya
> 213 E. Dupont Highway
> Millsboro, DE 19966
> Attorneys for Plaintiff
>
> Stephen P. Casarino, Esquire
> Casarino, Christman & Shalk, P.A.
> 800 North King Street
> P.O. Box 1276
> Wilmington, DE 19899
> Attorney for Bella Vista Development LLC
>
> Roger A. Akin, Esquire
> Akin & Herron, P.A.
> 1500 Shallcross Avenue, Suiet 1-A
> Wilmington, DE 19806
> Attorney for William Mitchell & Wayne Mitchell

LAW OFFICE OF CYNTHIA G. BEAM

  _/s/ Carol J. Antoff_____
Carol J. Antoff, Esquire (Bar I.D. 3601)
Christiana Executive Campus
131 Continental Drive, Suite 407
Newark, DE  19713-4301
(302) 292-6660
Attorney for Defendant Bella Vista Townhome Condominium Association, Inc.

F:\2006\06nk00144\answer cja.doc