IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
SANDRA F. FLUCK,                )
                                )
     Plaintiff,                 )
                                )
     v.                         )   C.A. No. 06-188-GMS
                                )
BELLA VISTA DEVELOPMENT, LLC,   )   TRIAL BY JURY OF SIX DEMANDED
a Virginia corporation, BELLA   )
VISTA TOWNHOME CONDOMINIUM      )
ASSOCIATION, INC., a Delaware   )
corporation, RESORT REALTY      )
GROUP, INC., WILLIAM J.         )
MITCHELL, individually, and     )
WAYNE MITCHELL, individually,   )
                                )
     Defendants.                )
```

**ANSWER OF DEFENDANT WILLIAM J. MITCHELL TO THE
AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND CROSSCLAIMS
AGAINST ALL CO-DEFENDANTS**

1. Admitted upon information and belief.

2. Answering defendant is without information sufficient to admit or deny the allegations in this paragraph of the Amended Complaint.

3. Answering defendant is without information sufficient to admit or deny the allegations in this paragraph of the Amended Complaint.

4. Admitted upon information and belief.

5. Denied as alleged.

6. Denied as alleged.

## JURISDICTION

7. Answering defendant restates and realleges the responses to Paragraphs 1-6 of the Amended Complaint.

8. This Paragraph of the Amended Complaint contains legal conclusions to which this answering defendant is not required to make a responsive pleading.  By way of further response, it is admitted that this Court may hear a proper case pursuant to its diversity jurisdiction under 28 U.S.C. §1332.

## FACTUAL ALLEGATIONS

9. Answering defendant restates and realleges the responses to Paragraphs 1-8 of the Amended Complaint.

10. Denied as alleged.  By way of further answer, plaintiff's status on the relevant premises as a "business invitee" calls for a legal conclusion to which no responsive pleading is required.  By way of further response, it is admitted that on or about June 27, 2004 plaintiff was on the premises of the Bella Vista Townhomes residential development.

11. Denied as alleged.  By way of further answer, it is admitted that answering defendant was on the premises of Bella Vista Townhomes on the date alleged in order to show a property to prospective customers.

12. Denied as alleged.  By way of further answer, on information and belief it is admitted that plaintiff fell after exiting a townhome.  It is specifically denied that steps in the

vicinity of plaintiff's fall were defective.

13. Denied as to answering defendant.

14. Denied as to answering defendant.

## COUNT I
## CLAIM AGAINST BELLA VISTA DEVELOPMENT, LLC

15. Answering defendant restates and realleges the responses to Paragraphs 1-14 of the Amended Complaint.

16. The allegations in this Paragraph of the Amended Complaint are directed to another party and do not require a responsive pleading from answering defendant.

17. (a) - (i) The allegations in this Paragraph of the Amended Complaint are directed to another party and do not require a responsive pleading from answering defendant.

## COUNT II
## CLAIM AGAINST BELLA VISTA CONDOMINIUM
## AND TOWNHOME ASSOCIATION

18. Answering defendant restates and realleges the responses to Paragraphs 1-17 of the Amended Complaint.

19. The allegations in this Paragraph of the Amended Complaint are directed to another party and do not require a responsive pleading from answering defendant.

20. (a) - (i) The allegations in this Paragraph of the Amended Complaint are directed to another party and do not require a responsive pleading from answering defendant.

## COUNT III
## CLAIM AGAINST WILLIAM J. MITCHELL

21. Answering defendant restates and realleges the responses to Paragraphs 1-20 of the Amended Complaint.

22. Denied as alleged. By way of further answer, answering defendant specifically denies that there was any defective or unsafe condition on the premises where plaintiff allegedly fell.

23. (a) Denied.

    (b) Denied.

    (c) Denied.

    (d) Denied.

    (e) Denied.

    (h) (sic) Denied.

    (g) Denied.

    (h) Denied.

    (i) Denied.

## COUNT IV
## CLAIM AGAINST RESORT REALTY GROUP, INC.

24. Answering defendant restates and realleges the responses to Paragraphs 1-23 of the Amended Complaint.

25. Denied as alleged. By way of further answer, admitted that on or about the date of the occurrence which gave rise to this litigation answering defendant was an agent or employee of Resort Realty Group, Inc.

26. The allegations in this Paragraph of the Amended Complaint are directed to another party and do not require a responsive pleading from answering defendant.

27. The allegations in this Paragraph of the Amended Complaint are directed to another party and do not require a responsive pleading from answering defendant.

## COUNT V
## CLAIM AGAINST WAYNE MITCHELL

28. Answering defendant restates and realleges the responses to Paragraphs 1-27 of the Amended Complaint.

29. The allegations in this Paragraph of the Amended Complaint are directed to another party and do not require a responsive pleading from answering defendant.

30. (a) - (i) The allegations in this Paragraph of the Amended Complaint are directed to another party and do not require a responsive pleading from answering defendant.

## COUNT VI
## CLAIM OF SANDRA E. FLUCK

31. Answering defendant restates and realleges the responses to Paragraphs 1-30 of the Amended Complaint.

32. Denied as alleged.  By way of further answer, answering defendant specifically denies any and all claims of negligence. Answering defendant lacks sufficient knowledge or information upon which to affirm or deny the nature and extent of plaintiff's claimed injuries or damages which may have been proximately

caused by her alleged fall.

 33. Denied as alleged. By way of further answer, answering defendant specifically denies any and all claims of negligence. Answering defendant lacks sufficient knowledge or information upon which to affirm or deny the nature and extent of plaintiff's claimed injuries or damages which may have been proximately caused by her alleged fall.

 34. Denied as alleged. By way of further answer, answering defendant specifically denies any and all claims of negligence. Answering defendant lacks sufficient knowledge or information upon which to affirm or deny the nature and extent of plaintiff's claimed injuries or damages which may have been proximately caused by her alleged fall.

 35. Denied as alleged. By way of further answer, answering defendant specifically denies any and all claims of negligence. Answering defendant lacks sufficient knowledge or information upon which to affirm or deny the nature and extent of plaintiff's claimed injuries or damages which may have been proximately caused by her alleged fall.

 36. Denied as alleged. By way of further answer, answering defendant specifically denies any and all claims of negligence. Answering defendant lacks sufficient knowledge or information upon which to affirm or deny the nature and extent of plaintiff's claimed injuries or damages which may have been proximately

caused by her alleged fall.

37. Denied as alleged. By way of further answer, answering defendant specifically denies any and all claims of negligence. Answering defendant lacks sufficient knowledge or information upon which to affirm or deny the nature and extent of plaintiff's claimed injuries or damages which may have been proximately caused by her alleged fall.

### CROSSCLAIMS OF ANSWERING DEFENDANT WILLIAM J. MITCHELL AGAINST ALL DEFENDANTS FOR CONTRIBUTION AND INDEMNIFICATION

38. Answering defendant denies negligence and liability to plaintiff in all nature and respect. Nonetheless, in the event that answering defendant is held liable to plaintiff, said defendant hereby cross-claims against co-defendants Bella Vista Development, LLC, Bella Vista Townhome Condominium Association, Inc., Resort Realty Group, Inc. and Wayne Mitchell on the grounds that the acts or omissions of said co-defendants were the primary or sole cause or causes of the alleged injuries sustained by plaintiff. Answering defendant William Mitchell is therefore entitled to indemnification from said co-defendants.

39. Answering defendant denies negligence and liability to plaintiff in all nature and respect. Nonetheless, in the event that answering defendant is held liable to plaintiff, said defendant hereby cross-claims against co-defendants Bella Vista Development, LLC, Bella Vista Townhome Condominium Association,

Inc., Resort Realty Group, Inc. and Wayne Mitchell on the grounds that the acts or omissions of said co-defendants were the primary or sole cause or causes of the alleged injuries sustained by plaintiff. Answering defendant William Mitchell is therefore entitled to contribution in any amount to which he may be liable to plaintiff and is entitled to a determination of the relative degrees of fault of defendants pursuant to the provisions of the Delaware Uniform Contribution Among Tortfeasors Act, 10 <u>Del. C.</u> §6308.

## **AFFIRMATIVE DEFENSES**

40. Plaintiff has failed to timely effectuate service of process upon answering defendant.

41. Plaintiff has failed to properly effectuate service of process upon answering defendant.

42. Plaintiff was contributorily and comparatively negligent in a manner and fashion which proximately caused her alleged damages and injuries in that she:

(a) failed to keep a proper lookout;

(b) failed to watch where she was going;

(c) failed to exercise reasonable care in walking upon or approaching a step in a careful and prudent manner;

(d) failed to act otherwise in a prudent and reasonable fashion.

43. Plaintiff's claims are barred in whole or in part pursuant to the provisions of the Delaware Comparative Negligence Act.

44. Plaintiff's claim is barred in whole or in part by the doctrine of assumption of the risk.

45. Plaintiff's alleged injuries were caused by the acts or omissions of parties or non-parties other than answering defendant and over which answering defendant had no control nor legal duty to control.

46. Plaintiff's injuries or damages are not as they are alleged to be.

47. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

48. Plaintiff's injuries or damages are the proximate result of an unavoidable accident.

**WHEREFORE**, answering defendant William Mitchell demands that the Amended Complaint be dismissed as to him with prejudice and with costs of suit including attorney's fees assessed against plaintiff, or, in the alternative, that judgment be entered on his cross-claims against co-defendants.

                **AKIN & HERRON, P.A.**

                <u>/s/ Roger A. Akin</u>
                Roger A. Akin, I.D. No. 395
                1500 Shallcross Avenue
                Suite 1-A
                Wilmington, DE 19806
                (302) 427-6989
                Attorneys for Defendant
                William J. Mitchell

Dated: January 31, 2007

H:\tmw5\data\files\Docs\3651.049\ANSW\6657.wpd

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SANDRA F. FLUCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-188-GMS |
| | ) | |
| BELLA VISTA DEVELOPMENT, LLC, | ) | TRIAL BY JURY OF SIX DEMANDED |
| a Virginia corporation, BELLA | ) | |
| VISTA TOWNHOME CONDOMINIUM | ) | |
| ASSOCIATION, INC., a Delaware | ) | |
| corporation, RESORT REALTY | ) | |
| GROUP, INC., WILLIAM J. | ) | |
| MITCHELL, individually, and | ) | |
| WAYNE MITCHELL, individually, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF SERVICE**

I hereby certify that on this 31st day of January, 2007, a copy of the **ANSWER OF DEFENDANT WILLIAM J. MITCHELL TO THE AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND CROSSCLAIMS AGAINST ALL CO-DEFENDANTS** was electronically filed with the Clerk of the Court using CM/ECF which will send notifications of such filing(s) to attorneys listed below:

Andrea G. Green, Esquire
Jennifer Susan Donahue, Esquire
Doroshow, Pasquale, Krawitz & Bhaya
213 East Dupont Highway
Millsboro, DE 19966

Robert K. Pearce, Esquire
Ferry, Joseph & Pearce, P.A.
824 North Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

Carol J. Antoff, Esquire
Christiana Executive Campus
131 Continental Drive, Suite 407
Newark, DE 19713-4301

Stephen P. Casarino, Esquire
Casarino, Christman & Shalk, P.A.
800 North King Street
P.O. Box 1276
Wilmington, DE 19899

                                      **AKIN & HERRON, P.A.**

                                      /s/ Roger A. Akin
                                      Roger A. Akin, I.D. No. 395
                                      1500 Shallcross Avenue
                                      Suite 1-A
                                      Wilmington, DE 19806
                                      (302) 427-6989
                                      Attorneys for Defendant
                                      William J. Mitchell

H:\tmw5\data\files\Docs\3651.049\NOS\6658.WPD