## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

SANDRA E. FLUCK,                               )
                                               )
          Plaintiff,                           )
                                               )      C. A. No. 06-188-GMS
     v.                                        )
                                               )
BELLA VISTA DEVELOPMENT, LLC,                  )
a Virginia corporation, BELLA VISTA           )      TRIAL BY A JURY DEMANDED
TOWNHOME CONDOMINIUM                          )
ASSOCIATION, INC., a Delaware                 )
Corporation, RESORT REALTY GROUP,            )
INC.,a Delaware corporation, WILLIAM J.       )
MITCHELL, individually, and WAYNE             )
MITCHELL, individually,                        )
                                               )
          Defendants.                          )

## DEFENDANT RESORT REALTY GROUP, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

FERRY, JOSEPH & PEARCE, P.A.


/s/Robert K. Pearce
ROBERT K. PEARCE, ESQ. (I.D. No. 191)
THOMAS R. RIGGS, ESQ. (I.D. No. 4631)
824 Market Street, Suite 904
Wilmington, DE 19899
(302) 575-1555
rpearce@ferryjoseph.com
Attorneys for Defendant
Resort Realty Group, Inc.

Dated: January 20, 2007

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

NATURE AND STAGE OF THE PROCEEDINGS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I.      Plaintiff failed to properly serve Defendant Resort Realty pursuant to
        Federal Rule of Civil Procedure 4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II.     Good Cause does not exist to grant Plaintiff an extension of time in
        which to perfect service on Defendant Resort Realty  . . . . . . . . . . . . . . . . 7

III.    The action against Defendant Resort Realty should be dismissed
        with prejudice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## TABLE OF AUTHORITIES

**Cases:**

*DeSantis v. Chilkotowsky*, 2004 WL 2914314 (Del.Super. 2004) . . . . . . . . . . . . . . . . . . 10

*Hunt v. Department of the Air Force*, 29 F.3d 583 (11th Cir. 1994) . . . . . . . . . . . . . . . 10

*Lunn v. United Aircraft Corp.*, 182 F.Supp. 12 (D.C. Del. 1960) . . . . . . . . . . . . . . . . . . 9

*Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298 (3d Cir.1995). . . . . . . . . . . . . . . . . 7

*U.S. v. Nuttall*, 122 F.R.D. 163 (D.Del.1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Walker v. ARMCO Steel Corporation*, 446 U.S. 740 (1980) . . . . . . . . . . . . . . . . . . . . . . . 9

**Rules:**

Federal Rule of Civil Procedure 4(h)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,6

Federal Rule of Civil Procedure 4(m) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Federal Rule of Civil Procedure 12(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,9

**Statutes:**

10 *Del.C.* § 8119 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## NATURE AND STAGE OF THE PROCEEDINGS

On March 20, 2006, Plaintiff Sandra E. Fluck filed a Complaint seeking damages from ReMax Realty Group, among others, for personal injuries she allegedly suffered on or about June 27, 2004. Plaintiff filed a Motion for Default Judgment against ReMax Realty Group, which was withdrawn on August 30, 2006. On or about June 16, 2006, Plaintiff filed an Amended Complaint adding Defendant Wayne Mitchell. On or about December 19, 2006 Plaintiff filed a stipulation to Amend the Amended Complaint to substitute Resort Realty Group, Inc as a Defendant in place of ReMax Realty Group. This is Defendant Resort Realty Group, Inc.'s motion to dismiss for insufficient service of process.

1

## SUMMARY OF ARGUMENT

I.      Plaintiff failed to serve Defendant Resort Realty Group, Inc. as required by
Federal Rules of Civil Procedure 4(h)(i) and 4(m).

II.     Good cause does not exist to extend the time in which Plaintiff may serve
Defendant Resort Realty Group, Inc.  Although there is no good cause in
the instant case, this Court has discretion to permit the Plaintiff to serve
Defendant Resort Realty Group, Inc.  Given the circumstances of the case
at bar, this Court should exercise its discretion in dismissing the case
against Defendant Resort Realty Group, Inc.

III.    If this Court decides to dismiss the case against Defendant Resort Realty
Group, Inc., it should do so with prejudice since the statute of limitations
has run.

2

## STATEMENT OF FACTS

Plaintiff filed her Complaint in the instant case on March 20, 2006. DI-1. Plaintiff named ReMax Realty Group, Inc. ("ReMax"), as a Defendant, and attempted to serve ReMax by serving process on William J. Mitchell ("Mr. Mitchell") on or about July 5, 2006. DI-15. However, Mr. Mitchell was not an employee, officer, or managing or general agent of ReMax, or of Defendant Resort Realty Group, Inc. ("Defendant Resort Realty.")[1] *See* Affidavit of Robert Reed, February 19, 2007, attached hereto as Exhibit A. On August 11, 2006, Plaintiff filed a motion for default judgment against ReMax. DI-18. Plaintiff filed a letter with this Court on August 30, 2006, withdrawing the aforementioned motion for default judgment. DI-23. On August 31, 2006, undersigned counsel for Defendant Resort Realty ("Defendant's counsel") advised Plaintiff's counsel, in writing, that Mr. Mitchell was not authorized to accept service on behalf of ReMax. A-1. Defendant's counsel further confirmed that Plaintiff had agreed to withdraw the motion for default, and advised Plaintiff's counsel that he would accept service on behalf of ReMax. A-1. Defendant's counsel did not waive service of a summons pursuant to Federal Rule of Civil Procedure 4(d), nor did Plaintiff's counsel request that he do so at that time. On September 12, 2006, Plaintiff's counsel sent a letter to Defendant's counsel asking him to confirm that he would accept service on behalf of ReMax, which Defendant's counsel did by way of a letter dated September 15, 2006. A-2, A-4.

---

[1] As will be discussed herein, ReMax Realty Group is not a legal entity, and is actually a trade name under which Defendant Resort Realty Group, Inc. does business.

3

Plaintiff's counsel sent a letter to Defendant's counsel on October 12, 2006, inquiring as to when an Answer to the Complaint would be filed. A-5. Defendant's counsel responded on October 23, 2006, reiterating that an Answer would not be filed until process was properly served. A-6. Again, at no time during this period did Defendant's counsel waive formal service. Defendant's counsel sent a letter to Plaintiff's counsel on November 2, 2006, alerting her that ReMax was not a legal entity, and was the trade name under which Defendant Resort Realty did business, and that service had still not been properly made. A-7. Significantly, the parties filed a Joint Status Report with this Court on November 13, 2006, in which Plaintiff's counsel acknowledged that service upon ReMax had not yet been perfected. A-8-10. On December 19, 2006, Plaintiff's counsel sent a letter to Defendant's counsel advising that she had filed a Stipulation to Amend the Amended Complaint to name Defendant Resort Realty instead of ReMax, and inquiring as to whether Defendant's counsel would accept service on behalf of his client. A-11. Defendant's counsel responded on December 27, 2006 that he would accept service, but was not waiving formal service of process. A-12. Finally, on January 31, 2007, over ten months after the Complaint was filed, Plaintiff served process on Defendant's counsel via a private process server.

4

## **ARGUMENT**

As will be discussed more fully herein, Plaintiff failed to properly serve

Defendant Resort Realty within 120 days of the filing of the Complaint, as required by

Federal Rule of Civil Procedure 4(h)(i) and 4(m). Moreover, good cause does not exist to

grant Plaintiff an extension of time in which to perfect service. Accordingly, the action

against Defendant Resort Realty should be dismissed pursuant to Federal Rule of Civil

Procedure 12(b)(5), and, since the applicable statute of limitations has run, such dismissal

should be with prejudice.

## I.    *Plaintiff failed to properly serve Defendant Resort Realty pursuant to Federal Rule of Civil Procedure 4.*

Rule 4(h)(i) of the Federal Rules of Civil Procedure provides, in relevant part, that

service upon a corporation, from which a waiver of service has not been obtained and

filed, shall be effected by "delivering a copy of the summons and of the complaint to an

officer, a managing or general agent, or to any other agent authorized by appointment or

by law to receive service of process...." Rule 4(m) of the Federal Rules of Civil

Procedure provides as follows:

> Time Limit for Service. If service of the summons and complaint
> is not made upon a defendant within 120 days after the filing of the
> complaint, the [district] court upon motion or on its own initiative
> after notice to the plaintiff, shall dismiss the action without prejudice
> as to that defendant or direct that service be effected within a
> specified time; provided that if plaintiff shows good cause for the
> failure, the Court shall extend the time for service for an
> appropriate period.

In performing an analysis in the face of a Rule 4(m) challenge, the Third Circuit

5

has instructed district courts as follows:[f]irst, the district court should determine whether

good cause exists for an extension of time. If good cause is present, the district court must

extend the time for service and the inquiry is ended. If, however, good cause does not

exist, the court may in its own discretion decide whether to dismiss the case without

prejudice or extend the time for service. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d

1298, 1305 (3d Cir.1995). In determining whether there is good cause under Rule 4(m),

district courts should consider the (1) reasonableness of plaintiff's efforts to serve the

original complaint; (2) prejudice to the defendant by lack of timely service; and (3)

whether plaintiff moved for an enlargement of time to serve the original complaint. *U.S.

v. Nuttall*, 122 F.R.D. 163, 166-67 (D.Del.1988) (citing cases)). However, good cause

cannot be found based upon " 'half-hearted' efforts by counsel to effect service or process

prior to the [120-day] deadline," *Petrucelli*, 46 F.3d at1307. Moreover, "[e]ven when

delay [in timely service] results from inadvertence of counsel, it need not be excused [by

finding good cause.]" *Petrucelli*, 46 F.3d at 1307.

    In the case at hand, Plaintiff filed her Complaint, erroneously naming ReMax as a

defendant, on March 20, 2006. Accordingly, pursuant to Rule 4(m), service had to be

perfected upon ReMax within 120 days, which would have been July 18, 2006. Plaintiff

apparently did not even attempt to serve ReMax until July 5, 2006 when it served

William J. Mitchell. However, Plaintiff's attempt to serve ReMax through William J.

Mitchell was ineffective because Mr. Mitchell was neither an officer nor a managing or

general agent of Resort Realty Group, Inc., nor authorized in any other way to accept

6

service on behalf of it. Even after Defendant's counsel, by way of a letter dated August 31, 2006, advised Plaintiff that he would accept service for ReMax, and, by extension, Defendant Realty Resort, Plaintiff's counsel failed to effect service until January 31, 2007. Thus, Plaintiff clearly failed to conform the requirement of Rule 4(m) that service be perfected within 120 days of the filing of the Complaint. As such, the first inquiry this Court must make is whether good cause exists to extend the time for Plaintiff to make service upon Defendant Resort Realty.

## II.    *Good cause does not exist to grant Plaintiff an extension of time in which to perfect service on Defendant Resort Realty.*

When the relevant factors set forth by the *Nuttall* Court are examined, it is clear that good cause does not exist in the case at bar to excuse Plaintiff's failure to perfect service within 120 days of the filing of Complaint. Plaintiff's counsel clearly did not take reasonable efforts to have process served upon Defendant Resort Realty. Since the Complaint was filed on March 20, 2006, Plaintiff had until July 18, 2006, to serve the Complaint upon Defendant. Plaintiff did not even attempt to serve ReMax until early July, 2006. As discussed, *supra*, this attempt at service was ineffectual, which Plaintiff's counsel knew on August 31, 2006 when so advised by Defendant's counsel, and recognized when she agreed to withdraw her motion for default judgment. Moreover, Plaintiff's counsel was alerted in August of 2006 that Defendant's counsel was authorized to accept service on behalf of ReMax. Although Plaintiff did not request a waiver of service during this time period, she never did more than mail a copy of the Complaint to

7

Defendant's counsel. Even after Defendant's counsel advised Plaintiff, on numerous occasions, that he had not waived formal process, Plaintiff failed to properly serve Defendant Resort Realty until January 31, 2007. Clearly, Plaintiff did not take reasonable efforts to properly effectuate service.

The extreme delay caused by Plaintiff's failure to timely effectuate service has prejudiced Defendant Resort Realty in that it has been unable to participate fully in the pre-trial procedures already well underway in this case. Finally, Defendant's counsel is unaware of any request by Plaintiff to enlarge the time in which she had to serve the original Complaint. As demonstrated, Plaintiff's efforts to make service can be described, at best, as "half-hearted;" there is no good cause for Plaintiff's failure to conform to Rule 4(m), and Defendant Resort Realty respectfully requests that this Court exercise its discretion in dismissing the Amended Complaint for insufficient process pursuant to Federal Rule of Procedure 12(b)(5). Furthermore, as will be explained herein, if the Court dismisses the action as requested by Defendant Resort Realty, it should do so with prejudice.

**III.** *The action against Defendant Resort Realty should be dismissed with* *prejudice.*

When the underlying cause of action is based on state law, and federal jurisdiction is based on diversity of citizenship, the law of the state in which the District Court sits provides the appropriate period of limitations. *Walker v. ARMCO Steel Corporation*, 446 U.S. 740, 752-53 (1980); *Lunn v. United Aircraft Corp.*, 182 F.Supp. 12, 13 (D.C. Del.

8

1960). Pursuant to 10 *Del.C.* § 8119, the statute of limitations for personal injuries in Delaware is two years from the date the alleged injury was sustained.

In the case at hand, Plaintiff has alleged that she suffered personal injuries on June 27, 2004. Accordingly, she had until June 27, 2006 to bring her claim against Defendant Resort Realty. If the Court dismisses the Complaint as requested by Defendant Resort Realty, such dismissal should be with prejudice since the statute of limitations for this action has run. Defendant acknowledges that Plaintiff amended her Amended Complaint in December, 2006, to correctly name Resort Realty Group, Inc instead of ReMax, and that, pursuant to F.R.C.P. 15, such amendment arguably "relates back" to the March 20, 2006 filing. However, whether or not the amendment "relates back" has no bearing on whether service was perfected. *See generally Hunt v. Department of the Air Force,* 29 F.3d 583 (11th Cir. 1994)(superseded by rule on other grounds); *DeSantis v. Chilkotowsky,* 2004 WL 2914314 (Del.Super. 2004)(attached hereto as Exhibit B). Had Plaintiff properly served Defendant's counsel within 120 days of March 20, 2006, and then amended the Complaint to correctly name Defendant Resort Realty in December of 2006, Plaintiff may have had an argument that the amended pleading "related back" such that the two year statute of limitations did not bar her action against Defendant Resort Realty. However, since service was not perfected within 120 days of the filing of the amended complaint, Plaintiff cannot avail herself of this argument. Therefore, the Complaint against Defendant Resort Realty should be dismissed with prejudice.

9

## CONCLUSION

For the foregoing reasons, Defendant Resort Realty Group, Inc. respectfully

requests that the action brought against it by Plaintiff Sandra E. Fluck be dismissed with

prejudice.

FERRY, JOSEPH & PEARCE, P.A.

/s/Robert K. Pearce
ROBERT K. PEARCE, ESQ. (I.D. No. 191)
THOMAS R. RIGGS, ESQ. (I.D. No. 4631)
824 Market Street, Suite 904
Wilmington, DE 19899
(302) 575-1555
rpearce@ferryjoseph.com
Attorneys for Defendant
Resort Realty Group, Inc.

Dated: January 20, 2007

10

# CERTIFICATE OF SERVICE

I, Robert K. Pearce, Esquire do hereby certify that on February 20, 2007 I electronically filed the foregoing *Defendant Resort Realty Group, Inc.'s Opening Brief in Support of its Motion to Dismiss* and *Appendix to Defendant Resort Realty Group, Inc.'s Opening Brief in Support of its Motion to Dismiss* with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Roger A. Akin, Esq.
1220 N. Market Street
Suite 300
P.O. Box 25047
Wilmington, DE 19899

Stephen Casarino, Esq.
Casarino, Christman & Shalk, P.A.
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899

Charles P. Coates, III, Esq.
Christiana Executive Campus
131 Continental Drive, Suite 407
Newark, DE 19713-4301

Carol Antoff, Esq.
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801

Jennifer S. Donahue, Esq.
Doroshow, Pasquale, Krawitz & Bhaya
213 E. Dupont Highway
Millsboro, DE 19966

/s/Robert K. Pearce
ROBERT K. PEARCE, ESQUIRE
I.D. No. 191

Dated: February 20, 2007

# EXHIBIT

# A

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

SANDRA E. FLUCK,                          )
                                          )
      Plaintiff,                    )
                                          )         C. A. No. 06-188-GMS
      v.                            )
                                          )
BELLA VISTA DEVELOPMENT, LLC,             )
a Virginia corporation, BELLA VISTA       )         TRIAL BY A JURY DEMANDED
TOWNHOME CONDOMINIUM                      )
ASSOCIATION, INC., a Delaware             )
Corporation, RESORT REALTY GROUP,         )
INC., a Delaware corporation, WILLIAM J.  )
MITCHELL, individually, and WAYNE         )
MITCHELL, individually,                   )
                                          )
      Defendants.                   )

### AFFIDAVIT OF ROBERT REED

STATE OF DELAWARE    :
                    :ss
SUSSEX COUNTY        :

    I, Robert Reed, hereby depose and state:

    1.  I am the president of Defendant Resort Realty Group, Inc., a Delaware corporation.

    2.  On information and belief, Court documents indicate that Plaintiff Sandra E. Fluck served process in this matter on William J. Mitchell on July 5, 2006.

    3.  William J. Mitchell is not an employee, officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process on behalf of Resort Realty Group, Inc.

ROBERT REED

SWORN TO AND SUBSCRIBED before me this 19th day of February, 2007.

Bonnie S. Walstead
Notary Public

Bonnie S. Walstead
Notary Public
State of Delaware
My Commission Expires
June 27, 2010

# EXHIBIT B



29 F.3d 583                                                                                              Page 1

29 F.3d 583, 29 Fed.R.Serv.3d 1193
(Cite as: 29 F.3d 583)

►
Briefs and Other Related Documents
Hunt v. Department of Air Force, Div. of
USAC.A.11 (Fla.),1994.
    United States Court of Appeals, Eleventh Circuit.
        Mary HUNT, Plaintiff-Appellant,
                        v.
    DEPARTMENT OF the AIR FORCE, a DIVISION
        OF the USA, Defendant-Appellee.
                **No. 93-2876.**

                  Aug. 23, 1994.

Customer brought Federal Torts Claim Act (FTCA)
action alleging she was injured while grocery
shopping at commissary on Air Force base. The
United States District Court for the Middle District
of Florida, 787 F.Supp. 197, dismissed, and
plaintiff appealed. The Court of Appeals
remanded, 987 F.2d 774. On remand, the District
Court, No.    91-320-CIV-T-17B,Elizabeth    A.
Kovachevich, J., 149 F.R.D. 657, held that
amendment of complaint on proper defendant could
not relate back to date of original filing where
proper defendant was not served within required
120-day period. Plaintiff appealed. The Court of
Appeals, Fay, Senior Circuit Judge, held that
although District Court erred in denying plaintiff's
attempt to amend her complaint to naming United
States as defendant, error was harmless because
plaintiff's complaint was properly dismissed without
prejudice for failure to properly effect service of
process upon proper party defendant.

Affirmed.
West Headnotes
**[1] Federal Courts 170B** ☞**818**

170B Federal Courts
    170BVIII Courts of Appeals
        170BVIII(K) Scope, Standards, and Extent
            170BVIII(K)4 Discretion of Lower Court
                170Bk818 k. Dismissal. Most Cited
Cases

Abuse of discretion standard of review applied to
review of district court's dismissal of Federal Tort
Claims Act case without prejudice. 28 U.S.C.A. §§
2671-2680.

**[2] United States 393** ☞**78(1)**

393 United States
    393V Liabilities
        393k78 Torts
            393k78(1) k. In General. Most Cited Cases
Federal Tort Claims Act is precise congressional
exception to general rule of sovereign immunity.
28 U.S.C.A. §§ 2671-2680.

**[3] United States 393** ☞**78(8)**

393 United States
    393V Liabilities
        393k78 Torts
            393k78(5) Nature of Act or Claim
                393k78(8) k. Negligence in General.
Most Cited Cases
Federal Tort Claims Act provides remedy for those
who suffer injury or loss of property, personal
injury or death resulting from negligent or wrongful
act or omission of any employee of government
acting within scope of his or her office or
employment. 28 U.S.C.A. § 2679.

**[4] United States 393** ☞**78(1)**

393 United States
    393V Liabilities
        393k78 Torts
            393k78(1) k. In General. Most Cited Cases

**United States 393** ☞**125(5)**

393 United States
    393IX Actions
        393k125 Liability and Consent of United
States to Be Sued
            393k125(5) k. Mode and Sufficiency of

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

29 F.3d 583

29 F.3d 583, 29 Fed.R.Serv.3d 1193
(Cite as: 29 F.3d 583)

Page 2

Waiver or Consent. Most Cited Cases

**United States 393 ⬅125(6)**

393 United States
   393IX Actions
      393k125 Liability and Consent of United States to Be Sued
         393k125(6) k. Construction of Waiver or Consent in General. Most Cited Cases
Sovereign immunity can be waived only by the sovereign, and circumstances of its waiver must be scrupulously observed, and should not be expanded nor constricted by the courts.

**[5] Federal Civil Procedure 170A ⬅1751**

170A Federal Civil Procedure
   170AXI Dismissal
      170AXI(B) Involuntary Dismissal
         170AXI(B)2 Grounds in General
            170Ak1751 k. Process, Defects In. Most Cited Cases
District court did not abuse its discretion in dismissing Federal Torts Claim Act complaint without prejudice for failure to timely file service of summons and complaint on United States within 120 days after filing of complaint; although plaintiff timely filed complaint on final day for challenging denial of administrative claim, original complaint named incorrect defendant and service of process was not properly effected on United States until 184 days after filing of original complaint. 28 U.S.C.A. §§ 2401(b), 2679; Fed.Rules Civ.Proc.Rule 4(d)(4), 28 U.S.C.A.; Fed.Rules Civ.Proc.Rule 4(j), 28 U.S.C. (1988 Ed.).

**[6] Limitation of Actions 241 ⬅119(3)**

241 Limitation of Actions
   241II Computation of Period of Limitation
      241II(H) Commencement of Proceeding; Relation Back
         241k117 Proceedings Constituting Commencement of Action
            241k119 Issuance and Service of Process
               241k119(3) k. Service of Process. Most Cited Cases

**Limitation of Actions 241 ⬅130(9)**

241 Limitation of Actions
   241II Computation of Period of Limitation
      241II(H) Commencement of Proceeding; Relation Back
         241k130 New Action After Dismissal or Nonsuit or Failure of Former Action
            241k130(9) k. Failure of Action for Want of or Defects in Process or Service Thereof. Most Cited Cases

**United States 393 ⬅136**

393 United States
   393IX Actions
      393k136 k. Process. Most Cited Cases
Notice to United States required for relation back of amended complaint at time of filing of original complaint is distinct from service of process on the United States. Fed.Rules Civ.Proc.Rules 4(d)(4), 15(c), 28 U.S.C.A.

**[7] Limitation of Actions 241 ⬅124**

241 Limitation of Actions
   241II Computation of Period of Limitation
      241II(H) Commencement of Proceeding; Relation Back
         241k124 k. Intervention or Bringing in New Parties. Most Cited Cases
Refusal to retroactively apply amended relation back pleading rule to allow Federal Torts Claim Act plaintiff to amend complaint to name United States as proper party defendant was improper, as United States Attorney General had notice of action before expiration of 120-day period provided for under rule. Fed.Rules Civ.Proc.Rule 15(c), 28 U.S.C.A.

**[8] Federal Courts 170B ⬅894**

170B Federal Courts
   170BVIII Courts of Appeals
      170BVIII(K) Scope, Standards, and Extent
         170BVIII(K)6 Harmless Error
            170Bk894 k. Pleadings. Most Cited Cases
District court's denial of Federal Torts Claim Act plaintiff's request to amend complaint to name

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

29 F.3d 583                                                                     Page 3

29 F.3d 583, 29 Fed.R.Serv.3d 1193
(Cite as: 29 F.3d 583)

United States as proper party defendant was harmless error; even when **relation back** pleading rule was applied retroactively so as to permit plaintiff to amend complaint, complaint was still properly dismissed without prejudice due to **defective service**, based on failure to complete **service** of process on United States within 120 days of filing of complaint. Fed.Rules Civ.Proc.Rule 15(c), 28 U.S.C.A.; Fed.Rules Civ.Proc.Rule 4(j), 28 U.S.C. (1988 Ed.).

*584 Nancy A. Lauten, Tampa, FL, for appellant.
James R. Hilbert, Jr., Asst. U.S. Atty., Tampa, FL, for appellee.

Appeal from the United States District Court for the Middle District of Florida.

Before BLACK, Circuit Judge, MORGAN and FAY , Senior Circuit Judges.
FAY, Senior Circuit Judge:
In her original complaint under the Federal Torts Claim Act ("FTCA"), Plaintiff, Mary *585 Hunt, incorrectly named the Department of Air Force, rather than the United States as defendant. Plaintiff also failed to effect service of process upon the United States within the applicable time period pursuant to Fed.R.Civ.P. 4(d)(4). Plaintiff's failure to name the United States, as the proper party defendant under the FTCA, was not lethal to her claim. However, Plaintiff's failure to effect service of process on the United States within 120 days of filing her complaint empowered the district court to dismiss her complaint pursuant to Fed.R.Civ.P. 4(j).

Although we find that the district court erred in denying Plaintiff's attempt to amend her complaint to name the United States as defendant, we AFFIRM the district court's dismissal of Plaintiff's complaint without prejudice for failure to effect proper service of process upon the United States within 120 days of filing the original complaint.

## I. FACTS

### A. Course of Proceedings and Disposition in the Court Below

Following the denial of her administrative claim, Plaintiff filed a complaint pursuant to the FTCA, 28 U.S.C. §§ 2671-2680, on March 12, 1991, in the United States District Court for the Middle District of Florida against the Department of Air Force. On July 10, 1991, Plaintiff filed a motion for entry of default by the clerk for failure to answer the complaint. Plaintiff's motion was denied on July 22, 1991.

On August 12, 1991, the district court, *sua sponte,* pursuant to Fed.R.Civ.P. 4(j), ordered Plaintiff to show cause why the action should not be dismissed without prejudice for failure to effect service of process on the United States within 120 days of filing the complaint.[FN1] On August 23, 1991, in response to the order to show cause, Plaintiff recited that service of the complaint had been sent by mail on March 28, 1991, to the United States Attorney General and to Hervey Hotchkiss, Lieutenant Colonel, United States Air Force, Chief, Tort Branch. Plaintiff further stated that on or about April 5, 1991, and April 8, 1991, she had received return receipts, which were attached as Exhibit A.

> FN1. Fed.R.Civ.P. 4(j), presently known as Fed.R.Civ.P. 4(m), stated in pertinent part:
> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

On August 23, 1991, the Defendant filed a motion to dismiss asserting that the district court lacked subject matter jurisdiction because the United States of America, the proper party defendant, had not been served within 120 days of the filing of the complaint. Plaintiff filed her response to Defendant's motion to dismiss on August 30, 1991.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

29 F.3d 583, 29 Fed.R.Serv.3d 1193
(Cite as: 29 F.3d 583)

On September 9, 1991, Plaintiff filed a motion for leave to file an amended response to defendant's motion to dismiss. Defendant opposed Plaintiff's motion on September 19, 1991, based on Local Rule 3.01, United States District Court for the Middle District of Florida, which provides for only one response absent leave of court. On September 20, 1991, Plaintiff filed an amended response to Defendant's motion to dismiss without leave of court. Finding no substantial reason to allow Plaintiff to file an amended response, the district court denied Plaintiff's motion on September 27, 1991.

On September 12, 1991, 184 days after the Plaintiff filed her original complaint, the United States Attorney for the Middle District of Florida was served with a summons and copy of the complaint. FN2 On October 2, *586 1991, Plaintiff filed her proof of service upon the United States Attorney for the Middle District of Florida. On November 25, 1991, Plaintiff filed a notice of filing relevant discovery along with argument. On December 3, 1991, Defendant filed its response in opposition to the notice, again asserting that the district court lacked subject matter jurisdiction.

> FN2. At the time of filing the original complaint, Fed.R.Civ.P. 4(d)(4) required service upon the United States be effected: [B]y delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in writing filed with the clerk of the court **and** by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency.
> (Emphasis supplied).

On December 3, 1991, Plaintiff filed supplemental authority in opposition to Defendant's motion to dismiss and a motion for leave to file an amended complaint. On December 16, 1991, Defendant filed its response in opposition to Plaintiff's motion for leave to file an amended complaint. On March 6, 1992, the district court granted the Defendant's motion to dismiss and denied Plaintiff's motion for leave to file an amended complaint. *Hunt v. Dept of the Air Force,* 787 F.Supp. 197 (M.D.Fla.1992). The district court stated, "Absent good cause and proper service upon the Defendant, Rule 4(j) forces this court to dismiss Plaintiff's complaint without prejudice." *Id.* at 200. On March 12, 1992, Plaintiff filed a request for reconsideration which was denied by the district court on March 20, 1992.

On April 7, 1992, Plaintiff appealed the district court's order of dismissal. On appeal, Plaintiff conceded that she had named the wrong party and had not properly served the United States within 120 days of filing the complaint. Defendant conceded that the district court had erred in ruling that the December, 1991 amendment to Fed.R.Civ.P. 15(c) could not be applied retroactively, stating that Plaintiff should have been permitted to amend her complaint. On March 4, 1993, this Court remanded this action to the district court for reconsideration in light of its decision in *Hill v. United States Postal Service,* 961 F.2d 153 (11th Cir.1992).

On remand, the parties maintained essentially the same positions as in the first appeal. Defendant, while conceding that amended Fed.R.Civ.P. 15 should be give retroactive effect, argued that it would not change the result below as service of process had not been effected within 120 days of filing the initial complaint. Plaintiff contended that the issue before the court was whether the service of process requirement of Fed.R.Civ.P. 4(d)(4) had to be complied with within the original 120 day period in order to allow relation back of the name changing amendment. It was her position that the plain language of Fed.R.Civ.P. 15(c) permitted relation back even in the face of deficient service under Fed.R.Civ.P. 4(d)(4).

The district court's order on remand was entered on

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

29 F.3d 583                                                                                      Page 5

29 F.3d 583, 29 Fed.R.Serv.3d 1193
(Cite as: 29 F.3d 583)

July 1, 1993. *Hunt v. Department of Air Force*, 149
F.R.D. 657 (M.D.Fla.1993). The court determined
that the reasoning in *Hill* was, "distinct from the
instant case, and therefore, this Court cannot apply
its holding and reasoning to this case." *Id.* at 658.
The district court distinguished *Hill* by stating that
*Hill* was a Title VII case that did not involve a
waiver of sovereign immunity. The court stated
that because Title VII does not contain a waiver of
sovereign immunity, the Eleventh Circuit was able
to read amended Rule 15(c) broadly and allow the
retroactive application of the rule. *Id.* The court
continued stating, "[e]ven if the Court of Appeals
were to apply amended Rule 15(c)(3) retroactively, .
.. *Hill* does not change the Court's original decision
in this case." *Id.*

The district court rejected the Plaintiff's claim that
relation back under Rule 15(c) was permitted even
though deficient service existed under Rule 4. The
court ruled that the language in Rule 15(c) "clearly
articulates that a party cannot effectuate the
relation-back of an amendment to a complaint if
that party amending the complaint fails to complete
the proper service required under Rule 4." *Hunt*,
149 F.R.D. at 661. The court declared that each of
the cases relied upon by the Plaintiff were
inapplicable because "each of these cases arose and
were decided prior to 1991 under the pre-amended
Rule 15(c) in which proper service of process under
Rule 4(j) was not a requirement for the
relation-back of an amended complaint." *Id.*

Instead, the court agreed with reasoning espoused
by the Defendant, stating that *587 "[a]mending a
complaint by adding a new named party does not
obviate the necessity of complying with the service
requirements for the initial complaint under Rule
4(d)(4)." *Id.* The court concluded "that a party
must effectuate proper service under Rule 4 in order
for relation-back under Rule 15(c) to be proper." *Id.*
at 662. The court affirmed its original decisions
dismissing Plaintiff's complaint without prejudice
and denying Plaintiff's motion for rehearing and
reconsideration. *Id.* Plaintiff's second appeal
followed the dismissal.

B. The Underlying Complaint

Plaintiff was injured after grocery shopping at the
commissary located at MacDill Air Force Base. In
her complaint she alleges that on July 27, 1989, a
grocery bagger carried and placed Plaintiff's
groceries next to her vehicle in a negligent manner.
Plaintiff fell over the bags of groceries and was
injured about her body and extremities. In
addition, the complaint alleges that the negligent
condition and the actions of the unsupervised
baggers were known to the Defendant and had
existed for a sufficient length of time so that the
Defendant should have known of that condition.

*II. DISCUSSION*

A. Standard of Review

[1] The standard of review is whether the district
court abused its discretion in dismissing Plaintiff's
case without prejudice. *In Re Tom C. Cooper*, 971
F.2d 640 (11th Cir.1992); *Prisco v. Frank*, 929
F.2d 603 (11th Cir.1991); *Schnabel v. Wells*, 922
F.2d 726 (11th Cir.1991).

B. Analysis

[2][3][4] The FTCA is a precise congressional
exception to the general rule of sovereign immunity.
*Suarez v. United States*, 22 F.3d 1064, 1065 (11th
Cir.1994). The FTCA provides a remedy for those
who suffer injury or loss of property, personal
injury or death arising or resulting from the
negligent or wrongful act or omission of any
employee of the Government acting within the
scope of his or her office or employment. 28
U.S.C. § 2679. Sovereign immunity can be waived
only by the sovereign, and the circumstances of its
waiver must be scrupulously observed, and should
not be expanded nor constricted by the courts.
*United States v. Kubrick*, 444 U.S. 111, 117-18,
100 S.Ct. 352, 356-57, 62 L.Ed.2d 259 (1979).

A complaint filed pursuant to the FTCA must be
filed within six months of the denial of the
administrative claim. 28 U.S.C. § 2401(b). An
action under the FTCA must name the United States

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

29 F.3d 583, 29 Fed.R.Serv.3d 1193
**(Cite as: 29 F.3d 583)**

as the defendant. 28 U.S.C. § 2679. Fed.R.Civ.P. 4(j) requires service of the summons and complaint be made upon a defendant within 120 days after the filing of the complaint. At the time of the original complaint, Fed.R.Civ.P. 4(d)(4) required service of process on the United States be effected by delivering a copy of the summons and complaint to the United States attorney, or other specified individuals, for the district in which the action is brought and by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, District of Columbia.

[5] Plaintiff timely filed her complaint on March 12, 1991, the final day for challenging the denial of her administrative claim. In her original complaint she incorrectly named the Department of the Air Force, rather than the United States, as Defendant. To effect service of process, Plaintiff mailed her complaint to the United States Attorney General and to Hervey Hotchkiss, Lieutenant Colonel, United States Air Force, Chief, Tort Branch, on March 28, 1991. It was not until September 12, 1991, 184 days after the filing of the original complaint, that service of process was properly effected on the United States by the additional service upon the United States Attorney for the Middle District of Florida. We find, therefore, that the district court did not abuse its discretion in dismissing Plaintiff's complaint without prejudice pursuant to Fed.R.Civ.P. 4(j). We do, however, find error in that portion of the district court's order regarding the retroactive application of Fed.R.Civ.P. 15(c).[FN3]

> FN3. Amended Fed.R.Civ.P. 15(c), effective December 1, 1991, provides, in pertinent part:
> An amendment of a pleading relates back to the date of the original pleading when ... the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision [that the claim or defense asserted in the amended pleading arose out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the

original pleading] is satisfied **and**, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
> The delivery or mailing of process to the United States Attorney or United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of subparagraphs (A) and (B) of this paragraph (3) with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.
> (Emphasis supplied).

**\*588** C. Retroactive Application of Amended Fed.R.Civ.P. 15(c)

This Court has previously stated that the December 1, 1991 amendment to Fed.R.Civ.P. 15(c), should be applied retroactively. *Hill v. United States Postal Service,* 961 F.2d 153 (11th Cir.1992). For purposes of this appeal, the effect of the amendment extends the time period in which notice may be given. Prior to December 1, 1991, the six month limitation period provided by the FTCA would have controlled. 28 U.S.C. § 2401(b). Under the amended version of Fed.R.Civ.P. 15(c), notice may be effected within 120 days from the date of the filing of the complaint to allow relation back of an amendment to the complaint. Because the United States Attorney General had notice of the action before the expiration of the 120 day period provided for under Fed.R.Civ.P. 15(c), Plaintiff's attempt to amend her complaint to name the United States as the proper party defendant should have been permitted.

[6][7] Notice to the United States required for relation back of an amended complaint to the time

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

29 F.3d 583                                                    Page 7

29 F.3d 583, 29 Fed.R.Serv.3d 1193
(Cite as: 29 F.3d 583)

of the filing of the original complaint under
Fed.R.Civ.P. 15(c) is distinct from service of
process upon the United States. The notice
provision for a relation back in time for an
amendment pursuant to Fed.R.Civ.P. 15(c), is
couched in the disjunctive:
delivery or mailing of process to the United States
Attorney, or the United States Attorney's designee,
or the Attorney General of the United States, or an
agency or officer....

(Emphasis supplied). On the other hand, service of
process pursuant to Fed.R.Civ.P. 4(d)(4), is
couched in the conjunctive:by delivering a copy of
the summons and of the complaint to the United
States Attorney ... and by sending a copy of the
summons and of the complaint by registered mail or
certified mail to the Attorney General of the United
States....

(Emphasis supplied).

A plain reading of the contrasting requirements of
the rules demonstrates that notice and service of
process are entirely different. Although the
Attorney General of the United States received
notice of the cause of action within the limitations
period to allow relation back under Fed.R.Civ.P.
15(c), Fed.R.Civ.P. 4(j) required dismissal without
prejudice because Plaintiff failed to complete the
service upon the United States within 120 days of
the filing of the original complaint (the United
States Attorney for the Middle District of Florida
was not served until the 120 day period had long
expired).

[8] We find the error occasioned by the district
court's denial of Plaintiff's request to amend her
complaint harmless. As the district court itself
reasoned, even when the rule is applied
retroactively, and the Plaintiff permitted to amend
her complaint, the complaint was still properly
dismissed without prejudice for failure to complete
service of process upon the United States within
120 days of the filing of the complaint. Plaintiff's
proposed amendment to her complaint would have
merely placed Plaintiff in the same procedural
posture as if she had properly named the United
States as defendant at the outset. Allowing the

amendment would only *589 cure her failure to
name the correct party and would not breath new
life into her procedurally defaulted claim.

### III. CONCLUSION

Because Plaintiff's complaint was properly
dismissed without prejudice for failure to properly
effect service of process upon the proper party
defendant, any error committed by the district court
in disallowing an amendment which does not cure
the defective service, cannot be said to be an abuse
of discretion. While the dismissal without
prejudice operates as a harsh result in this case
where the limitation period has expired, we find our
decision required by binding Eleventh Circuit
precedent and the Federal Rules of Civil Procedure.

AFFIRMED.

C.A.11 (Fla.),1994.
Hunt v. Department of Air Force, Div. of USA
29 F.3d 583, 29 Fed.R.Serv.3d 1193

Briefs and Other Related Documents (Back to top)

• 1994 WL 16053974 (Appellate Brief) Reply Brief
of Plaintiff/Appellant (Feb. 09, 1994) Original
Image of this Document (PDF)
• 1994 WL 16053973 (Appellate Brief) Brief of
Appellee (Jan. 25, 1994) Original Image of this
Document (PDF)
• 1993 WL 13128248 (Appellate Brief) Initial Brief
of Plaintiff/Appellant (Dec. 20, 1993)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.