# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SANDRA E. FLUCK, an individual, | : | **C.A. No.: 06-188-GMS** |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | **JURY DEMAND** |
| v. | : | |
| | : | |
| BELLA VISTA DEVELOPMENT, LLC, a | : | |
| Virginia corporation, BELLA VISTA | : | |
| TOWNHOME CONDOMINIUM | : | |
| ASSOCIATION, INC., a Delaware | : | |
| corporation, RESORT REALTY GROUP, | : | |
| INC., a Delaware corporation, WILLIAM J. | : | |
| MITCHELL, individually, and WAYNE | | |
| MITCHELL, individually, | | |

Defendants.

---

## PLAINTIFF SANDRA FLUCK'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT RESORT REALTY GROUP, INC.'S MOTION TO DISMISS

DOROSHOW, PASQUALE,
KRAWITZ & BHAYA

/s/ ANDREA G. GREEN, ESQUIRE
Attorney I.D. No.: 2487
/s/ JENNIFER S. DONAHUE, ESQUIRE
Attorney I.D. No.: 4700
213 East Dupont Highway
Millsboro, DE 19966
(302) 934-9400
Attorneys for Plaintiffs

Doroshow, Pasquale,
Krawitz & Bhaya
213 E. Dupont Highway
Millsboro, Delaware 19966
302-934-9400

Dated: March 2, 2007

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ………………………………………………..  ii

NATURE AND STAGE OF THE PROCEEDINGS ……………………….  1

SUMMARY OF ARGUMENT …………………………………………….  2

STATEMENT OF FACTS ………………………………………………….  3

ARGUMENT ……………………………………………………………...  4

    I.     Defendant Re/Max Realty had notice of the action instituted
          by Plaintiff within the applicable time period in accordance with
          Federal Rule of Civil Procedure 4 ………………………………  5

    II.    Pursuant to the "shared attorney doctrine" and "identity of
          interest doctrine," Defendant Resort Realty had notice of the
          action instituted by Plaintiff within the applicable time period
          in accordance with Federal Rule of Civil Procedure 4 …………..  8

    III.   Defendant Resort Realty has not met its burden of showing actual
          prejudice as a result of Plaintiff's amendment to the Complaint ..  11

    IV.   The action against Defendant Resort Realty should not be
          dismissed ……………………………………………………..  12

CONCLUSION ……………………………………………………………..  13

Doroshow, Pasquale,
Krawitz & Bhaya
213 E. Dupont Highway
Millsboro, Delaware 19966
302-934-9400

## TABLE OF AUTHORITIES

### Cases

*Armco, Inc. v. Penrod-Stauffer Bldg. Sys. Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984) ...    6

*Ayres v. Jacobs & Crumplar, P.A.,* 1995 WL 704781 (D.Del.) ...........................    5

*Bechtel v. Robinson*, 886 F.2d 644, 652 n. 12 (3rd Cir. 1989) .............................    8, 9, 11

*Chalick v. Cooper Hospital/University Medical Center*, 192 F.R.D. 145 (D.NJ. 2000) .    8, 9

*Foman v. Davis*, 371 U.S. 178, 182 (1962) ................................................    9, 11

*Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476,
486 (3d Cir. 1993) ..........................................................................    5

*O'Meara v. Waters*, 464 F.Supp.2d 474 (4th Cir. 2006) ...................................    5, 6

*Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379 (1986) ...............................    9

*Singletary v. Pennsylvania Department of Corrections*, 266 F.3d 186 (3d Cir. 2001) ...    8, 9

*Urrutia v. Harrisburg County Police Department*, 91 F.2d 451, 457-58 (3d Cir. 1996)..    8, 9

### Rules

Federal Rule of Civil Procedure 4 (d)(2) ..................................................    7

Federal Rule of Civil Procedure 4(m)......................................................    5, 8, 9

Federal Rule of Civil Procedure 15(c) .....................................................    *passim*

Doroshow, Pasquale,
Krawitz & Bhaya
213 E. Dupont Highway
Millsboro, Delaware 19966
302-934-9400

## NATURE AND STAGE OF THE PROCEEDING

On March 20, 2006, Plaintiff Sandra Fluck filed a Complaint seeking damages from Defendant Re/Max Realty Group, among other Defendants, for personal injuries sustained on June 27, 2004. On May 8, 2006, Plaintiff filed a Motion to Amend the Complaint to add Defendant Wayne Mitchell and to remove Defendant Hoenen & Mitchell. After this Court's entry of the Order granting Plaintiff's Motion to Amend, on June 16, 2006, Plaintiff filed an Amended Complaint adding Defendant Wayne Mitchell. On August 10, 2006, Plaintiff filed a Motion for Default as to Defendants Re/Max Realty Group and William Mitchell. On August 28, 2006, Plaintiff forwarded a letter to the Court requesting a stay of the Motion for Default as Defendants Re/Max and William Mitchell requested additional time to obtain counsel. On September 12, 2006, Plaintiff formally withdrew her Motion for Default. On December 19, 2006, Plaintiff filed a stipulation to amend the amended complaint to substitute Resort Realty Group, Inc., as a Defendant in place of Re/Max Realty Group. On January 17, 2007, Plaintiff filed a second Amended Complaint naming Resort Realty Group, Inc., in place of Re/Max Realty Group. On January 31, 2007, Defendant Resort Realty Group's counsel was formally served with the second Amended Complaint.

1

## SUMMARY OF ARGUMENT

I.      Plaintiff properly served Defendant Re/Max Realty pursuant to Federal Rule of Civil Procedure 4 as Defendant had notice of the action instituted by Plaintiff within the applicable 120 day time period.

II.     Pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, the "shared attorney doctrine" and "identity of interest doctrine," Plaintiff's second Amended Complaint naming Defendant Resort Realty should relate back to filing of the first Amended Complaint on June 16, 2006.

III.    Defendant Resort Realty has not met its burden of showing actual prejudice as a result of Plaintiff's amendment to the Complaint.

IV.     The action against Defendant Resort Realty Group should not be dismissed.

## STATEMENT OF FACTS

On March 20, 2006, Plaintiff filed her initial Complaint against Defendant Re/Max Realty Group, among other Defendants. DI-1. On March 20, 2006, Plaintiff forwarded to Defendant Re/Max a Notice of Lawsuit and Request for Waiver of Service of Summons, a copy of which is attached hereto as Exhibit A. On April 18, 2006, Plaintiff forwarded a Summons to the Court for the Clerk's signature and the Court's seal so that formal service of process could be effectuated upon Defendant Re/Max. A-1.

On May 15, 2006, Plaintiff filed a Motion to Amend the Complaint to add Defendant Wayne Mitchell and to remove Defendant Hoenen & Mitchell. DI-10. On June 16, 2006, Plaintiff filed the Amended Complaint, within the applicable statute of limitations period. DI-12. On June 23, 2006, Plaintiff forwarded via facsimile the signed/sealed Summons and a copy of Plaintiff's Amended Complaint to Delaware Attorney Services to effectuate service of process upon Defendant Re/Max. A-2. On July 17, 2006, Plaintiff filed the Return of Service indicating that Defendant Re/Max had been served on July 5, 2006 via William Mitchell, who Plaintiff understood to be an employee/real estate agent of Re/Max Realty. DI-15. At the time Plaintiff attempted service upon Defendant Re/Max Realty, Plaintiff was unaware that William Mitchell was not considered an employee, officer or managing/general agent of Defendant Re/Max.

On August 10, 2006, Plaintiff filed a Motion for Default as to Defendants Re/Max Realty Group and William Mitchell, as neither Defendant had filed an Answer. DI-18. On August 25, 2006, Plaintiff's counsel received a letter from James E. Deakyne, Jr., Esquire, with whom Defendant Re/Max had consulted, requesting copies of the complaint, summons and process server's proof of service to confirm that Re/Max had been properly served. Mr. Deakyne further advised that Re/Max had notified its liability insurance company for defense and protection and requested that Plaintiff's Motion for Default be stayed in order to allow Re/Max to obtain counsel through its insurance company. A-3. On August 28, 2006, Plaintiff forwarded a letter to

Doroshow, Pasquale,
Krawitz & Bhaya
213 E. Dupont Highway
Millsboro, Delaware 19966
302-934-9400

3

the Court requesting a stay of the Motion for Default pursuant to Defendant Re/Max's request for additional time to obtain counsel. DI-23.

On August 31, 2006, Plaintiff's counsel received a letter from Defendant's counsel, Robert K. Pearce, Esquire, advising that he had been retained to represent Re/Max Realty Group in this matter. Defendant's counsel indicated that he had spoken with the principal of Re/Max who had not yet received a copy of the complaint. Defendant's counsel further indicated that he would accept service on behalf of Re/Max, since William Mitchell had not been authorized to do so, and would thereafter file an Answer. A-4.

On September 5, 2006, Defendant's counsel confirmed that he had received a copy of the Amended Complaint. A-5. On September 12, 2006, Plaintiff formally withdrew her Motion for Default. DI-27. On September 12, 2006, Plaintiff's counsel sent a letter to Defendant's counsel requesting confirmation that he would accept service on behalf of Re/Max. A-6. Defendant's counsel confirmed he would accept service in his letter of September 15, 2006. A-7. On October 12, 2006, Plaintiff's counsel forwarded a letter to Defendant's counsel inquiring as to when he would be filing an Answer on behalf of Re/Max. A-8. On October 20, 2006, Plaintiff's counsel forwarded another letter to Defendant's counsel confirming that he would accept service of process on behalf of Re/Max Realty. A-9. On October 23, 2006, Defendant's counsel sent a letter to Plaintiff's counsel advising that he would not be filing an answer until he was properly served with the complaint. A-10.

Thereafter, on November 2, 2006, Defendant's counsel sent a letter to Plaintiff's counsel advising her for the first time that his client, Re/Max, is actually a trade name of Resort Realty Group, Inc. Furthermore, Defendant's counsel, for the first time, insisted that Plaintiff's counsel formally serve him with the amended complaint. A-11. In light of this new information, on December 18, 2006, Plaintiff filed a Stipulation to Amend the Complaint to change the name of Re/Max Realty Group to Resort Realty Group, Inc. and thereafter, filed the second Amended Complaint on January 17, 2007. DI-38, DI-39. On January 31, 2007, Defendant's counsel, on

behalf of Resort Realty Group, was formally served with the amended complaint by Delaware Attorney Services.  A-12.

## ARGUMENT

Defendant Re/Max Realty Group had actual notice of the action instituted by Plaintiff within 120 days of the filing of the Amended Complaint, in accordance with Federal Rule of Civil Procedure 4.  Furthermore, pursuant to the "shared attorney doctrine" and the "identity of interest doctrine," Defendant Resort Realty Group had notice of the action instituted by Plaintiff within the applicable time period.  Moreover, Defendant has failed to meet its burden of showing actual prejudice as a result of Plaintiff's amendment to the Complaint. As such, Plaintiff's action against Defendant Resort Realty Group should not be dismissed.

**I.      Defendant Re/Max Realty Group had notice of the action instituted by Plaintiff within the 120 days of the filing of the Amended Complaint.**

Rule 4(m) of the Federal Rules of Civil Procedure provides the time limit for service of process and states as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The rules concerning service of process exist to provide notice.  *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 486 (3d Cir. 1993).  That purpose is of primary importance and once it has been met, the rules can be liberally construed.  *Ayres v. Jacobs & Crumplar, P.A.*, 1995 WL 704781 (D.Del.) (attached hereto as Exhibit B).  Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court.  *O'Meara v. Waters*, 464 F.Supp.2d 474 (4th Cir. 2006) (citations omitted).  Where there is actual notice, failure to strictly comply with Rule 4 may not invalidate the service of process; however, plain

Doroshow, Pasquale,
Krawitz & Bhaya
213 E. Dupont Highway
Millsboro, Delaware 19966
302-934-9400

requirements for the means of effectuating service of process may not be ignored. *O'Meara* at 476, citing *Armco, Inc. v. Penrod-Stauffer Bldg. Sys. Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

In the instant case, Plaintiff filed an initial Complaint on March 20, 2006. A copy of the Complaint, along with a Request for Waiver of Summons, was forwarded to Defendant Re/Max by Plaintiff. Shortly thereafter, Plaintiff filed a first Amended Complaint on June 16, 2006, within the applicable statute of limitations period. On June 23, 2006, Plaintiff forwarded the signed/sealed Summons and a copy of Plaintiff's first Amended Complaint to Delaware Attorney Services to effectuate formal service of process upon Defendant Re/Max. On July 17, 2006, Plaintiff filed the Return of Service indicating that Defendant Re/Max had been served on July 5, 2006 via William Mitchell, an agent believed by Plaintiff to be employed by Defendant Re/Max Realty. At the time Plaintiff attempted service upon Defendant Re/Max Realty, Plaintiff was unaware that William Mitchell was not considered by Defendant Re/Max to be an employee, officer or managing/general agent of that entity. Shortly thereafter, in or about the third week of August 2006, Robert Reed of Re/Max Realty Group personally contacted Plaintiff's counsel via telephone requesting that Plaintiff withdraw her Motion for Default.[1] Plaintiff's counsel advised Mr. Reed to contact his company's insurance carrier and to obtain counsel. On August 25, 2006, Plaintiff's counsel received correspondence from James Deakyne, Esquire, advising, in essence, that Defendant Re/Max was aware of the litigation instituted by Plaintiff. Thereafter, on August 31, 2006, Plaintiff's counsel received a letter from Defendant's counsel, Robert K. Pearce, Esquire, advising that he had been retained to represent Re/Max Realty Group in this matter. Defendant's counsel indicated that he had spoken with the principal of Re/Max who had not yet received a copy of the complaint. Defendant's counsel further indicated that he would accept service on behalf of Re/Max, since William Mitchell had not been authorized to do so, and would thereafter file an Answer. It is clear from Defendant's counsel's correspondence that the

Doroshow, Pasquale,
Krawitz & Bhaya
213 E. Dupont Highway
Millsboro, Delaware 19966
302-934-9400

---

[1] At the time of this telephone conversation, Robert Reed identified himself as being associated with Re/Max Realty Group. As stated on his affidavit attached to Defendant Resort Realty's Motion, he is also the president of Resort Realty Group.

6

principal of Re/Max was aware of the pending litigation, at least as of August 31, 2006, which was clearly within the 120 day period. After receiving this correspondence, Plaintiff's counsel immediately forwarded Defendant's counsel a copy of the Amended Complaint. Insofar as the purpose of providing notice is concerned, it can certainly be expected that Defendant's counsel, who was provided with a copy of the Amended Complaint, would notify his client accordingly.

Based upon Defendant's counsel's representations in his correspondence of August 31, 2006, indicating that he was authorized to accept service on behalf of Defendant Re/Max and that he would thereafter file an Answer, Plaintiff's counsel believed that Defendant's counsel was waiving formal service of process via sheriff or special process server, in accordance with Rule 4(d)(2). In light of Rule 4(d)(2), which states, in pertinent part, that an individual, corporation or association that is subject to service and that receives notice of an action has a duty to avoid unnecessary costs of serving the summons, Plaintiff's counsel genuinely believed that Defendant's counsel was waiving formal service of process. In fact, Plaintiff's counsel forwarded a letter (within the 120 day period for service) dated October 12, 2006 (A-8) inquiring as to when Defendant would be filing its Answer.

Defendant's counsel never advised Plaintiff's counsel that he was insisting upon formal service until November 2, 2006, at which time Plaintiff's counsel was also advised that the proper name for Re/Max was actually Resort Realty Group, Inc. Had it been made clear by Defendant's counsel that he was requesting formal service, Plaintiff's counsel certainly would have effectuated such service immediately. Upon review of the attached correspondence exchanged between counsel during the applicable 120 day period, it is clear that a miscommunication existed as to a technicality of the form of service. Defendant Re/Max should not be permitted to benefit from such miscommunication when it clearly had notice of the pending litigation through its own president, Robert Reed, and its own counsel, Robert K. Pearce, Esquire.

7

**II. Pursuant to Rule 15(c) of the Federal Rules of Civil Procedure and the "shared attorney doctrine" and "identity of interest doctrine," Plaintiff's second Amended Complaint naming Defendant Resort Realty should relate back to filing of the first Amended Complaint on June 16, 2006.**

Rule 15(c)(3) of the Federal Rules of Civil Procedure requires that three (3) conditions be satisfied before recognizing relation back: (1) the basic claim must have arisen out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original complaint; (2) the party to be brought in must have received such notice of the institution of the action within 120 days of the filing of the complaint that it will not be prejudiced in maintaining a defense on the merits; and (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it. *Chalick v. Cooper Hospital/University Medical Center*, 192 F.R.D. 145 (D.NJ. 2000) (citations omitted).

Rule 15(c)(3) does not require that a Plaintiff actually amend his complaint within the Rule 4(m) period; it speaks only of notice, lack of prejudice, and reason to know of a mistake within that time. *Chalick* at 149, citing *Urrutia v. Harrisburg County Police Department*, 91 F.2d 451, 457-58 (3d Cir. 1996). Rule 15(c)(3) notice does not require actual service of process on the party sought to be added; notice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means. *Singletary v. Pennsylvania Department of Corrections*, 266 F.3d 186 (3d Cir. 2001)(citations omitted). At the same time, the notice received must be more than notice of the event that gave rise to the cause of action; it must be notice that the plaintiff has instituted the action. *Singletary*, 266 F.3d at 195, citing *Bechtel v. Robinson*, 886 F.2d 644, 652 n. 12 (3rd Cir. 1989).

For purposes of Rule 15(c)(3), notice of the action instituted by Plaintiff may be either actual or constructive. The "shared attorney" method of imputing notice is based on the notion that, when an originally named party and the party who is sought to be added are represented by

the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action. *Singletary,* 266 F. 3d at 196. Furthermore, under the "identity of interest" method, notice is imputed to new defendants if they are "so closely related in their business operations or other activities that the institution of the action against one serves to provide notice of the litigation to the other." *Id.* at 197. The Supreme Court has endorsed the identity of interest method of imputing notice for Rule 15(c)(3) in *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379 (1986), when the Court stated, "Timely filing of a complaint, and notice within the limitations period to the party named in the complaint, permit imputation of notice to a subsequently named and sufficiently related party." *Id.* at 29, 106 S.Ct. 2379. However, the 1991 amendment to Rule 15(c) changed the result in *Schiavone* and provided that an amendment would relate back as long as the intended defendant received notice of the action within the period allowed for service of the summons and complaint as set forth in Federal Rule of Civil Procedure 4(m), or 120 days, whether or not the statute of limitations had expired in the interim. *Urrutia,* 91 F.3d at 458.

As stated in *Bechtel,* citing the Supreme Court case of *Foman v. Davis,* 371 U.S. 178, 182 (1962), in the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment – the leave sought [to amend] should, as the rules require, be freely given. *Bechtel,* 886 F.2d at 652. Finally, the Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities. *Chalick,* 192 F.R.D. at 148, citing *Bechtel,* 886 F.2d at 652.

Applying the law to the facts in the case before the Court, Plaintiff's second Amended Complaint naming Defendant Resort Realty Group in place of Re/Max Realty Group did not violate the statute of limitations as the amendment relates back to the timely filed first Amended

9

Complaint filed on June 16, 2006. The claims asserted in Plaintiff's second Amended Complaint arose out of the same conduct, transaction or occurrence as set forth in both the original Complaint and the first Amended Complaint. Accordingly, the first condition of Rule 15(c) is met.    The second and third conditions of Rule 15(c)(3), were also met within the 120 days of filing of the first Amended Complaint. Therefore, the question is whether, within the 120 days from filing the Amended Complaint, Defendant was put on such notice of this action that it will not be prejudiced and should have know that it was a proper defendant but for a mistake of identity.    With regard to the notice requirement, since Plaintiff filed her first Amended Complaint within the applicable statute of limitations period on June 16, 2006, the effective 120 day notice period expired on October 14, 2006. As outlined in Plaintiff's Argument I above, Defendant Re/Max had adequate notice of the action within the 120 days from filing the first Amended Complaint. Pursuant to the "shared attorney" method of imputing notice, it is clear that Defendant Resort Realty Group had notice of the action by virtue of its shared attorney with Re/Max Realty Group, Robert K. Pearce, Esquire.

Moreover, pursuant to the "identity of interest" method, it appears that the parties are actually the same entity, whereby Re/Max Realty Group is a trade name under which Resort Realty Group, Inc. does business. This relationship was confirmed by Defendant's counsel in his correspondence of November 2, 2006. (A-10).    In fact, Robert Reed, who is now known to be the President of Resort Realty Group as stated in the Affidavit attached to Defendant's Motion, contacted Plaintiff's counsel personally via telephone in or about August 2006 and was aware of the action instituted against Re/Max Realty. At the time Plaintiff filed her initial Complaint and first Amended Complaint, both within the statute of limitations period, Plaintiff had no knowledge that Re/Max Realty was a trade name of Resort Realty Group. However, as soon as Plaintiff became aware of Resort Realty Group's involvement, she sought to amend her Complaint. It is clear from the facts that Defendant Resort Realty had knowledge from the outset that it would have been made a party to the action but for Plaintiff's mistake as to the

Doroshow, Pasquale,
Krawitz & Bhaya
213 E. Dupont Highway
Millsboro, Delaware 19966
302-934-9400

10

correct name of the entity. Thus, knowledge of the mistake concerning the correct name should be imputed to Resort Realty Group through its relationship with Re/Max Realty, through its attorney's representations, and by virtue of its own President having knowledge of the lawsuit as early as August 2006. Furthermore, based upon representations from Defendant's counsel that he represented the interests of Re/Max Realty, Plaintiff had no reason to inquire any further as to whether she had the correct name in her Complaint. In light of these facts, the third requirement for "relation back" has been met. Finally, Defendant Resort Realty has not suffered actual prejudice as a result of Plaintiff's amendment to the Complaint. This argument is addressed more fully herein below.

In light of the above, Plaintiff's second Amended Complaint should relate back to the first Amended Complaint and therefore, service of process upon Defendant Resort Realty has been properly effectuated.

**III. Defendant Resort Realty has not met its burden of showing actual prejudice as a result of Plaintiff's amendment to the Complaint.**

Pursuant to Rule 15(c), Defendant must show that it was unfairly denied opportunity to present facts or evidence which it would have presented had amendment been timely. Furthermore, the prejudice must be actual, not hypothetical. *Bechtel v. Robinson*, 886 F.2d (3d Cir. 1989)(citations omitted). The *Bechtel* court interpreted the factors outlined in *Foman*, supra, to emphasize that "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel*, 886 F.2d. at 652. The non-moving party must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence. *Id.*

Defendant Resort Realty claims it has been prejudiced in that it has been unable to participate fully in the pre-trial procedures underway in this case. Defendant cannot claim to have suffered prejudice from its subsequent addition to this lawsuit when Defendant Re/Max, with whom Resort Realty shares an identity of interest, had reason to know of the litigation as

Doroshow, Pasquale,
Krawitz & Bhaya
213 E. Dupont Highway
Millsboro, Delaware 19966
302-934-9400

11

early as August 2006 by virtue of its attorney's representations and its own President's knowledge of the proceedings. Furthermore, Defendant Resort Realty has not been prejudiced in preparing an adequate defense in this matter, nor has it been denied opportunity to present facts or evidence. The first and only proceeding held in this matter to date has been the pre-trial status conference held on November 13, 2006. Plaintiff's counsel consulted with and provided Defendant's counsel with a copy of the Joint Status Report prior to the conference. In fact, Defendant's counsel participated in the conference and had the opportunity to address any issues or concerns with the Court and opposing counsel. Furthermore, Defendant has had the opportunity to file an Answer, at the same time preserving its defenses, so that it could participate in the exchange of discovery in this matter. Clearly, there has been no actual prejudice to Defendant Resort Realty.

### IV.   Plaintiff's action against Defendant Resort Realty should not be dismissed.

Defendant Re/Max Realty Group had actual notice of the action instituted by Plaintiff within 120 days of the filing of the Amended Complaint. As stated above, Defendant's counsel had confirmed as early as August 2006 that he would accept service of process on behalf of his client, Re/Max Realty Group. In addition, as early as August 2006, the President of Resort Realty Group, Robert Reed, had notice of the action instituted by Plaintiff. Although formal service of process, via sheriff or special process server, did not take place due to a miscommunication between counsel, this technicality should not preclude this Court from finding that Defendant had adequate and actual notice of the litigation. Furthermore, pursuant to the "shared attorney doctrine" and the "identity of interest doctrine," Defendant Resort Realty Group had notice of the action instituted by Plaintiff within the applicable time period. Moreover, Defendant has failed to meet its burden of showing actual prejudice as a result of Plaintiff's amendment to the Complaint. Defendant's actual notice of the litigation, coupled with its ability to participate in all proceedings to date, precludes any finding of prejudice. As such, the action against Defendant Resort Realty Group should not be dismissed.

12

## CONCLUSION

For the foregoing reasons, Plaintiff Sandra Fluck respectfully requests that this Court deny Defendant Resort Realty Group's Motion to Dismiss.


DOROSHOW, PASQUALE,
KRAWITZ & BHAYA

/s/ ANDREA G. GREEN, ESQUIRE
Attorney I.D. No.: 2487
/s/ JENNIFER S. DONAHUE, ESQUIRE
Attorney I.D. No.: 4700
213 East Dupont Highway
Millsboro, DE 19966
(302) 934-9400
Attorneys for Plaintiffs


Dated: March 2, 2007

AO 398 (Delaware Rev. 7/00)

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO: (A) WILLIAM J. MITCHELL

as  (B) MANAGING AGENT  of (C) RE|MAY REALTY GROUP

     A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the District of Delaware and has been assigned docket number _____ .

     This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) 30 days after the date designated below as the date on which this Notice and is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

     If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

     If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

     I affirm that this request is being sent to you on behalf of the plaintiff, this 20 day of
March , 200 6 .

Andrea J Green
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, if any
D—District
E—Docket number of action
F—Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

**A**

AO 399 (Delaware Rev. 7/00)

# WAIVER OF SERVICE OF SUMMONS

TO: DOROSHOW, PASQUALE, KRAWITZ & BHAYA
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, WILLIAM J. MITCHELL , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of FLUCK v. HOENEN & MITCHELL
(CAPTION OF ACTION) et al .

which is case number _____ in the United States District Court
(DOCKET NUMBER)

for the District of Delware.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after or within 90 days after that date if the request was sent outside the United States. (DATE REQUEST WAS SENT) ,

_____            _____
(DATE)                                              (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
(TITLE)                          (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.



**Law Offices**

**DOROSHOW**
**PASQUALE**
**KRAWITZ**
**& BHAYA**

ERIC M. DOROSHOW, DE, PA, DC
ROBERT PASQUALE, DE, PA
ARTHUR M. KRAWITZ, DE, PA
SHAKUNTLA L. BHAYA, DE, PA
MARY C. BOUDART, DE
DONALD E. GREGORY, DE
DEBRA C. ALDRICH, DE, PA
DONALD E. MARSTON, DE
ANDREA G. GREEN, DE, MD
JESSICA LEWIS WELCH, DE

• • • • •

ANGELA PINTO ROSS, DE
KAREN Y. VICKS, DE, NJ, PA
MATTHEW R. FOGG, DE, NJ
CYNTHIA H. PRUITT, DE
NINA PAPPOULIS, DE
TARA A. BLAKELY, DE
JENNIFER S. DONAHUE, DE, NJ
DEBORAH J. GALONSKY, DE, NJ
AIMEE CZACHOROWSKI, DE, PA
JENNIFER M. MENSINGER, DE
TARA E. HAFER, NJ
CHRISTINA L. YEAGER, NJ

———————

1202 Kirkwood Highway
Wilmington, Delaware 19805
(302) 996-0100
Facsimile: (302) 998-9883

1701 Pulaski Highway
Bear, Delaware 19701
(302) 832-3200
Facsimile: (302) 834-8186

911 S. DuPont Highway
P.O. Box 1428
Dover, Delaware 19903
(302) 734-8700
Facsimile: (302) 734-8674

500 W. Loockerman Street
Suite #120
Dover, Delaware 19904
(302) 674-7100
Facsimile: (302) 674-5514

213 E. DuPont Highway
Millsboro, Delaware 19966
(302) 934-9400
Facsimile: (302) 934-8400

903 Lakeview Avenue
Milford, Delaware 19963
(302) 424-7744
Facsimile: (302) 424-1176

*World Wide Web*
www.dplaw.com

April 18, 2006

**PLEASE RESPOND TO:**

**213 E. Dupont Highway**
**Millsboro, DE 19966**

**Writer's Direct E-mail:**
JenniferDonahue@dplaw.com

**Writer's Direct Dial:**
**(302) 934-9400**

United States District Court
District of Delaware
J.Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

RE:    *Fluck v. Bella Vista, et. al.*
       *Case No.06-188*

Dear Clerk:

Enclosed please find an original and one (1) copy each of the Summons in a Civil Case for the following Defendants:

- Bella Vista Townhome Condominium Association;
- Re/Max Realty Group; and,
- William J. Mitchell.

Kindly sign and seal the enclosed Summonses and return them to me in the enclosed envelope so that I may effectuate service of process.

Should you have any questions or concerns, please feel free to contact me.

Very truly yours,

JENNIFER S. DONAHUE
Attorney at Law

JSD/mlk
Enclosures
CC:  Sandra Fluck (w/o encs.)

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

Fluck    v. Bella Vista Development    SUMMONS IN A CIVIL CASE
           LLC, et al.

CASE NUMBER: 1:06 - CV - 188
                        GMS

TO: (Name and address of Defendant)

Re/Max Realty Group
C/o William J. Mitchell
317 Rehoboth Avenue
Rehoboth Beach, DE 19971

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Andrea G. Green, Esquire
213 E. Dupont Hwy
Millsboro DE 19966

an answer to the complaint which is served on you with this summons, within _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

_____                    _____
CLERK                                              DATE

_____
(By) DEPUTY CLERK

# LAW OFFICES OF
## DOROSHOW, PASQUALE, KRAWITZ
## & BHAYA
## 213 EAST DUPONT HIGHWAY
## MILLSBORO, DE 19966
## PHONE: (302) 934-9400
## FAX: (302) 934-8400

---

### FACSIMILE TRANSMITTAL SHEET

TO: KIM RYAN

FROM: JENNIFER DONAHUE

COMPANY: DE ATTY. SERVICES

DATE: 6/23/06

FAX NUMBER: 302-429-0656

TOTAL NO. OF PAGES INCLUDING COVER: 18

PHONE NUMBER:

SENDER'S REFERENCE NUMBER:

RE: FLUCK v. BELLA VISTA

YOUR REFERENCE NUMBER:

☐ URGENT  ☐ FOR REVIEW  ☐ PLEASE COMMENT  ☐ PLEASE REPLY  ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Thank you!

This information contained in this facsimile message is information protected by attorney-client and/or the attorney work product privilege. It is intended only for the use of the individual named above, and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile if not the named recipient or the employee or agent responsible to deliver it to the name recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via the US Postal Service.

If you do not receive all pages, please telephone us immediately at 302-934-9400.

A2

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ Delaware

Fluck    v. Bella Vista Development LLC, et al.                    SUMMONS IN A CIVIL CASE

CASE NUMBER: 1:06 - CV - 188
GMS

TO: (Name and address of Defendant)
Re/Max Realty Group
C/o William J. Mitchell
317 Rehoboth Avenue
Rehoboth Beach, DE 19971

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Andrea G. Green, Esquire
213 E. Dupont Hwy
Millsboro DE 19966

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

PETER T. DALLEO

MAY 0 2 2006

CLERK

(By) DEPUTY CLERK

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER (PRINT) | TITLE | |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant.  Place where served: _____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐  Returned unexecuted: _____

☐  Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____      _____
                      Date                              *Signature of Server*


                                _____
                                *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

LAW OFFICES
**TUNNELL & RAYSOR, P.A.**

HAROLD E. DUKES, JR.
KELLY DUNN GELOF
HEIDI A. BALLIET
MARY ROBIN SCHRIDER-FOX
SUSAN HUESMAN MITCHELL
JOSEPH A. VANSANT
MINDI M. MOORE
CHRISTOPHER M. HUTCHISON
P KRISTEN BENNETT

JAMES F. WAEHLER **
TEMPE BROWNELL STEEN **
JAMES E. DEAKYNE, JR. **
** OF COUNSEL

MAIN OFFICE:

30 EAST PINE STREET
P.O. BOX 151
GEORGETOWN, DELAWARE 19947

PHONE (302) 856-7313
(800) 533-2897
FAX #(302) 856-7329

visit our website at: www.tunnellraysor.com

BETHANY LOCATION:
STARBOARD CENTER, OCEAN HIGHWAY
P.O. BOX 155
BETHANY BEACH, DE 19930
(302) 539-8222
FAX #(302) 539-1089

REHOBOTH LOCATION:
PLAZA FIVE
323E REHOBOTH AVENUE
REHOBOTH BEACH, DE 19971
(302) 227-1314
FAX#(302) 227-5829

LEWES LOCATION:
770 KINGS HIGHWAY
LEWES, DE 19958
(302) 644-4442
FAX#(302) 644-4405

August 28, 2006

**Via Facsimile Transmission (302)934-8400
and U.S. Mail**
Jennifer S. Donahue, Esquire
213 E. Dupont Highway
Millsboro, DE 19966

RE: Fluck v. Bella Vista Development, LLC, et al

Dear Ms. Donahue:

This confirms the substance of our August 25, 2006 telephone conversation on the above matter. I informed you that our firm has been consulted on behalf on Re/Max Realty Group regarding the Motion for Default Judgment mailed to the Re/Max Realty office in Rehoboth. My preliminary investigation has disclosed that it appears Re/Max Realty Group may not have been served initial process in the suit. You agreed to fax me copies of the complaint, the summons for Re/Max Realty Group, and the process server's proof of service on this defendant.

I also informed you that Re/Max Realty Group has notified its liability insurance company State Farm of the lawsuit and has called upon the company for defense and protection. The State Farm claim number is 08R346451, and the telephone number is (410)356-8770.

It is my understanding that, in order to give Re/Max Realty Group an opportunity to engage counsel through its insurance company, you will request that the Court not rule on your motion for default judgment at this time.

Thanking you for your courtesies in this matter and with regards, I am

Very truly yours,

James E. Deakyne, Jr.

JED\jtu

A3

FERRY, JOSEPH & PEARCE, P.A.
ATTORNEYS AT LAW
824 MARKET STREET
SUITE 904
P. O. BOX 1351
WILMINGTON, DELAWARE 19899

(302) 575-1555

DAVID J. FERRY, JR.•
MICHAEL B. JOSEPH +
ROBERT K. PEARCE
THEODORE J. TACCONELLI •
EDWARD F. KAFADER
JOHN D. MATTEY
RICK S. MILLER
JASON C. POWELL
LISA L. COGGINS**
STEVEN G. WEILER++
THOMAS R. RIGGS

(• ALSO PA BAR)
(+ ALSO NJ BAR)
(**ALSO MA AND NY BARS)
(++NJ BAR ONLY)

TELEFAX
(302)575-1714

www.ferryjoseph.com

Arthur F. DiSabatino
(1938-2001)

August 31, 2006

rpearce@ferryjoseph.com

Via Facsimile (302) 934-8400
Jennifer S. Donahue, Esquire
Doroshow, Pasquale, Krawitz & Bhaya
213 E. DuPont Highway
Millsboro, DE 19966

Re:    Fluck v. Re/Max Realty Group

Dear Jennifer:

This will confirm our telephone conversation of August 30, 2006. In short, I advised you that I have been retained by State Farm to represent ReMax Realty Group in this matter. I further advised you that it appears that the service of the complaint upon ReMax was purportedly made by serving William Mitchell and that since Mr. Mitchell is not authorized to accept service for ReMax, I believe that service was not perfected. In any event, the principal of ReMax advises me that he did not received the complaint. You were kind enough to agree to withdraw the motion for default judgment that has been filed against ReMax. Your agreement was conditioned upon a confirmation from me that there are no insurance coverage issues.

It is my understanding that you will file a withdrawal of the motion for default judgment. I advised you that I would accept service on behalf of ReMax. Thereafter, I will file an answer.

Thank you for your cooperation.

Sincerely,

Robert K. Pearce

RKP/mec

cc:    Mr. Robert Reed

A 4

# FERRY, JOSEPH & PEARCE, P.A.

ATTORNEYS AT LAW
824 MARKET STREET
SUITE 904
P. O. BOX 1351
WILMINGTON, DELAWARE 19899
———
(302) 575-1555
FAX (302) 575-1714

DAVID J. FERRY, JR.*
MICHAEL B. JOSEPH +
ROBERT K. PEARCE
THEODORE J. TACCONELLI *
EDWARD F. KAFADER
JOHN D. MATTEY
RICK S. MILLER
JASON C. POWELL
LISA L. COGGINS **
STEVEN G. WEILER ++
THOMAS R. RIGGS

( * ALSO PA BAR)
( + ALSO NJ BAR)
( * * ALSO FL, MA AND NY BARS)
( + + NJ BAR ONLY)

www.ferryjoseph.com

THOMAS HERLIHY, III
OF COUNSEL
———
ARTHUR F. DISABATINO
(1962-2001)

September 5, 2006

Jennifer S. Donahue, Esquire
Doroshow, Pasquale, Krawitz & Bhaya
213 E. DuPont Highway
Millsboro, DE 19966

Re:    **Fluck v. Re/Max Realty Group**

Dear Jennifer:

I have received a copy of the amended complaint. Please provide me with any other pleadings that you have filed in this matter.

I assume that a Rule 26(f) conference to plan for discovery has not yet been held. I will be available for such a conference as soon as I am served with the complaint. I request that you take the lead in scheduling a telephone conference among the attorneys.

Sincerely,

Robert K. Pearce

RKP/mec

cc:    Stephen P. Casarino, Esquire
        Charles P. Coates, III, Esquire

P. S.    I have enclosed a medical records authorization and an employment records authorization which I request that you have signed by your client and returned to me. Please provide me with the names and addresses of all medical care providers who treated your client following the accident and in the ten years prior to the accident. In addition, please provide me with the names and addresses of your client's employers for the last ten years.

A 5

**Law Offices**

**DOROSHOW
PASQUALE
KRAWITZ
& BHAYA**

September 12, 2006

ERIC M. DOROSHOW, DE, PA, DC
ROBERT PASQUALE, DE, PA
ARTHUR M. KRAWITZ, DE, PA
SHAKUNTLA L. BHAYA, DE, PA
MARY C. BOUDART, DE
DONALD E. GREGORY, DE
DEBRA C. ALDRICH, DE, PA
DONALD E. MARSTON, DE
ANDREA G. GREEN, DE, MD
JESSICA LEWIS WELCH, DE

* * * * *

ANGELA PINTO ROSS, DE
KAREN Y. VICKS, DE, NJ, PA
MATTHEW R. FOGG, DE, NJ
CYNTHIA H. PRUITT, DE
NINA PAPPOULIS, DE
TARA A. BLAKELY, DE
JENNIFER S. DONAHUE, DE, NJ
DEBORAH J. GALONSKY, DE, NJ
JENNIFER M. MENSINGER, DE
TARA E. BUSTARD, NJ, PA
CHRISTINA L. YEAGER, NJ
NICOLE M. EVANS, DE

_____

1202 Kirkwood Highway
Wilmington, Delaware 19805
(302) 998-0100
Facsimile: (302) 998-0883

1701 Pulaski Highway
Bear, Delaware 19701
(302) 832-3200
Facsimile: (302) 834-8186

911 S. DuPont Highway
P.O. Box 1428
Dover, Delaware 19903
(302) 734-8700
Facsimile: (302) 734-8674

500 W. Loockerman Street
Suite #120
Dover, Delaware 19904
(302) 674-7100
Facsimile: (302) 674-5514

213 E. DuPont Highway
Millsboro, Delaware 19966
(302) 934-9400
Facsimile: (302) 934-8400

903 Lakeview Avenue
Milford, Delaware 19963
(302) 424-7744
Facsimile: (302) 424-1176

*World Wide Web*
www.dplaw.com

**PLEASE RESPOND TO:**

213 E. Dupont Highway
Millsboro, DE 19966

**Writer's Direct E-mail:**
JenniferDonahue@dplaw.com

**Writer's Direct Dial:**
(302) 934-9400

Robert K. Pearce, Esq.
Ferry, Joseph & Pearce, P.A.
824 North Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

RE:     *Fluck v. Bella Vista, et. al.*
        *Case No. 06-188*

Dear Bob:

I am in receipt of your letter dated September 5, 2006 regarding the above-referenced matter. Kindly confirm that you will be accepting service of the Amended Complaint on behalf of ReMax Realty Group.

Per your request, please be advised that my client's family physicians in the ten (10) years prior to the accident are as follows:

- Dr. Deborah Bren, 1365 Blue Mountain Drive, Danielsville, PA 18038
- Dr. Melinda Toney, 623 W. Union Boulevard, Bethlehem, PA 18015

My client has received treatment for injuries sustained in the accident from the following medical providers:

- Dr. Patrick Brogle, 800 Ostrum Street, Suite 202, Bethlehem, PA 18015
- Beebe Medical Center, 424 Savannah Road, Lewes, DE 19958
- St. Luke's North Rehabilitation Services, 153 Brodhead Road, Bethlehem, PA 18015
- Lehigh Valley Acupuncture Center, 101 Bridge Street, Catasauqua, PA 18032

A 6

Robert K. Pearce, Esq.
9/12/2006
Page 2

- Dr. Steele of First State Orthopaedics Medical Arts Pavilion, Suite 228 4745 Ogletown-Stanton Rd., Newark, DE 19713-1338

Finally, my client has been employed with Moravian College, 1200 Main Street, Bethlehem, PA 18018 during the last ten (10) years to the present.

Thank you for your attention to this matter. Should you have any questions, please do not hesitate to contact me.

Very truly yours,

JENNIFER S. DONAHUE
Attorney at Law

JSD/mlk
cc: Sandra Fluck

SEP. 15. 2006 4:29PM FRRY JOSEPH& PEARCE NO. 481 P. 1
YOU H. FFRRY JOSEPH& PEARCE MESSAGE IS PRIVILEGED AND CON
US BY TELEPHONE (THAN- UNICATION IN ERROR PLEASE IMMEDIATELY NOTIFY

Case 1:06-cv-00168-GMS    Document 61-2    Filed 05/02/2007    Page 1 of 1

FERRY, JOSEPH & PEARCE, P.A.
ATTORNEYS AT LAW
824 MARKET STREET
SUITE 904
P. O, BOX 1351
WILMINGTON, DELAWARE 19899

(302) 575-1555

DAVID J. FERRY, JR.*
MICHAEL B. JOSEPH +
ROBERT K. PEARCE
THEODORE J. TACCONELLI •
EDWARD F. KAFADER
JOHN D. MATTEY
RICK S. MILLER
JASON C. POWELL
LISA L. COGGINS**
STEVEN G. WEILER++
THOMAS R. RIGGS

(* ALSO PA BAR)
(+ ALSO NJ BAR)
(** ALSO MA AND NY BARS)
(++NJ BAR ONLY)

TELEFAX
(302)575-1714

www.ferryjoseph.com

Arthur F. DiSabatino
(1938-2001)

September 15, 2006                    rpearce@ferryjoseph.com

Via Facsimile (302) 934-8400
Jennifer S. Donahue, Esquire
Doroshow, Pasquale, Krawitz & Bhaya
213 E. DuPont Highway
Millsboro, DE 19966

Re:    Fluck v. Re/Max Realty Group

Dear Jennifer:

Thank you for your letter of September 12, 2006. This will confirm that I will accept
service on behalf of Re/Max Realty Group. I look forward to receiving the signed medical
records authorization and the signed employment records authorization.

Sincerely,

Robert K. Pearce

RKP/mec

A 7



**Law Offices**

**DOROSHOW**
**PASQUALE**
**KRAWITZ**
**& BHAYA**
*EST. 1978*

ERIC M. DOROSHOW, DE, PA, DC
ROBERT PASQUALE, DE, PA
ARTHUR M. KRAWITZ, DE, PA
SHAKUNTLA L. BHAYA, DE, PA
MARY C. BOUDART, DE
DONALD E. GREGORY, DE
DEBRA C. ALDRICH, DE, PA
DONALD E. MARSTON, DE
ANDREA G. GREEN, DE, MD
JESSICA LEWIS WELCH, DE

* * * * *

ANGELA PINTO ROSS, DE
KAREN Y. VICKS, DE, NJ, PA
MATTHEW R. FOGG, DE, NJ
CYNTHIA H. PRUITT, DE
NINA PAPPOULIS, DE
TARA A. BLAKELY, DE
JENNIFER S. DONAHUE, DE, NJ
DEBORAH J. GALONSKY, DE, NJ
JENNIFER M. MENSINGER, DE
TARA E. BUSTARD, NJ, PA
CHRISTINA L. YEAGER, NJ
NICOLE M. EVANS, DE

_____

1202 Kirkwood Highway
Wilmington, Delaware 19805
(302) 998-0100
Facsimile: (302) 998-9883

1701 Pulaski Highway
Bear, Delaware 19701
(302) 832-3200
Facsimile: (302) 834-8186

911 S. DuPont Highway
P.O. Box 1428
Dover, Delaware 19903
(302) 734-8700
Facsimile: (302) 734-0674

500 W. Loockerman Street
Suite #120
Dover, Delaware 19904
(302) 674-7100
Facsimile: (302) 674-5514

213 E. DuPont Highway
Millsboro, Delaware 19966
(302) 934-9400
Facsimile: (302) 934-8400

903 Lakeview Avenue
Milford, Delaware 19963
(302) 424-7744
Facsimile: (302) 424-1176

*World Wide Web*
www.dplaw.com

October 12, 2006

PLEASE RESPOND TO:

213 E. Dupont Highway
Millsboro, DE 19966

Writer's Direct E-mail:
JenniferDonahue@dplaw.com

Writer's Direct Dial:
(302) 934-9400

Roger A. Akin, Esq.
1220 N. Market Street Suite 300
P.O. Box 25047
Wilmington, DE 19899

RE:  *Fluck v. Bella Vista, et. al.*
     *Docket No. 1:06-CV-188 GMS*

Dear Mr. Akin:

Kindly advise me when you will be filing an Answer on behalf your clients regarding the above-referenced matter.

I look forward to hearing from you.

Very truly yours,

JENNIFER S. DONAHUE
Attorney at Law

JSD/mlk
Enclosures
cc: Sandra Fluck (w/o enc.)

A 8



**Law Offices**
**DOROSHOW**
**PASQUALE**
**KRAWITZ**
**& BHAYA**

ERIC M. DOROSHOW, DE, PA, DC
ROBERT PASQUALE, DE, PA
ARTHUR M. KRAWITZ, DE, PA
SHAKUNTLA L. BHAYA, DE, PA
MARY C. BOUDART, DE
DONALD E. GREGORY, DE
DEBRA C. ALDRICH, DE, PA
DONALD E. MARSTON, DE
ANDREA G. GREEN, DE, MD
JESSICA LEWIS WELCH, DE

\* \* \* \* \*

ANGELA PINTO ROSS, DE
KAREN Y. VICKS, DE, NJ, PA
MATTHEW R. FOGG, DE, NJ
CYNTHIA H. PRUITT, DE
NINA PAPPOULIS, DE
TARA A. BLAKELY, DE
JENNIFER S. DONAHUE, DE, NJ
DEBORAH J. GALONSKY, DE, NJ
JENNIFER M. MENSINGER, DE
TARA E. BUSTARD, NJ, PA
CHRISTINA L. YEAGER, NJ
NICOLE M. EVANS, DE

1202 Kirkwood Highway
Wilmington, Delaware 19805
(302) 998-0100
Facsimile: (302) 998-9883

1701 Pulaski Highway
Bear, Delaware 19701
(302) 832-3200
Facsimile: (302) 834-8186

911 S. DuPont Highway
P.O. Box 1428
Dover, Delaware 19903
(302) 734-8700
Facsimile: (302) 734-8674

500 W. Loockerman Street
Suite #120
Dover, Delaware 19904
(302) 674-7100
Facsimile: (302) 674-5514

213 E. DuPont Highway
Millsboro, Delaware 19966
(302) 934-9400
Facsimile: (302) 934-8400

903 Lakeview Avenue
Milford, Delaware 19963
(302) 424-7744
Facsimile: (302) 424-1176

*World Wide Web*
*www.dplaw.com*

October 20, 2006

PLEASE RESPOND TO:

213 E. Dupont Highway
Millsboro, DE 19966

Writer's Direct E-mail:
JenniferDonahue@dplaw.com

Writer's Direct Dial:
(302) 934-9400

Robert K. Pearce, Esq.
Ferry, Joseph & Pearce, P.A.
824 North Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

RE: *Fluck v. Bella Vista, et. al.*
    *Case No.06-188*

Dear Bob:

Pursuant to my telephone conversation with Mel of your office, enclosed please find a copy of Plaintiff's Amended Complaint regarding the above-referenced matter.

This confirms that you will accept service of process on behalf of your client, ReMax Realty.

Very truly yours,

JENNIFER S. DONAHUE
Attorney at Law

JSD/mlk
Enclosure
cc: Sandra Fluck (w/o enc.)

A 9

# FERRY, JOSEPH & PEARCE, P.A.

### ATTORNEYS AT LAW
### 824 MARKET STREET
### SUITE 904
### P. O. BOX 1351
### WILMINGTON, DELAWARE 19899

### (302) 575-1555

DAVID J. FERRY, JR.*
MICHAEL B. JOSEPH +
ROBERT K. PEARCE
THEODORE J. TACCONELLI *
EDWARD F. KAFADER
JOHN D. MATTEY
RICK S. MILLER
JASON C. POWELL
LISA L. COGGINS**
STEVEN G. WEILER++
THOMAS R. RIGGS

(* ALSO PA BAR)
(+ ALSO NJ BAR)
(**ALSO MA AND NY BARS)
(++NJ BAR ONLY)

**TELEFAX**
(302)575-1714

www.ferryjoseph.com

Arthur F. DiSabatino
(1938-2001)

October 23, 2006

rpearce@ferryjoseph.com

Via Facsimile (302) 934-8400
Jennifer S. Donahue, Esquire
Doroshow, Pasquale, Krawitz & Bhaya
213 E. DuPont Highway
Millsboro, DE 19966

          Re:    **Fluck v. Re/Max Realty Group**

Dear Jennifer:

          I have received your letter of October 12, 2006.  Pursuant to our telephone conversation, which was memorialized in my letter of August 31, 2006, I had agreed to accept service of the complaint for Remax and stated that I would file an Answer once I had been served with the complaint.  As of this date, I have not been served with the complaint, and therefore, I have not filed an answer.  I reiterate that I will file an answer as soon as I am properly served with the complaint.

          Please contact me if you have any questions.

                                        Sincerely,

                                        Bob Pearce

                                        Robert K. Pearce

RKP/mec

A 10

NOV. 2. 2006 6:00PM FERRY JOSEPH& PEARCE                                     NO. 712 FIDEP. 1/1
Case 1:06-cv-00706-GMS Document 35 Filed 02/26/07 Page 17 of 23
IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE
IMMEDIATELY NOTIFY US BY TELEPHONE. THANK YOU
THIS MESSAGE IS PRIVILEGED AND

FERRY, JOSEPH & PEARCE, P.A.
ATTORNEYS AT LAW
824 MARKET STREET
SUITE 904
P. O. BOX 1351
WILMINGTON, DELAWARE 19899

(302) 575-1555

DAVID J. FERRY, JR.*
MICHAEL B. JOSEPH +
ROBERT K. PEARCE
THEODORE J. TACCONELLI *
EDWARD F. KAFADER
JOHN D. MATTEY
RICK S. MILLER
JASON C. POWELL
LISA L. COGGINS**
STEVEN G. WEILER++
THOMAS R. RIGGS

(* ALSO PA BAR)
(+ ALSO NJ BAR)
(**ALSO MA AND NY BARS)
(++NJ BAR ONLY)

TELEFAX
(302)575-1714

www.ferryjoseph.com

Arthur F. DiSabatino
(1938-2001)

November 2, 2006

rpearce@ferryjoseph.com

Via Facsimile (302) 934-8400
Jennifer S. Donahue, Esquire
Doroshow, Pasquale, Krawitz & Bhaya
213 E. DuPont Highway
Millsboro, DE 19966

Re:    Fluck v. Re/Max Realty Group

Dear Jennifer:

Following our last telephone conversation, I reviewed the docket entries and the amended complaint. It appears that you have not sued the correct party. The named defendant, Re/Max Realty Group, is not a legal entity. Rather, it is a trade name under which Resort Realty Group, Inc. does business. Under these circumstances, I think that I have no alternative but to insist that, as stated in my original letter, the amended complaint must be formally served. I reiterate that I have authority from my client to accept service on its behalf. I will leave it up to you to determine whether or not to amend the complaint to add to the correct defendant, but I reiterate that the amended complaint in its current form does not name a legal entity.

Please contact me if you have any questions.

Sincerely,

Robert K. Pearce

RKP/mec

cc:    Mr. Robert Reed

A 11

# AFFIDAVIT OF PROCESS SERVER

United States District Court

Sandra Fluck
Plaintiff(s)

v

Bella Vista, et al.
Defendant(s)

Case No: 06-188 GMS

I declare that I am a citizen of the United States, over the age of eighteen and not a party to this action. And that within the boundaries of the state where service was effected, I was authorized to perform said service.

**Service:** I served Resort Realty Group Inc.

with the (the documents): Summons and Complaint

Person Served: Ms. Grenda

Service Address: 824 N. Market Street, Suite 904, Wilmington, DE 19801

Date of Service: 1/31/2007                    Time of Service: 1:18 p.m.

**Manner of Service:** ( ) By personally delivering copies to the person/authorized agent of entity being served.
(X ) By leaving, during office hours, copies at the office of the person/entity being served, leaving same with the person apparently in charge thereof
( ) By leaving copies at the dwelling house or usual place of abode of the person being served, with a member of the household 18 or older and explaining the general nature of the papers.
( ) By posting copies in a conspicuous manner to the address of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

( ) Unknown at address      ( ) Evading                 ( ) Moved, left no forwarding
( ) Address does not exist  ( ) Service canceled by Litigant  ( ) Unable to serve in a timely fashion
( ) Other

**Service Attempts:** Service was attempted on _____ at _____, _____ at _____,
_____ at _____, _____ at _____, _____ at _____, _____ at _____,

**Description:** Age: 35   Sex: F   Race: W   Hgt: 5'5''   Wgt: 135   Hair: B   Glasses: No

I declare under penalty of perjury that the information contained herein is true and correct and this affidavit was executed on:

February 1, 2007    at    Wilmington,    Delaware
Date                       City           State

Harry Cederholm, Process Server

State of Delaware
County of New Castle

Subscribed and sworn before me, a Notary Public of the State of Delaware on February 1, 2007

Witness My Hand and Official Seal To _____

Kimberly J. Ryan, My Commission Expires 6/15/08
Notary Public, State of Delaware

KIMBERLY J. RYAN
NOTARY PUBLIC-DELAWARE
My Commission Expires June 15, 2008

A 12

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

Sandra Fluck

v.

**SUMMONS IN A CIVIL CASE**

Bella Vista et al.

CASE NUMBER: 06 - 188  GMS

TO: (Name and address of Defendant) Resort Realty Group Inc.
C/o Robert Pearce, ESQ.
824 N. Market St., Suite 904
PO Box 1351
Wilmington DE 19899

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Jennifer S. Donahue, ESQ.
Andrea G. Green, ESQ.
213 E. Dupont Hwy.
Millsboro DE 19966

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

PETER T. DALLEO

JAN 2 6 2007

CLERK

(By) DEPUTY CLERK

DATE

# Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1995 WL 704781 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

Page 1

**H**
Briefs and Other Related Documents
Ayers v. Jacobs & Crumplar, P.A.D.Del.,1995.Only
the Westlaw citation is currently available.
United States District Court, D. Delaware.
Caroline P. AYRES, Plaintiff,
v.
JACOBS & CRUMPLAR, P.A., Robert Jacobs,
Thomas C. Crumplar, and Douglas B. Canfield,
Defendants.
**Civ. A. No. 94-658-SLR.**

Nov. 20, 1995.

Caroline P. Ayres, plaintiff, pro se.    Of counsel:
Clifford A. Boardman, Philadelphia, Pennsylvania.
Thomas S. Neuberger, Thomas S. Neuberger, P.A.,
Wilmington, Delaware; attorney for defendants.

MEMORANDUM OPINION
SUE L. ROBINSON, District Judge.

## I. INTRODUCTION

**\*1** Plaintiff Caroline Ayres, an attorney, has brought
this suit against her former employer, Jacobs &
Crumplar, and three individual partners, Thomas
Crumplar, Robert Jacobs, and Douglas Canfield.
She claims that defendants discriminated against her
on the basis of race and sex, sexually harassed her,
breached implied employment contracts with her,
defrauded her, defamed her, and finally fired her
wrongfully and in retaliation for her opposition to
defendants' treatment of her.

**\*1** Defendants have moved for dismissal pursuant to
Rules 12(b)(4), 12(b)(5), and 4(m) of the Federal
Rules of Civil Procedure.    For the reasons stated
below, defendants' motion will be granted.

## II. BACKGROUND

**\*1** Plaintiff was employed as an associate by
defendant law firm Jacobs & Crumplar from
December 1988 until August 1993.    After filing a
complaint with the Equal Employment Opportunity

Commission and receiving a Notice of Right to Sue,
plaintiff filed this suit *pro se* on December 7,
1994.[FN1]    (D.I. 1) At that time plaintiff received a
copy of Rule 4 of the Federal Rules of Civil
Procedure and signed an acknowledgement stating
that she understood her responsibility to serve
process according to that rule.    The court's docket
reflects the fact that no summons issued on the day
the case was filed.

**\*1** On December 29, 1994, plaintiff engaged a runner
from TriState Courier and Carriage to serve the
complaints and unsigned summonses on defendants
at the office of Jacobs & Crumplar.    (D.I. 3-9) The
process server left the summons and complaint for
each defendant with Donna Dobbs, the office
manager at Jacobs & Crumplar.    (D.I. 3-9) Plaintiff
returned to the clerk's office on January 3, 1995 to
file the summonses and proofs of service.    (D.I. 75 at
2) At that time, the clerk pointed out to plaintiff that
the summons had not been signed.    (D.I. 75 at 2) The
documents were accepted for docketing as required
by the Local Rules of Civil Practice and Procedure.
D.Del.L.R. 5.1.2.

**\*1** Defendants filed an answer on January 18, 1995.
(D.I. 12) They appended to their answer a motion to
dismiss based in part on Rule 12(b)(4) and (5) of the
Federal Rules of Civil Procedure.    The court denied
this motion because defendants had failed to file a
supporting brief as required by Local Rule 7.1.2.
(D.I.19) The Rule 16 Scheduling Order required all
dispositive motions to be filed, along with the
required briefs, on or before September 12, 1995.
(D.I. 14 at ¶ 6) The parties then embarked upon a
muddled and acrimonious discovery process.    On
July 31, 1995, well before the deadline for dispositive
motions set by the court, defendants moved again to
dismiss, this time filing a brief in accordance with the
local rules. (D.I. 66, 67) On September 19, 1995, the
court granted a stay of discovery pending decision on
this motion. (D.I. 82)

## III. DISCUSSION

**\*1** Defendants have based their motion to dismiss on
two related but distinct grounds.    First, they claim a

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1995 WL 704781 (D.Del.)
(Cite as: Not Reported in F.Supp.)

deficiency in process due to plaintiff's failure to obtain the court clerk's signature on the summons. Second, defendants maintain that Donna Dobbs, the office manager at Jacobs & Crumplar, had no authority to accept service on behalf of the professional association or the individual defendants.

**\*2** In response, plaintiff argues that the "technical niceties of service of process" should be overlooked, or alternatively, that she should have another opportunity to serve process. Specifically, plaintiff claims that 1) the defect in the summons should be excused because the clerk accepted it for docketing; 2) service was proper because the office manager had apparent authority to accept it; and 3) defendants have waived any objections to the errors by not protesting them vigorously and continuously throughout the litigation process. Plaintiff does, however, acknowledge that defendants raised these issues in their responsive pleading.

### A. Standard for Dismissal Under FRCP 4(m)

**\*2** Rule 4(m) of the Federal Rules of Civil Procedure provides:
**\*2** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court ... shall dismiss the action without prejudice ... or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

**\*2** Good cause for extending the time limit for service can be found only in a fairly narrow range of circumstances. As the Third Circuit has noted, the legislative history of the time extension clause reveals only one specific circumstance in which an extension would be proper: where the defendant has engaged in intentional evasion. _Lovelace v. Acme Markets, Inc., 820 F.2d 81, 84 (3d Cir.), cert. denied, 484 U.S. 965 (1987), citing_ 128 Cong.Rec. H9848, 9852 n. 25 (daily ed. Dec. 15, 1982). The court held a dismissal in the absence of good cause appropriate even where it deprived the plaintiff of his day in court:
**\*2** "Half-hearted" efforts by counsel to effect service of process prior to the deadline do not necessarily excuse a delay, even when dismissal results in the plaintiff's case being time-barred due to the fact that the statute of limitations on the plaintiff's cause of action has run. Furthermore, when a delay is the

result of inadvertence of counsel, it need not be excused.

**\*2** _Id._ (citations omitted). _Accord Braxton v. Dep't of Health & Human Services,_ 817 F.2d 238 (3d Cir.1987).

### B. Improper Service

**\*2** Rule 4(e) of the Federal Rules of Civil Procedure provides that a competent adult individual within the United States may be served in person, or by leaving the summons and complaint with a competent adult at the individual's home, or by delivering the summons and complaint to "an agent authorized by appointment or by law to receive **service** of **process.**"

**\*2** Rule 4(h) permits corporations and associations to be served by delivery of the complaint and summons to "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive **service** of **process**"

**\*2** As plaintiff has pointed out, the rules concerning **service** of **process** exist to provide **notice.** _Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.,_ 988 F.2d 476, 486 (3d Cir.1993). That purpose is of primary importance and once it has been met, the rules can be construed somewhat liberally. However, "[a]lthough notice underpins Federal Rule of Civil Procedure 4 concerning service, notice cannot by itself validate an otherwise defective service." _Id._ at 492. _Accord United States v. Mollenhauer Labs, Inc.,_ 267 F.2d 260, 262 (7th Cir.1959) (a liberal construction of the rules "cannot be used as a substitute for the plain legal requirement as to the manner in which **service** of **process** may be had.").

**\*3** In certain instances, good faith reliance on the apparent authority of an individual to accept service on behalf of a business has been found sufficient. _Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.,_ 840 F.2d 685 (9th Cir.1988); _Mazuren Int'l Co., Ltd. v. Bridgeport Merchandise, Inc.,_ 770 F.Supp. 155 (S.D.N.Y.1991). The inquiry in such a case should focus on whether the individual's role in the organization made service on her "fair, reasonable, and just." _Direct Mail_ at 688, _quoting Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa,_ 428 F.Supp. 1237, 1251 (S.D.N.Y.1977).

**\*3** Defendants have submitted an affidavit asserting

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1995 WL 704781 (D.Del.)
(Cite as: Not Reported in F.Supp.)

Page 3

that the office manager is not authorized by appointment to receive service on behalf of the professional association or of the individual partners. Plaintiff does not dispute this claim, but argues instead that she relied reasonably on the apparent authority of the office manager to accept service. Had plaintiff been a stranger to the firm of Jacobs & Crumplar, service on the office manager might well have been "fair, reasonable, and just." In this case, however, it is less appropriate for plaintiff to argue good faith reliance on the office manager's apparent authority to accept service. As plaintiff herself has stated in her affidavit, she is familiar with the duties of the office manager at Jacobs & Crumplar.[FN2] Therefore, she could have been expected to know that the office manager did not have actual authority to accept service on behalf of the partnership. Following the same reasoning, it is even less reasonable for plaintiff to assert that the office manager had apparent authority to accept service for defendants Jacobs, Crumplar, and Canfield individually.

## C. Insufficient Process

**\*3** Ordinarily, a defect in the form of a summons should not lead to dismissal unless it causes prejudice to the defendant or demonstrates a flagrant disregard for the rules. *See, e.g., Sanderford v. Prudential Ins. Co., 902 F.2d 897, 900 (11th Cir.1990)* (omission of return date for responsive pleading not fatal); *Crane v. Battelle, 127 F.R.D. 174, 177 (S.D.Cal.1989)* (reversal of defendant's first and last names did not prejudice defendant; dismissal not proper). In such cases, the proper remedy is to allow the plaintiff to amend the summons as provided in *Rule 4(a)*. *Newman v. Prior, 518 F.2d 97, 99 (4th Cir.1975), overruled on other grounds by Newcome v. Esrey, 862 F.2d 1099 (4th Cir.1988); 4 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1088 (2d ed. 1986 & Supp.1995).*

**\*3** The omission of the seal of the court and signature of the clerk, however, are more serious defects. *Aim Telephones, Inc. v. AG Communications, 1988 WL 133444 (D.N.J. Dec. 12, 1988); Gianna Enterprises v. Miss World (Jersey) Ltd., 551 F.Supp. 1348, 1358 (S.D.N.Y.1982).* A litigant has no authority of her own to issue a summons. The court's seal and clerk's signature give the document its legal effect. In the absence of such assurances of authenticity, the defendant has no way of knowing that the court, rather than a plaintiff or attorney, has issued the summons. *Aim Telephones* at *2. The signature and

seal are of such importance that service of an unsigned and unsealed summons is a strong indication of the sort of flagrant disregard for the rules that would justify dismissal. *Id.; Gianna Enterprises* at 1358.

**\*4** Plaintiff claims that the court should overlook her failure to obtain the clerk's signature on the summons because the clerk accepted the summons for docketing after noticing that it had not been signed. Her good faith reliance on that acceptance, she argues, indicates that she did not flagrantly disregard the rules.

**\*4** *Rule 4(a)* of the Federal Rules of Civil Procedure clearly requires that the summons be signed by the clerk and bear the seal of the court. Local Rule 5.1.2. requires the clerk to accept for docketing even those papers that do not conform to the proper format, and Local Rule 4.1(a) states that "[f]ailure to provide a form of summons shall not be a basis to reject the pleading for filing." The Rules of Professional Conduct and the law of common sense both indicate that court clerks are not qualified to give legal advice, nor would it be reasonable for a licensed attorney to rely on a clerk's performance of a purely ministerial duty as an indication that a clear rule could be overlooked.

**\*4** Plaintiff is a member of the Delaware bar and is also licensed to practice before this court. (D.I. 75 at Appendix ¶ 1) As such, she is presumed to understand the Federal Rules of Civil Procedure, Delaware's Rules of Professional Conduct, and the local court rules. In addition, plaintiff signed an acknowledgement on December 7, 1994 which stated, "I hereby acknowledge receipt of a copy of *Rule 4 of the Federal Rules of Civil Procedure* and understand that it is my responsibility to make service of process in accordance with the said rule." (emphasis added). Lack of knowledge of the rules does not constitute good cause under *Rule 4(m)* even for non-attorney *pro se* plaintiffs. *Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir.1988); Ousts v. Cummins, 825 F.2d 1276, 1278 (8th Cir.1987).* The court concludes, therefore, that plaintiff has not demonstrated good cause for her failure to comply with *Rule 4*. The court also finds that plaintiff has exhibited flagrant disregard for the rules.[FN3]

## D. Waiver

**\*4** Plaintiff contends that defendants have waived their defenses based on improper service by engaging

Not Reported in F.Supp.
Not Reported in F.Supp., 1995 WL 704781 (D.Del.)
(Cite as: Not Reported in F.Supp.)

Page 4

in extensive discovery, attending scheduling conferences and depositions, and otherwise litigating the case while "say[ing] little to nothing" about plaintiff's error. She perceives defendants' motion as an attempt to "sandbag" her and to "trick the court into dismissing [the] action."

**\*4** A defense based on improper service can be waived if the defendant fails to raise it either in a responsive pleading or in a pre-answer motion. Fed.R.Civ.P. 12(h). However, each of the long string of cases plaintiff cites in support of her "ambush" theory can be distinguished from the present case. In the cases cited, the defendants either failed to raise the issue in their responsive pleadings or waited too long to file a motion to dismiss on that basis. *See e.g., Norling v. Valley Contracting and Pre-Mix,* 773 F.Supp. 186 (D.N.D.1991) (defense not raised in answer); *Federal Home Loan Mortgage v. Dutch Lane Assoc.,* 775 F.Supp. 133 (S.D.N.Y.1991) (defendants' pre-answer motion did not include failure of service defense). Here, defendants raised the issue in a clear and timely manner in their answer and filed their motion to dismiss within the time limits set by the court.

**\*5** Plaintiff acknowledges that defendants did in fact raise the **process** and **service** issues in their answer, but complains that defendants' assertion of improper **process** and inadequate **service** was "buried" among fifty-five "boilerplate" defenses. The court had no trouble locating the assertions in question, nor would anyone who had taken the time to read the answer. In addition, defendants' accompanying motion to dismiss on these grounds, despite the lack of a brief to accompany it, should have put plaintiff squarely on **notice** that the summons was improperly issued and improperly served.[FN4] Although defendants could have gone further in protesting plaintiff's errors in service, they were under no obligation to do so. Having received actual **notice** of the defects, plaintiff had the rest of the 120 day period to correct them. She chose not to do so. Consequently, the court concludes that defendants have not waived their **service** and **process** defenses.

## IV. CONCLUSION

**\*5** One hundred and twenty days is a generous amount of time, certainly enough for plaintiff to have corrected her errors had she chosen to do so. Plaintiff has provided no excuse for her failure to comply with the rule, other than the fact that she simply did not think the "technical niceties" of

service of process important. Such disregard for the rules is inexcusable. Under these circumstances, the court can find no justification for permitting an amendment to the summons or for extending the deadline for service. Dismissal is therefore warranted. An order consistent with this memorandum opinion shall issue.

> FN1. Although plaintiff is still serving as her own local counsel in this case, she is also being represented *pro hac vice* by Mr. Boardman.

> FN2. There is actually some discrepancy as to what plaintiff knows. In her affidavit, plaintiff avers, "I ... knew Donna Dobbs personally and her job duties." (D.I. 75, Appendix A at ¶ 8) Defendants have submitted the affidavit of Ms. Dobbs, who states that she did not begin working as Jacobs & Crumplar's office manager until over a month after plaintiff had left the firm. (D.I. 78, Exhibit A at ¶ 3) Despite this inconsistency, the court will assume that plaintiff had some general knowledge of the duties of an office manager at Jacobs & Crumplar.

> FN3. Significantly, despite the opportunity to do so, plaintiff has failed to correct the deficiencies asserted.

> FN4. The fact that plaintiff actually had **notice** that **service** and **process** were deficient is underscored by a letter in the case file from plaintiff dated February 13, 1995. The letter refers specifically to the portion of defendants' responsive pleading entitled "Motion to Dismiss" and notes that it is only five sentences long. Two of those five short sentences consist of defendants' assertions regarding inadequate service and process.

D.Del.,1995.
Ayers v. Jacobs & Crumplar, P.A.
Not Reported in F.Supp., 1995 WL 704781 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:94CV00658 (Docket) (Dec. 07, 1994)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.