IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SANDRA E. FLUCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C. A. No. 06-188-GMS |
| v. | ) | |
| | ) | |
| BELLA VISTA DEVELOPMENT, LLC, | ) | |
| a Virginia corporation, BELLA VISTA | ) | TRIAL BY A JURY DEMANDED |
| TOWNHOME CONDOMINIUM | ) | |
| ASSOCIATION, INC., a Delaware | ) | |
| Corporation, RESORT REALTY GROUP, | ) | |
| INC., a Delaware corporation, WILLIAM J. | ) | |
| MITCHELL, individually, and WAYNE | ) | |
| MITCHELL, individually, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT RESORT REALTY GROUP, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

FERRY, JOSEPH & PEARCE, P.A.

/s/Robert K. Pearce
ROBERT K. PEARCE, ESQ. (I.D. No. 191)
THOMAS R. RIGGS, ESQ. (I.D. No. 4631)
824 Market Street, Suite 904
Wilmington, DE 19899
(302) 575-1555
rpearce@ferryjoseph.com
Attorneys for Defendant
Resort Realty Group, Inc.

Dated: March 9, 2007

# TABLE OF CONTENTS

                                                                                      Page

TABLE OF AUTHORITIES ............................................... ii

ARGUMENT ............................................................ 1

    1.    Even if Plaintiff's January 17, 2006 second Amended Complaint
         "related back" to prior pleadings, her action against Defendant Resort
         Realty should be dismissed since process was not effectuated properly
         pursuant to Fed.R.Civ.P. 4. ................................... 1

CONCLUSION ......................................................... 5

# TABLE OF AUTHORITIES

**Cases:**

*Hunt v. Department of the Air Force*, 29 F.3d 583 (11th Cir. 1994) ............ *passim*

**Rules:**

Federal Rule of Civil Procedure 4 ................................... *passim*

Federal Rule of Civil Procedure 4(m) ................................... 4

Federal Rule of Civil Procedure 15 ................................... 1,3,5

## ARGUMENT

In Plaintiff's Answering Brief, she argues that Defendant ReMax Realty Group had actual notice of the action within 120 days of the filing of the Amended Complaint as required by Federal Rule of Civil Procedure 4, and that, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, her second Amended Complaint naming Defendant Resort Realty should relate back to the filing of the first Amended Complaint. Thus, Plaintiff argues, her action against Defendant Resort Realty should not be dismissed. As will be discussed herein, Plaintiff's argument misses its mark because she confuses the service requirements set forth in Rule 4 with the notice requirements contained in Rule 15. In short, service and notice are entirely different, and the failure to properly effectuate service is grounds to dismiss an action, even when an amendment properly "relates back" to a prior pleading.

    1.    **Even if Plaintiff's January 17, 2006 second Amended Complaint "related back" to prior pleadings, her action against Defendant Resort Realty should be dismissed since process was not effectuated properly pursuant to Fed.R.Civ.P. 4.**

Undersigned counsel has been unable to find a Third Circuit case directly addressing the issues raised in the case at bar. However, *Hunt v. Department of the Air Force,* 29 F.3d 583 (11th Cir. 1994), cited in Defendant Resort Realty Group's Opening Brief, is on point, and although it is not controlling authority, an analysis of the *Hunt* court's rationale is instructive. In *Hunt*, the Plaintiff brought a Federal Torts Claim Act (FTCA) action on March 12, 1991, incorrectly naming the Department of the Air Force,

1

rather than the United States, as defendant. *Id.* at 584. Significantly, March 12, 1991 was the last day on which the plaintiff could bring such a claim. *Id.* On March 28, 1991, the plaintiff attempted to effectuate service by mailing her Complaint to both the United States Attorney General, and the Chief of the Tort Branch of the United States Air Force. *Id.* at 584. However, pursuant to Fed.R.Civ.P. 4(j), the plaintiff was required to serve the United States Attorney for the Middle District of Florida. *Id.* at 585-86. Thus, the plaintiff's March 28, 1991 service attempts were ineffectual, even though the United States did have notice of the action. On September 12, 1991, 184 days after the filing of the original Complaint, the plaintiff properly effectuated service pursuant to Rule 4 by mailing a copy of the Complaint to United States Attorney for the Middle District of Florida. *Id.* at 586. On December 3, 1991, the plaintiff filed a motion for leave to file an amended complaint to name the correct party. *Id.* On March 6, 1992, the district court dismissed the plaintiff's action for insufficient service, and denied her motion for leave to file the amended complaint. *Id.* The plaintiff appealed the district court's decision to the 11th Circuit Court of Appeals. *Id.* On appeal, the defendant conceded that the plaintiff should have been permitted to amend her complaint, and the appellate court remanded the case back to the district court. *Id.*

On remand, the plaintiff contended that even though the defendant should have been permitted to amend her complaint, the amendment would not change the result since service had not been effectuated within 120 days. *Id.* The plaintiff argued that the issue was whether the service of process requirement of Fed.R.Civ.P. 4 had to be complied

2

with within the original 120 day period in order to allow relation back of the name changing amendment. *Id.* The plaintiff maintained that the plain language of Fed.R.Civ.P. 15(c) permitted relation back even in the face of deficient service under Fed.R.Civ.P. 4. The district court again ruled in the defendant's favor, ruling that service had not been properly effectuated, and that a party must effectuate proper service under Rule 4 in order for relation-back under Rule 15(c) to be proper. The plaintiff again appealed to the 11th Circuit.

The appellate court found the district erred in denying the plaintiff's request for leave to amend her complaint, but ultimately affirmed the district court's dismissal of the action. The appellate court noted that the plaintiff failed to effectuate service within 120 days of filing her original complaint, which was clearly a violation of Fed.R.Civ.P. 4. *Id.* at 587. The court also held that, pursuant to Fed.R.Civ.P. 15, the plaintiff should have been permitted to amend her complaint to name the correct party, since the United States had notice of the action within 120 days of the filing of the original Complaint. However, the appellate court held that the case was properly dismissed, since simply amending a complaint to properly name a party does not relieve a plaintiff from effectuating service within 120 days of filing the original complaint. The appellate court reasoned:

> A plain reading of the contrasting requirements of the rules demonstrates that notice and service of process are entirely different. Although the Attorney General of the United States received notice of the cause of action within the limitations period to allow relation back under Fed.R.Civ.P. 15(c), Fed.R.Civ.P. (4)(j) required dismissal without prejudice because Plaintiff failed to complete the service

3

> upon the United States within 120 days of the filing of the original complaint...[1]

*Id.* at 588. The court noted that dismissal of the case without prejudice was a harsh result, since the limitations period had run, but was required by Eleventh Circuit precedent and the Federal Rules of Civil Procedure.

As in *Hunt*, there is no question that the Plaintiff in the case at bar failed to effectuate service within 120 days of the filing of her original Complaint, as required by Fed.R.Civ.P. 4(m). For that matter, she did not effectuate service within 120 days of filing her first Amended Complaint, either, although, even if she had, she still would not have met the requirement of Fed.R.Civ.P. 4(m), which requires service within 120 days of the filing of the original complaint. *Hunt v. Department of the Air Force*, 29 F.3d at 588. Plaintiff appears to argue that she was not aware that she was required to effectuate formal service, as long as Defendant Resort Realty had notice that an action had been filed within 120 days of its filing. As noted, *supra*, mere notice does not meet the service requirements of Fed.R.Civ.P. 4. Defendant Resort Realty's counsel *never* waived formal service, nor was he requested to waive formal service by Plaintiff's counsel.

---

[1] Defendant Resort Realty acknowledges that since the *Hunt* decision, Fed.R.Civ.P. 4(j) was amended, and Fed.R.Civ.P. 4(m) now grants the Court discretion to extend the time in which service must be effectuated, even in the absence of good cause. However, this amendment does not change the rationale employed by the *Hunt* court in concluding that service was not properly effectuated, it only provides that the court was not *required* to dismiss the plaintiff's case. Defendant Resort Realty concedes that this Court is similarly not required to dismiss the case by Fed.R.Civ.P. 4. However, as set out in its Opening Brief, Defendant Resort Realty respectfully submits that the neglect and carelessness displayed by Plaintiff in the instant case weigh heavily in favor of the Court exercising its discretion in dismissing the action.

Furthermore, Plaintiff's counsel could not have reasonably believed that he had done so, as evidenced by the numerous occasions that Defendant's counsel requested that he be served even after Plaintiff's counsel had mailed him a copy of the Complaint.

Moreover, Plaintiff's argument that her January 17, 2007 amendment "relates back" to the filing of the June 16, 2006 Amended Complaint has no bearing whatsoever on whether the service requirements of Fed.R.Civ.P. were met. As explained in *Hunt*, Rules 4 and 15 of the Federal Rules of Civil Procedure deal with entirely different issues. Whether *notice* was provided to Defendant Resort Realty within 120 days of the filing of the Complaint, such that Rule 15 would permit an amendment to the Complaint, is irrelevant to the question of whether *service* was effectuated within 120 days, as required by Rule 4. In other words, assuming, only for purposes of this motion, that Plaintiff's January 17, 2007 amendment did in fact "relate back" to the June 16, 2006 pleading, Plaintiff's action against Defendant Resort Realty should still be dismissed because service of the Complaint was not effectuated until over ten months had elapsed from the time the Complaint was originally filed.

## CONCLUSION

For the foregoing reasons, Defendant Resort Realty Group, Inc. respectfully requests that the action brought against it by Plaintiff Sandra E. Fluck be dismissed. In Defendant Resort Realty's Opening Brief, it requested that the Court dismiss Plaintiff's action with prejudice since the statute of limitations had run. After further reflection, and a review of the *Hunt* case, Defendant Resort Realty respectfully submits that if the Court

5

dismisses the action, it may be more appropriate to do so without prejudice, with the defendant's statute of limitations defense being addressed if Plaintiff re-files the action. Conversely, if the Court denies the instant motion to dismiss, Defendant Resort Realty respectfully requests that additional briefing be permitted on its statute of limitations defense.

                FERRY, JOSEPH & PEARCE, P.A.

                /s/Robert K. Pearce
                ROBERT K. PEARCE, ESQ. (I.D. No. 191)
                THOMAS R. RIGGS, ESQ. (I.D. No. 4631)
                824 Market Street, Suite 904
                Wilmington, DE 19899
                (302) 575-1555
                rpearce@ferryjoseph.com
                Attorneys for Defendant
                Resort Realty Group, Inc.

Dated: March 9, 2007

## CERTIFICATE OF SERVICE

I, Robert K. Pearce, Esquire do hereby certify that on March 9, 2007 I electronically filed the foregoing *Defendant Resort Realty Group, Inc.'s Reply Brief in Support of its Motion to Dismiss* with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Roger A. Akin, Esq.
1220 N. Market Street
Suite 300
P.O. Box 25047
Wilmington, DE 19899

Stephen Casarino, Esq.
Casarino, Christman & Shalk, P.A.
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899

Charles P. Coates, III, Esq.
Christiana Executive Campus
131 Continental Drive, Suite 407
Newark, DE 19713-4301

Carol Antoff, Esq.
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801

Jennifer S. Donahue, Esq.
Doroshow, Pasquale, Krawitz & Bhaya
213 E. Dupont Highway
Millsboro, DE 19966

/s/Robert K. Pearce
ROBERT K. PEARCE, ESQUIRE
I.D. No. 191

Dated: March 9, 2007