IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SANDRA E. FLUCK, an individual, | ) | C.A. No.: 06-188GMS |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| | ) | |
| v. | ) | |
| | ) | |
| BELLA VISTA DEVELOPMENT, LLC | ) | |
| a Virginia corporation, BELLA VISTA | ) | |
| TOWNHOME CONDOMINIUM | ) | |
| ASSOCIATION, INC., a Delaware | ) | |
| corporation, RESORT REALTY GROUP | ) | |
| INC., a Delaware corporation, | ) | |
| WILLIAM J. MITCHELL, individually, | ) | |
| and WAYNE MITCHELLE, | ) | |
| Individually. | ) | |

**SUMMARY JUDGMENT MOTION OF BELLA VISTA TOWNHOME
CONDOMINIUM ASSOCIATION PER RULES 54 AND 7.1.2(b)**

LAW OFFICE OF CYNTHIA G. BEAM

_/s/ Carol J. Antoff_
**Carol J. Antoff, Esquire (Bar I.D. 3601)**
Christiana Executive Campus
131 Continental Drive, Suite 407
Newark, DE  19713-4301
(302) 292-6660
Attorney for Defendant Bella Vista Townhome Condominium Association, Inc.

Date:  June 20, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SANDRA E. FLUCK, an individual, ) | C.A. No.: 06-188GMS |
| ) | |
| Plaintiff, ) | JURY TRIAL DEMANDED |
| ) | |
| vi. ) | |
| ) | |
| BELLA VISTA DEVELOPMENT, LLC ) | |
| a Virginia corporation, BELLA VISTA ) | |
| TOWNHOUSE CONDOMINIUM ) | |
| ASSOCIATION, INC., a Delaware ) | |
| corporation, RESORT REALTY GROUP ) | |
| INC., a Delaware corporation, ) | |
| WILLIAM J. MITCHELL, individually, ) | |
| and WAYNE MITCHELLE, ) | |
| Individually. ) | |

### SUMMARY JUDGMENT MOTION OF BELLA VISTA TOWNHOME CONDOMINIUM ASSOCIATION PER RULES 54 AND 7.1.2(b)

Now comes the Defendant Bella Vista Townhome Condominium Assocation, Inc. (hereinafter "Condo Association") by and through its attorney, and hereby moves this Honorable Court according to Delaware District Court Local Rule 7.1.2(b) for an order granting it summary judgment and dismissing all claims against it pursuant to Federal Rule of Civil Procedure 54. In support of its motion, Defendant avers the following:

1. This action commenced when Plaintiff filed a Complaint seeking damages for personal injury she allegedly sustained on June 27, 2004. Plaintiff alleges she fell on defective steps as she exited a model in the Bella Vista Development. Relevant portions of Plaintiff's deposition testimony are attached hereto as Exhibit A and made a part hereof.

2. The parties have taken the depositions of Plaintiff and Co-Defendants William Mitchell and Wayne Mitchell.

3. It is uncontested that the Condo Association was not involved in any way with the design, construction or maintenance of the steps on which Plaintiff allegedly fell. Relevant portions of Wayne Mitchell's testimony are attached hereto as Exhibit B.

4. It is uncontested that the Condo Association had no representative present at or responsible for the model for which Plaintiff exited. See Exhibit B.

5. Following the depositions, the record reflected that the Condo Association could not be held liable to Plaintiff.

6. Plaintiff Sandra Fluck, Co-Defendant Bella Vista Development, LLC, Co-Defendant William J. Mitchell, and Co-Defendant Wayne Mitchell have no objection to the Condo Association's Motion for Summary Judgment. In fact, these parties have signed or agreed to sign a Stipulation of Dismissal which dismisses all claims and cross claims against the Condo Association as well as cross claims made by the Condo Association. A copy of the Stipulation signed by Plaintiff's counsel is attached hereto as Exhibit C and made a part hereof.

7. Co-Defendant Resort Realty Group's counsel Robert Pearce was unable to provide his client's position on this Motion or the Stipulation of Dismissal at the time this Motion was filed.

8. The Condo Association has no privity with Co-Defendant Resort Realty Group by which Co-Defendant could expect contribution or indemnification from the Condo Association.

9. None of the remaining claims or defenses of any other party are prejudiced by the dismissal of the Condo Association from this action.

WHEREFORE, Defendant Bella Vista Townhome Condominium Association, Inc. respectfully requests that this Honorable Court grant summary judgment in its favor, dismissing all claims against it.

                                        LAW OFFICE OF CYNTHIA G. BEAM

                                        */s/ Carol J. Antoff*

                                        **Carol J. Antoff, Esquire (Bar I.D. 3601)**
                                        Christiana Executive Campus
                                        131 Continental Drive, Suite 407
                                        Newark, DE  19713-4301
                                        (302) 292-6660
                                        Attorney for Defendant Bella Vista Townhome Condominium Association, Inc.

Date:  June 20, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SANDRA E. FLUCK, an individual, | ) | C.A. No.: 06-188GMS |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| | ) | |
| vii. | ) | |
| | ) | |
| BELLA VISTA DEVELOPMENT, LLC | ) | |
| a Virginia corporation, BELLA VISTA | ) | |
| TOWNHOUSE CONDOMINIUM | ) | |
| ASSOCIATION, INC., a Delaware | ) | |
| corporation, RESORT REALTY GROUP | ) | |
| INC., a Delaware corporation, | ) | |
| WILLIAM J. MITCHELL, individually, | ) | |
| and WAYNE MITCHELLE, | ) | |
| Individually. | ) | |

## **ORDER**

Now this _____ day of _____, 2007, having considered Defendant's Motion for Summary Judgment and all responses thereto, it is hereby ordered that summary judgment is granted in favor of Defendant Bella Vista Townhome Condominium Association, Inc. and all claims against it are dismissed with prejudice.

_____

Judge Gregory M. Sleet

## CERTIFICATION OF SERVICE

I, the undersigned, do hereby certify on this 20th day of June, 2007, that two true and correct copies of the Defendant Bella Vista Townhome Condominium Assocation, Inc.'s Motion for Summary Judgment have been served electronically, to the following:

Jennifer S. Donahue, Esquire
Andrea G. Green, Esquire
Doroshow, Pasquale, Krawitz & Bhaya
213 East Dupont Highway
Millsboro, DE 19966
Attorney for Plaintiff

Stephen P. Casarino, Esquire
Casarino, Christman & Shalk, P.A.
800 North King Street
P.O. Box 1276
Wilmington, DE 19899
Attorney for Bella Vista Development LLC and Wayne Mitchell

Roger A. Akin, Esquire
Akin & Herron, P.A.
1500 Shallcross Avenue, Suiet 1-A
Wilmington, DE 19806
Attorney for William J. Mitchell

Robert K. Pearce, Esquire
Ferry, Joseph & Pearce, P.A.
824 N. Market Street, Ste. 904
P.O. Box 1351
Wilmington, DE 19899
Attorney for Defendant RE/MAX Realty Group

LAW OFFICE OF CYNTHIA G. BEAM

*/s/ Carol J. Antoff*
**Carol J. Antoff, Esquire (Bar I.D. 3601)**
Christiana Executive Campus
131 Continental Drive, Suite 407
Newark, DE 19713-4301
(302) 292-6660
Attorney for Defendant Bella Vista Townhome Condominium Association, Inc.

# EXHIBIT A

Case 1:06-cv-00188-GMS    Document 77-2    Filed 06/20/2007    Page 1 of 4

```
19                    SANDRA E. FLUCK,
20        the deponent herein, having first been
21        duly sworn on oath, was examined and
22        testified as follows:
23   BY MR. AKIN:
24        Q.    Good morning, Miss Fluck.  I think I
```

1  it was.

2  Q.  Were you wearing a watch on that day?

3  A.  I don't know.

4  Q.  You don't recall?

5  A.  I don't recall.

6  Q.  Do you remember making any statements to

7  Mr. Mitchell in terms of what caused the fall?

8  A.  I don't recall making any statements.

9  Q.  Do you remember making any statements to him

10  about not looking at the steps as you descended from

11  the property?

12  A.  I wasn't talking. I was in agony.

13  Q.  It's your recollection that because of the

14  pain you made no statements to Mr. Mitchell while you

15  were on the ground?

16  A.  That's correct.

17  Q.  In the complaint in this case, while we're

18  still on Fluck Exhibit 1, your complaint alleges that

19  the step -- and I have been calling it the intermediate

20  step for lack of a better term -- that it is, I think

21  the allegation is defective.

22         In your words -- and I'm not asking you

23  to repeat anything your lawyer has told you or any

24  engineer or other person has told you -- in your words,

48

```
 1  in what fashion was the step on that day defective?
 2      A.    It's too short.
 3      Q.    By "short," you mean short in heat or --
 4      A.    Length --
 5      Q.    Or in width?
 6      A.    Width.
 7      Q.    In your view, the width should have run from
 8  what point to what point?
 9      A.    It should have run from post to post.
10      Q.    And again, I'll ask the question, have you
11  been told, have you read in any construction
12  publication or have you been told by any engineer or
13  other member of the construction trades that that is a
14  rule or a requirement for a step like this?
15      A.    No.
16      Q.    Have you ever fallen on steps before in your
17  life?
18      A.    In my life?
19      Q.    In your life.
20      A.    Oh, gosh, have I ever fallen?
21      Q.    Maybe it's an unfair question to ask you to go
22  back for your whole life.
23      A.    For 60 years, it's a lot of steps one travels
24  in 60 years.
```

# EXHIBIT B

```
1                WAYNE L. MITCHELL,
2      the witness herein, having first been
3      duly sworn on oath, was examined and
4      testified as follows:
```

Wayne Mitchell - Coates                         69

1   by you and your son; is that correct?
2        A.    Correct.
3        Q.    You didn't report to RE/MAX about that, did
4   you?
5        A.    We don't ask.  We just did it.
6        Q.    Did you ever speak to RE/MAX about --
7        A.    I don't talk to anybody at RE/MAX.
8        Q.    Would you give me just a second?
9        A.    Yeah.
10            MR. PEARCE:  Thanks.  I don't have anything
11  further.
12  BY MR. COATES:
13       Q.    Mr. Mitchell, I'm Charlie Coates, and I am
14  here for Carol Antoff on behalf of the condo
15  association.  Are you individually associated with the
16  condo association?
17       A.    Yes.
18       Q.    What is your capacity with respect to the
19  condo association?
20       A.    I guess I'm president.  I guess I am
21  president.
22       Q.    Can you tell me when the condo association
23  was incorporated?
24       A.    '04, sometime probably, I would think,

1  before the first settlement, whenever the first
2  settlement -- you had to be in the condo association
3  before the first settlement.  I don't know the exact
4  date.
5      Q.   Does your capacity with the condo
6  association have any relationship to your ownership or
7  any other relationship you have with Bella Vista?
8      A.   Ask me that question again.
9      Q.   Well, your capacity as president of the
10 condo association, does that have anything to do with
11 your involvement in the sale of the project, design of
12 the project, maintenance of the project, or anything
13 like that?
14     A.   Maintenance, but not design; maintenance, as
15 far as getting people to cut the grass and doing the
16 sprinklers and the snow removal, yes, I do that.
17     Q.   But it doesn't have anything to do with the
18 design of the step?
19     A.   No, it does not.
20     Q.   Did the condo association in any way become
21 involved in the design of the porch?
22     A.   No.
23     Q.   Did it have anything to do with the
24 construction of the porch?

Wayne Mitchell - Coates                         71

1       A.      No.
2       Q.      Did it have anything to do with the design
3   of the step in question?
4       A.      No.
5       Q.      Did it have anything to do with the
6   construction of the step in question?
7       A.      No.
8       Q.      Did it have anything to do with the design
9   of the walkways around the unit in question?
10      A.      No.
11      Q.      Did it have anything to do with the
12  construction of the walkways around the unit in
13  question?
14      A.      No.
15      Q.      Was the condo association in any way
16  responsible or have any involvement in the open house
17  that is the subject of this litigation?
18      A.      No.
19      Q.      Does the condo association have any
20  employees?
21      A.      Contract employees, I guess.
22      Q.      Did it at the time?
23      A.      I would say no.
24      Q.      Now, your son, B. J., was present at the

```
 1    time of the fall.  Is B. J. a member of the condo
 2    association?
 3         A.    Yes.
 4         Q.    Was his presence at the scene of this
 5    particular mishap related in any way to his membership
 6    in the condo association?
 7         A.    No.
 8         Q.    Was he present at the scene as a
 9    representative of the condo association?
10         A.    No.
```

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SANDRA E. FLUCK, an individual, | ) | C.A. No.: 06-188GMS |
| Plaintiff, | ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| BELLA VISTA DEVELOPMENT, LLC a Virginia corporation, BELLA VISTA TOWNHOUSE CONDOMINIUM ASSOCIATION, INC., a Delaware corporation, RE/MAX REALTY GROUP, a Delaware Franchise, WILLIAM J. MITCHELL, individually, and WAYNE MITCHELLE, Individually. | ) | |

## STIPULATION OF PARTIAL DISMISSAL

NOW COME the Parties, by and through their attorneys, and hereby STIPULATE that all claims and crossclaims against Defendant Bella Vista Townhouse Condominium Association, Inc. and all crossclaims made by Defendant Bella Vista Townhouse Condominium Association, Inc. against any Codefendants are hereby DISMISSED with Prejudice. The parties also do hereby agree that multiple copies of this Stipulation with individual signatures shall have the same purpose and effect as would a single copy containing all signatures.

_____
Jennifer S. Donahue, Esquire
Andrea G. Green, Esquire
Doroshow, Pasquale, Krawitz & Bhaya
213 East Dupont Highway
Millsboro, DE 19966
Attorney for Plaintiff