# CASARINO, CHRISTMAN & SHALK, P.A.
ATTORNEYS AT LAW
800 NORTH KING STREET
SUITE 200
P.O. BOX 1276
WILMINGTON, DELAWARE 19899

(302) 594-4500
FAX: (302) 594-4509

STEPHEN P. CASARINO
COLIN M. SHALK
BETH H. CHRISTMAN
DONALD M. RANSOM
KENNETH M. DOSS
THOMAS P. LEFF
MATTHEW E. O'BYRNE
SARAH C. BRANNAN
J'AIME L. WALKER **

** ADMITTED IN PA and NJ ONLY

REPLY TO OUR MAILING ADDRESS:
P.O. BOX 1276
WILMINGTON, DE 19899

June 26, 2007

The Honorable Gregory M. Sleet
US District Court - District of Delaware
Lock Box 19
Wilmington, DE 19801

      RE:    Fluck v. Bella Vista Townhome Condominium Assoc.
                C.A. No.:  06-188

Dear Judge Sleet:

      This is the request of defendant Bella Vista Development LLC to amend the scheduling order concerning the filing of dispositive motions. The current scheduling order required motions to be filed on or before June 21, 2007.

      This case involves a fall down stairs. Plaintiff retained an expert who opined that at the time the building was constructed Sussex County was using the International Residential Code. He concluded, among other things that the code required handrails when there were two or more risers. The defendants also retained an expert, who concluded that at the time Sussex County was relying upon the CABO Code which did not require handrails.

      Unfortunately, we were not able to depose the building inspector until June 22. The building inspector, Charles Wheatley testified that at the time of the accident Sussex County was actually using the 1994 Standard Southern Building Code. That code did not require any handrails and the steps were constructed in accordance with the code.

      Based upon this new information, the defendant Bella Vista Development believes it is in a position to move for summary judgment. The court may recall that the original scheduling order required discovery to be completed by May 31, therefore the date of June 21 was proper for dispositive motions. However, the scheduling order was amended so that discovery had to be completed by June 30 which, unfortunately was after the time for filing summary judgment.

      Wherefore, the defendant respectfully asks the court to permit defendant an opportunity to file for summary judgment. I would ask that the defendant be permitted to file the motion two weeks after receipt of Mr. Wheatley's deposition trancript.

                                              Respectfully yours,

                                              */s/ Stephen P. Casarino*

                                              STEPHEN P. CASARINO

SPC:pw
cc:    Jennifer S. Donahue, Esq.
       Carol J. Antoff, Esq.
       Roger A. Akin, Esquire