**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SANDRA E. FLUCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-188-GMS |
| v. | ) | |
| | ) | |
| BELLA VISTA DEVELOPMENT, LLC, a | ) | |
| Virginia corporation, BELLA VISTA | ) | <u>TRIAL BY A JURY DEMANDED</u> |
| TOWNHOME CONDOMINIUM | ) | |
| ASSOCIATION, INC., a Delaware | ) | |
| corporation, RESORT REALTY GROUP, | ) | |
| INC., a Delaware corporation, WILLIAM J. | ) | |
| MITCHELL, individually, and WAYNE | ) | |
| MITCHELL, individually, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT RESORT REALTY GROUP'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Sandra E. Fluck ("Plaintiff"), by and through her undersigned counsel,

hereby responds to the Defendant Resort Realty Group, Inc.'s ("Defendant") motion for

summary judgment.

Plaintiff respectfully refers the Court to the factual assertions and legal arguments

made in Plaintiff's Answering Brief in opposition to Defendant's motion, filed

contemporaneously herewith and included herein by reference.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant

Resort Realty Group, Inc.'s motion for summary judgment.

DOROSHOW, PASQUALE, KRAWITZ, & BHAYA

/s/ Andrea G. Green
ANDREA G. GREEN, ESQ. (I.D. No. 2487)
JENNIFER S. DONAHUE (I.D. No. 4700)
213 E. Dupont Highway,
Millsboro, Delaware 19966
302-934-9400

Dated: July 9, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SANDRA E. FLUCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 06-188-GMS |
| v. | ) |
| | ) |
| BELLA VISTA DEVELOPMENT, LLC, a | ) |
| Virginia corporation, BELLA VISTA | ) **TRIAL BY A JURY DEMANDED** |
| TOWNHOME CONDOMINIUM | ) |
| ASSOCIATION, INC., a Delaware | ) |
| corporation, RESORT REALTY GROUP, | ) |
| INC., a Delaware corporation, WILLIAM J. | ) |
| MITCHELL, individually, and WAYNE | ) |
| MITCHELL, individually, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

AND NOW, TO-WIT, this _____ day of _____,

2007, the foregoing Answering Brief in Opposition to Summary Judgment having been

presented to and considered by the Court,

IT IS HEREBY ORDERED that Defendant Resort Realty Group, Inc.'s motion is

DENIED.

_____
The Honorable Gregory M. Sleet
United States District Court Judge

## CERTIFICATE OF SERVICE

I, Andrea G. Green, Esquire do hereby certify that on July 9, 2007, I

electronically filed the foregoing *Plaintiff's Answering Brief in Opposition to Defendant*

*Resort Realty Group's Motion for Summary Judgment* with the Clerk of Court using

CM/ECF which will send notification of such filing to the following:


Robert K. Pearce, Esquire
Ferry, Joseph & Pearce, P.A.
824 Market Street, Suite 904
Wilmington, DE 19899

Stephen P. Casarino, Esquire
Casarino, Christman, & Shalk, P.A.
800 N. King Street
Wilmington, DE 19801

Roger A. Akin, Esquire
Akin & Herron, P.A.
1500 Shallcross Avenue
Suite 1-A
Wilmington, DE 19806

Carol J. Antoff, Esquire
Christina Executive Campus
131 Continental Drive, Suite 407
Newark, DE 19713

                              /s/ Andrea G. Green
                              ANDREA G. GREEN, ESQ. (I.D. No. 2487)
                              JENNIFER S. DONAHUE (I.D. No. 4700)
                              213 E. DuPont Highway
                              Millsboro, DE 19966
                              302-934-9400


Dated: July 9, 2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SANDRA E. FLUCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-188-GMS |
| v. | ) | |
| | ) | |
| BELLA VISTA DEVELOPMENT, LLC, a | ) | |
| Virginia corporation, BELLA VISTA | ) | TRIAL BY A JURY DEMANDED |
| TOWNHOME CONDOMINIUM | ) | |
| ASSOCIATION, INC., a Delaware | ) | |
| corporation, RESORT REALTY GROUP, | ) | |
| INC., a Delaware corporation, WILLIAM J. | ) | |
| MITCHELL, individually, and WAYNE | ) | |
| MITCHELL, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT RESORT REALTY GROUP'S MOTION FOR SUMMARY JUDGMENT

DOROSHOW, PASQUALE, KRAWITZ & BHAYA

/s/ Andrea G. Green
ANDREA G. GREEN, ESQ. (I.D. No. 2487)
JENNIFER S. DONAHUE (I.D. No. 4700)
213 E. Dupont Highway,
Millsboro, Delaware 19966
302-934-9400
Attorney for Plaintiff Sandra E. Fluck

Dated: July 9, 2007

## **TABLE OF CONTENTS**

<u>Page</u>

TABLE OF CONTENTS................................................................................i

TABLE OF AUTHORITIES........................................................................ii

NATURE AND STAGE OF THE PROCEEDINGS........................................1

SUMMARY OF ARGUMENT.....................................................................2

STATEMENT OF FACTS...........................................................................3

ARGUMENT...........................................................................................5

    1.  Standard of Review........................................................................5

    2.  Resort Realty Group, the Listing Broker for the Property, Had a Duty to
        Inspect the Property and Warn the Plaintiff of the Existence of Hidden
        Defects.......................................................................................6

    3.  There Exists a Factual Issue as to Resort's Status as a "Possessor" For
        Purposes of Liability....................................................................11

    4.  There Exists a Factual Issue as to Whether Resort Had Actual Knowledge of
        the Dangerous Condition ...............................................................15

CONCLUSION.......................................................................................17

## TABLE OF AUTHORITIES

**Cases:**

*Ampex Corp. v. Eastman Kodak Co.*, 461 F.Supp.2d 226, 227 (D. Del. 2006)...........5-6

*Commission v. Estate of Bosch*, 387 U.S. 456, 465 (1967)......................................6

*Coughlin v. Weaver*, 103 Cal. App. 2d 602 (Cal. Dist. Ct. App. 1951)...................7, 13

*DiOssi v. Maroney*, 548 A.2d 1361 (Del. 1988)..........................................11, 13

*Filipowicz v. Diletto*, 796 A.2d 296 (N.J. 2002)...............................................9

*Finch v. Pers*, 842 F. Supp. 78, 83 (S.D.N.Y. 1994)..........................................9

*Hollett v. Dundee, Inc.*, 272 F. Supp. 1, 7 (D. Del. 1967)..............................13-17

*Hopkins v. Fox & Lazo Realtors*, 625 A.2d 1110 (N.J. 1993).............................7-11

*ISCO Intern. Inc. v. Conductus, Inc.*, 2003 WL 279561 (D. Del.)............................5

*Jarr v. Seeco Construction Co.*, 666 P.2d 392 (Wash. Ct. App. 1983)...................7-15

*Johnson v. Chupp*, 2003 WL 292168 (Del. Super.).......................................7-11

*Masick v. McColly Realtors, Inc.*, 858 N.E.2d 682 (Ind. App. 2006)....................8-12

*McKesson Info. Solutions LLC v. Trizetto Group, Inc.*, 426 F. Supp. 2d 203 (D. Del.

2006)........................................................................................6

*Meyer v. Tyner*, 273 A.2d 364 (N.Y.A.D.2 Dept. 2000).....................................8

*Monaco v. Hartz Mountain Corp.*, 840 A.2d 822 (N.J. 2004)................................9

*Niblett v. Penn. R.R. Co.*, 158 A.2d 580 (Del. Super. Ct. 1960)............................13

*Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co.*, 652 F.2d 1165, 1167 (3d Cir.

1981).......................................................................................7

*Phifer v. E.I. Dupont De Nemours and Co.*, 2004 WL 32940 (D. Del).....................13

*Sachs v. McConnell*, 2005 WL 4040247 (N.J. Super. A.D.)..................................9

*Schmidt v. Omaha Public Power Dist.*, 515 N.W. 2d 756, 763 (Neb. 1994).................9

*Sincock v. Roman*, 232 F. Supp. 844 (D. Del. 1964).........................................5-6

*Tenneco Auto. Operating Co. Inc. v. Visteon Corp.*, 375 F.Supp.2d 360 (D. Del. 2005).........................................................................................6

*Vorous v. Cochran*, 249 A.2d 746 (Del. Super. Ct. 1969)..........................8

*Ward v. Shoney's Inc.*, 817 A.2d 799, 802 (Del. 2003).........................13

*White v. Rick Canup Realtors, Inc.*, 2000 WL 621263 (Tex.App-Amarrillo)..........................................................................................8, 9

**Rules:**
Federal Rule of Civil Procedure 56(c)...............................................5

**Other Sources:**
Restatement (Second) of Torts §328E.......................................11-15

## NATURE AND STAGE OF THE PROCEEDINGS

On March 20, 2006, Plaintiff Sandra E. Fluck filed a Complaint seeking damages from Remax Realty Group, among others, for personal injuries she suffered on or about June 27, 2004. Plaintiff filed a Motion for Default Judgment against ReMax Realty Group, which was withdrawn on August 30, 2006. On or about June 16, 2006, Plaintiff filed an Amended Complaint adding Defendant Wayne Mitchell. On or about December 19, 2006 Plaintiff filed a stipulation to Amend the Amended Complaint to substitute Resort Realty Group, Inc. as a Defendant in place of ReMax Realty group. Defendant Resort Realty Group, Inc. filed a motion to dismiss the Second Amended Complaint for insufficient service of process on February 20, 2007. This issue has been briefed and remains pending. On June 21, 2007, Defendant Resort Realty Group filed a Motion for Summary Judgment. This is Plaintiff Sandra E. Fluck's Answering Brief in Opposition to Defendant Resort Realty Group's Motion for Summary Judgment.

1

## SUMMARY OF ARGUMENT

I.    Resort Realty Group, the Listing Broker for the Property, Had a Duty to
      Inspect the Property and Warn the Plaintiff of the Existence of Hidden Defects

II.   There Exists a Factual Issue as to Resort's Status as a "Possessor" For
      Purposes of Liability.

III.  There Exists a Factual Issue as to Whether Resort Had Actual Knowledge of
      the Dangerous Condition

2

## FACTS

On June 27, 2004, at approximately 3:00 p.m., the Plaintiff, Sandra E. Fluck, attended an open house in Unit 5 of Building A, in the Bella Vista Townhome and Condominium Development in Rehoboth Beach, Delaware. *See* Amended Complaint, ¶10, A-15. As Plaintiff exited Unit 5, she fell on a defective paver step and sustained severe personal injuries for which she subsequently brought this action. *See* Amended Complaint ¶ 12, A-15.

On the date of the incident, a Virginia corporation, Defendant Bella Vista Development, LLC was the operator and manager of Bella Vista Townhomes, and was responsible for sales, construction, and day-to-day maintenance. *See* Deposition of Wayne L. Mitchell, May 11, 2007, pages 6-8, A-1.

Wayne Mitchell and his son, William Mitchell, work with RE/MAX Realty Group (the correct legal name of which is Resort Realty Group, Inc.) as independent contractor real estate agents. *See* Deposition of Wayne L. Mitchell, May 11, 2007, page 13, lines 13-20, A-2, and page 61 lines 5-14, A-3. Defendant Wayne L. Mitchell is a one-third owner of Bella Vista Development, LLC. *See* Deposition of Wayne L. Mitchell, May 11, 2007, page 5, lines 2-6, A-4. A residential listing agreement was signed between RE/MAX and Bella Vista. *See* Deposition of William Mitchell, March 16, 2006, page 15, lines 11-23, A-5.

Wayne L. Mitchell authorized William Mitchell to begin showing the units to the public, and they began holding open houses. *See* Deposition of William Mitchell, March 16, 2006, pages 12-13, A-5. On the day of the incident, William Mitchell was the realtor present at the open house. *See* Deposition of William Mitchell, March 16, 2006, page 12,

3

lines 11-23, A-5. Both Wayne and William Mitchell were frequently present at the property and in fact had an office in Unit five. *See* Deposition of William Mitchell, March 16, 2006, page 19, lines 19-23, A-6. Wayne Mitchell testified that he was at the property every day between May 20, 2004 and June 27, 2004. *See* Deposition of Wayne L. Mitchell, May 11, 2007, page 79, lines 19-24, A-7.

Wayne Mitchell was responsible for the decision to use the paver step; in the course of the construction of the property, it was determined that in order to comply with Sussex County building code, and due to the height of the porch, a step would have to be installed. *See* Deposition of Wayne L. Mitchell, May 11, 2007, page 45, lines 13-20, A-8.

The step installed at Unit 5 was dangerous and defective because it did not extend the full width of the front porch, and there were no handrails, nor any other marking to warn of the step down. *See* Report of Lawrence C. Dinoff, dated April 30, 2007, A-11. As she exited Unit 5, the Plaintiff walked across the platform, and believing the stair extended the full width of the platform edge, she placed her left foot on the paver step and fell when she placed her right foot down in the empty space to the right of the step. *See* Deposition of Sandra E. Fluck, March 16, 2007, page 34, lines 1-22, A-9.

4

## ARGUMENT

Summary judgment must not be granted where there are genuine issues of material fact. Because there are issues of fact regarding Resort's duty to inspect the Property or warn the Plaintiff and as to whether Resort had actual knowledge of defects on the Property, summary judgment is not appropriate in this case.

### 1.    Standard of Review

A motion for summary judgment may be granted only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding the motion, the court construes all facts and inferences in favor of the party against whom the motion is made. *Sincock v. Roman*, 232 F. Supp. 844 (D. Del. 1964).

In order to defeat a motion for summary judgment, the nonmoving party must set forth enough "specific facts showing that there is a genuine issue for trial" to enable a jury to reasonably find for the nonmoving party. *Ampex Corp. v. Eastman Kodak Co.*, 461 F.Supp.2d 226, 227 (D. Del. 2006) (*quoting* Fed. R. Civ. P. 56(c)) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, (1986)).

A fact is material if it might affect the outcome of the suit, and an issue is genuine if a reasonable jury could possibly find in favor of the non-moving party with regard to that issue. *ISCO Intern. Inc. v. Conductus, Inc.*, 2003 WL 279561 (D. Del.) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986)).

A motion for summary judgment cannot be granted unless it is *clear* that there is no genuine issue of material fact; Delaware courts refuse to grant summary judgment in

the presence of a genuine issue of material fact. *See Ampex Corp. v. Eastman Kodak Co.*,

461 F.Supp.2d 226, 227 (D. Del. 2006), *McKesson Info. Solutions LLC v. Trizetto Group,*

*Inc.*, 426 F. Supp. 2d 203 (D. Del. 2006), *Sincock v. Roman*, 232 F. Supp. 844 (D. Del.

1964). *Inc. v. Conductus, Inc.*, 2003 WL 279561 (D. Del.), *Tenneco Auto. Operating Co.*

*Inc. v. Visteon Corp.*, 375 F.Supp.2d 360 (D. Del. 2005).


### 2.    Resort Realty Group, the Listing Broker for the Property, Had a Duty to Inspect the Property and Warn the Plaintiff of the Existence of Hidden Defects.

The initial inquiry of this Court, therefore, is to determine the duty of Defendant

Resort Realty Group (hereinafter, Resort), and, if such duty is established, to determine

whether the facts, when viewed in the light most favorable to the Plaintiff, present a

genuine issue of material fact.

As acknowledged by Resort in its brief, no Delaware case law appears to address

the specific question presented here: the duty of a listing agent to inspect and warn of

defective conditions on the premises. In cases where there has been no decision by the

state's highest court on the issue in question, the federal court is called upon to predict

how the state court would resolve the issue should it be called upon to do so; the "federal

authorities must apply what they find to be the state law after giving proper regard to

relevant rulings of other courts of the state" *Commission v. Estate of Bosch*, 387 U.S.

456, 465 (1967). In predicting how the state's highest court might decide, the federal

court is further entitled to consider policies underlying applicable legal doctrines,

6

doctrinal trends, decisions of other courts, treatises and the Restatement. *Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co.*, 652 F.2d 1165, 1167 (3d Cir. 1981).

In *Johnson v. Chupp*, 2003 WL 292168 (Del. Super.), the Superior Court was called upon to determine what duty, if any, existed on the part of a buyer's agent to inspect and warn of dangerous conditions. In that case, Judge Babiarz acknowledged that "in certain jurisdictions, a seller's real estate agent has an affirmative duty to take reasonable care to inspect the premises and either make them safe or warn invitees of the any [sic] dangerous condition." *Id.* at 2 n.7, *citing Hopkins v. Fox & Lazo Realtors*, 625 A.2d 1110, 1110 (N.J. 1993), *Jarr v. Seeco Construction Co.,* 666 P.2d 392 (Wash. Ct. App. 1983), *and Coughlin v. Weaver*, 103 Cal. App. 2d 602 (Cal. Dist. Ct. App. 1951). The *Chupp* Court did not criticize the courts that imposed such duty to inspect; it merely found no precedent or support to extend such duty to a *buyer's* agent.

The principal case on this issue, and the first cited by Judge Babiarz, is that of *Hopkins v. Fox & Lazo Realtors*, 625 A.2d 1110 (N.J. 1993). In *Hopkins*, a woman visiting an open house fell after missing a step from the family room to the living room. The court said that in holding an open house, a broker invites potential customers onto the property, and implicit in that invitation is "some commensurate degree of responsibility for their safety while visiting the premises." *Id.* The court held "that a real estate broker has a duty to ensure through reasonable inspection and warning, the safety of prospective buyers and visitors who tour an open house." *Id.* at 1120.

In its motion for summary judgment, Defendant Resort asserts that it had no duty to inspect the property or warn the plaintiff of hidden defects. Resort, in its argument, relies principally on the dissenting opinion in *Hopkins v. Fox & Lazo Realtors*, 625 A.2d

7

1110 (N.J. 1993) and *Johnson v. Chupp*, 2003 WL 292168 (Del. Super.). It cites *Chupp*

for the proposition that a *buyer's* agent has no duty for the safety of the buyer while on

the seller's property.   The rationale behind imposing a duty on the possessor of a

property lies in the fact that the possessor has "superior knowledge of conditions existing

on his property."  However, there can be no duty if the possessor and a business invitee

are equal in knowledge *Vorous v. Cochran*, 249 A.2d 746 (Del. Super. Ct. 1969) (*citing*

*Garofoli v. Salesianum School,Inc.*, 208 A.2d 308 (Del. Super. Ct. 1965)).  This concept

illustrates the difference between the seller's and buyer's agents duties: the buyer's agent

has no duty because he is in no better position than the buyer himself, however, the

seller's agent will owe a business invitee a duty if his contact with the property is

sufficient to render him a "possessor."

　　　Resort attempts to use the *Chupp* decision to persuade this Court "that Delaware

should follow those jurisdictions that have held a listing broker has no duty to inspect a

property prior to an open house and either repair or warn invitees of the dangers on the

property."

　　　Resort would have the court adopt the dissent's position: that brokers should not

have a duty to inspect the property and warn of defects. *See Masick v. McColly Realtors,*

*Inc.*, 858 N.E.2d 682 (Ind. App. 2006), *White v. Rick Canup Realtors, Inc.*, 2000 WL

621263 (Tex.App-Amarrillo), and Meyer v. Tyner, 273 A.2d 364 (N.Y.A.D.2 Dept.

2000).  The broker's duty is limited to inspection and warning only of defects that are

"reasonably discoverable through an ordinary inspection of the home for purposes of its

potential sale." *Id.*

As Resort pointed out in its motion for summary judgment, several of those cases do not exactly support its position. For example, in *Masick*, the court refused to impose a duty of inspection on brokers, but held that brokers do have a duty to warn of hidden defects of which the broker has actual knowledge. *See Masick*, 858 N.E.2d at 691. Furthermore, the *White* court did not disagree that realtors conducting open houses have a duty to inspect and warn. However, it refused to *extend* that duty to brokers showing properties outside an "open house" setting (reasoning that simply showing a property did afford the broker a reasonable opportunity to inspect the house before showing). *See White*, 2000 WL 621263 at 2.

The *Hopkins* decision has been cited in more than one hundred opinions, and many courts have agreed with its rationale. *See Monaco v. Hartz Mountain Corp.*, 840 A.2d 822 (N.J. 2004), *Filipowicz v. Diletto*, 796 A.2d 296 (N.J. 2002), *Sachs v. McConnell*, 2005 WL 4040247 (N.J. Super. A.D.). *See also, Finch v. Pers*, 842 F. Supp. 78, 83 (S.D.N.Y. 1994), *Schmidt v. Omaha Public Power Dist.*, 515 N.W. 2d 756, 763 (Neb. 1994), *White v. Rick Camp Realtors, Inc.*, 2000 WL 621263, 2 (Tex.App-Amarrillo).

The *Hopkins* court disagreed with the lone dissenting judge's assertions that imposition of this duty would constitute an unreasonable economic strain on the broker's livelihood, and posited that conversely, "given the economic benefits that inure to the broker from the open house itself, to ask the broker to internalize the costs associated with conducting its business is reasonable and fair." *Hopkins*, 625 A.2d at 1120.

Resort uses the only Delaware opinion on the topic, *Chupp*, to urge the court to adopt the position taken in the *Hopkins* dissent. However, *Chupp* could also be cited for

9

the proposition that Resort did have a duty to the Plaintiff by virtue of its "control" over

Unit 5, which will be developed below. In *Chupp*, the court found that a buyer's agent

had no duty for the safety of buyers while on the seller's property since the buyer's agent

has no greater control over a property than the buyers themselves. *Johnson v. Chupp*,

2003 WL 292168 (Del. Super.). The *Chupp* plaintiff was injured when the wife fell into

a well while the two were examining a property with their real estate agent. *Id.*

As noted above, the *Chupp* court noted the duty of the seller's agent to inspect

and repair or warn of dangerous conditions. *Johnson v. Chupp*, 2003 WL 292168 (Del.

Super.) According to *Chupp*, that duty turns on the broker's relationship to the property;

without control over the property, a realtor could not be held to have a duty to inspect,

warn, or otherwise make the property safe for visitors. *Id.* at 3. Thus, the duty arises from

the seller's agent having taken possession of the property that he has undertaken to sell.

*Id.* at 2, *citing Jarr v. Seeco Construction Co.*, 666 P.2d 392 (Wash. Ct. App. 1983).

The *Chupp* court's logic is easily extended to the circumstances of this case.

Resort was not the buyer's agent as in *Chupp;* however, it was not an exclusive agent of

the seller either. Resort's agents Wayne and William Mitchell did indeed have

possession of the property; they were there on a daily basis and had, in effect "set up

shop" on the premises in the very unit at which the injury occurred and which plaintiff

maintains contains a dangerous condition. *See* Deposition of William Mitchell, March

16, 2006, page 19, lines 19-23, A-6.

While no Delaware court has considered the specific issue of the duty owed by a

selling broker to buyers visiting the premises, the Superior Court has cited, without

criticism, the Hopkins, supra, holding that imposed such a duty on a seller's real estate

10

agent. *Johnson v. Chupp*, 2003 WL 292168 (Del. Super.). That court further indicated

that the imposition of such duty rested "on the theory that the seller's agent is in

possession of the property which s/he has undertaken to sell." *Chupp* at 2, *citing Jarr v.

Seeco Construction Co.*, 666 P.2d 392 (Wash. Ct. App. 1983). It is Resort's argument

that there is no duty owed by a seller's agent that forms the legal premise upon which

Resort maintains that there is no factual basis for dispute. Plaintiff contends that Resort's

premise is incorrect. Delaware law does not hold, as Defendant Resort would have the

Court presume, that a seller's agent such as Resort has no duty to inspect and warn of

dangerous and defective conditions. As indicated by the Supreme Court in *DiOssi v.

Maroney*, 548 A.2d 1361, 1338 (Del. 1988), "[a]s Section 343 of the Restatement

(Second) of Torts makes clear, once the possessor knows, or should know, of a condition

which poses an unreasonable risk of harm to the invitee, he must employ reasonable

measures to warn the invitee or protect him from the harm." Plaintiff now asks this Court

to turn its attention to the question of whether Resort was "in possession" of the property

such that the duties imposed on a possessor should be applicable, and whether such

determination is, by its very nature, a factual inquiry.


**3.    There Exists a Factual Issue as to Resort's Status as a "Possessor" For
       Purposes of Liability**

The *Hopkins* decision advocates abandonment of the traditional common law

system for property owner liability and adoption of the above-discussed proposition that

it is simply fair to impose a duty to inspect and warn on realtors holding open houses.

However, even if the court declines to adopt the *Hopkins* rationale, the traditional

11

common law doctrine would apply and would lead to a conclusion that such duty exists.
For example, in the *Masick* decision cited by Resort, the court "declined to impose a duty
on real estate brokers unless they have control over the premises sufficient to
independently give rise to a duty to warn under recognized liability principles." *Masick*,
858 N.E.2d at 688.

Several courts in other jurisdictions have applied this rationale in addressing
broker's duties in similar cases involving injuries at open houses. In a 1993 California
case, *Jarr v. Seeco Construction Co.,* the plaintiff, Jarr was injured while attending an
open house. *Jarr v. Seeco Construction Co.,* 666 P.2d 392 (Wash. Ct. App. 1983). The
*Jarr* court characterized the realtor's duty in the context of "a possessor of land" per the
Restatement (Second) of Torts: "a possessor of land owes a duty of reasonable care to
invitees with respect to dangerous conditions on the land, including 'an affirmative duty
to discover dangerous conditions." *Id.* at 393 (*citing* Restatement (Second) of Torts §343
(1965)). The possessor's duty to an invitee is based on the expectation of the invitees
that the premises have been made safe for him. *Id.* at 394.

The *Jarr* court defined a possessor of land as one "in occupation of land with
intent to control it," explaining that the "possessor need not be the owner of the land, but
could be a real estate agent who meets the definition of 'possessor.'" *Id.* at 394 (*citing*
*Strong v. Seattle Stevedore Co.,* 466 P.2d 545 (Wash. Ct. App. 1970)). In *Jarr,* the
allegation that "on the day of the accident, Terrace Realty was in complete charge of the
open house and had the responsibility to control prospective purchasers viewing the
property" was sufficient to create a factual issue as to Terrace's status as a possessor of
the land." *Id.* at 395.

In *Coughlin v. Weaver*, 103 Cal. App. 2d 602 (Cal. Dist. Ct. App. 1951), the plaintiff was injured as a result of falling down a set of basement stairs while touring an open house. The court held that evidence sufficed to prove the plaintiff was a business visitor (per §343 of the Restatement of the Law of Torts), and as a business visitor, she was entitled to expect that the possessor realtor would take reasonable care to discover the actual condition of the premises and give warning of potentially dangerous conditions. *Id.* at 605.

Although there is no applicable Delaware case law regarding brokers and open houses, there are many Delaware decisions addressing duties imposed on persons in possession or control of property. The Restatement of Torts usually governs these questions in Delaware. *See DiOssi v. Maroney*, 548 A.2d 1361 (Del. 1988). *See also Niblett v. Penn. R.R. Co.*, 158 A.2d 580 (Del. Super. Ct. 1960) *and Phifer v. E.I. DuPont De Nemours and Co.*, 2004 WL 32940 (D. Del). A possessor of land is defined by the Restatement (Second) of Torts §328E as "a person who is in occupation of the land with intent to control it." *Hollett v. Dundee, Inc.*, 272 F. Supp. 1, 7 (D. Del. 1967).

It is settled Delaware law that a business invitee is owed a duty providing him safe ingress and egress." *Ward v. Shoney's Inc.*, 817 A.2d 799, 802 (Del. 2003) (*citing Wilmington Country Club v. Cowee*, 747 A.2d 1087, 1092 (Del.2000), and *Robelen Piano Co. v. DiFonzo*, 169 A.2d 240, 244 (Del.1961)). The standard of care is to see that such portions of the premises "as would naturally and ordinarily be used by customers are kept in a reasonably safe condition for their use." *Id.* The elements necessary to establish liability are set forth in the Restatement (Second) of Torts § 343 (1965).

Delaware courts can thus impose liability on the possessor of land based on the Restatement. There is a factual issue as to whether Resort was a "possessor" of the property in this case. Resort asserts that it did not possess or control the land. Resort claims that Wayne and William Mitchell scheduled and set up the open house without speaking to anyone at Resort prior to doing so, and that "other than being the listing broker for the Property, Resort did not in any other way participate in the organization, planning, or management of the open house"

With these claims Resort attempts to distinguish its actions from those of the Mitchells who were independent contractors. However, the court has previously held that "An independent contractor who works on the land with the authority of the possessor is acting on behalf of the possessor." *Hollett v. Dundee, Inc.*, 272 F. Supp. 1, 8 (D. Del. 1967) (*citing* Restatement (Second) of Torts §328E cmt. a).

Therefore, the actions of Wayne and William Mitchell should be imputed to Resort, and the Mitchells clearly acted in a way that evidences control over the property. The Mitchells, acting in Resort's name, set up an office, stationed themselves on the premises and invited the public to enter the premises. While they may not have had true ownership rights, they acted with a significant degree of control in placing signs and flags on the property, setting themselves up and using an office in the unit, inviting the public to tour, and escorting the public through the property. *See*. *See* Deposition of William Mitchell, March 16, 2006 page 19, A-6.

The *Jarr* court above found that a "possessor" could include a real estate agent and held that the fact that the agents at issue were in charge of the open house and had the "responsibility to control prospective purchasers viewing the property" was sufficient to

14

create a factual issue as to the broker's status as a possessor of the property. *Jarr*, 666

P.2d at 394. The existence of the same situation in the instant case likewise creates a

factual issue as to Resort's status as a possessor of the property, and accordingly,

summary judgment is inappropriate.

### 4.    There Exists a Factual Issue as to Whether Resort Had Actual Knowledge of the Dangerous Condition

Resort contends that even if a broker does have a duty to disclose hidden defects,

it did not have actual knowledge of the defect and is thus entitled to summary judgment.

Resort asserts that there is "no evidence that Resort had any actual knowledge that the

paver step was defective" and that Resort did not participate in the "design, construction,

management, or maintenance of the property."

While Resort as an entity did not so participate, it must be conceded by resort that

Wayne Mitchell, one of the listing agents for Resort, was not only a realtor, but was one

of the owners and was intimately involved in the design and construction of the property.

*See* Deposition of Wayne L. Mitchell, May 11, 2007, page 7, lines 3-7, A-1. As noted

above, Wayne Mitchell's actions are acts on behalf of Resort. *See Hollett v. Dundee,*

*Inc.*, 272 F. Supp. 1, 8 (D. Del. 1967) (*citing* Restatement (Second) of Torts §328E cmt.

a). He was present on the premises on a regular basis: his deposition testimony indicates

that between May 20, 2004 and June 27, 2004 he was at the property every day. *See*

Deposition of Wayne L. Mitchell, May 11, 2007, page 79, lines 19-24, A-7. Wayne's son

William Mitchell, was also at the property frequently and was present and running the

open house in Unit 5 at the time of the incident. *See* Deposition of William Mitchell,

March 16, 2006, page 19, lines 19-23, A-6. William Mitchell failed to warn the plaintiff

15

when he undoubtedly had actual knowledge of the defect; Mr. Mitchell was not only a part owner, he had taken part in construction design and planning of the unit and admitted to making the decision to use the paver instead of a step.

Further, it can hardly be claimed that the condition complained of here was not an obvious one: the absence of a handrail and the presence of the small step were no doubt noticed by Resort and its independent contractors running the open house. Resort's assertion that it had no actual knowledge that the paver step was defective is self-serving. Resort and the Mitchells all knew of the condition; whether the condition constituted a defective and/or dangerous condition is a factual conclusion, the final determination of which must be decided by a jury. Clearly, this issue of fact should prevent the court from granting summary judgment.

## CONCLUSION

For the foregoing reasons, the Plaintiff, Sandra Fluck, respectfully requests that this Court deny Defendant Resort Realty Group, Inc.'s request for summary judgment in its favor.

DOROSHOW, PASQUALE, KRAWITZ, & BHAYA

/s/ Andrea G. Green
ANDREA G. GREEN, ESQ. (I.D. No. 2487)
JENNIFER S. DONAHUE (I.D. No. 4700)
213 E. Dupont Highway,
Millsboro, Delaware 19966
302-934-9400
Attorney for Plaintiff
Sandra E. Fluck

Dated: July 9, 2007

17