IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SANDRA E. FLUCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 06-188 GMS |
| v. ) | |
| ) | |
| BELLA VISTA DEVELOPMENT, LLC, BELLA ) | |
| VISTA TOWNHOME CONDOMINIUM ) | |
| ASSOCIATION, INC., RE/MAX REALTY ) | |
| GROUP, WILLIAM J. MITCHELL, and ) | |
| WAYNE MITCHELL, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

WHEREAS, on March 20, 2006, the plaintiff filed the above-captioned personal injury action;

WHEREAS, on December 5, 2006, the court issued a Scheduling Order (D.I. 36), setting June 21, 2007 as the cut-off date for case dispositive motions;

WHEREAS, on June 26, 2007, defendant Bella Vista Development LLC ("Bella Vista") filed a letter request (D.I. 81) to amend the Scheduling Order;

WHEREAS, the letter request seeks the court's permission to extend the deadline for Bella Vista to file a motion for summary judgment due to a late deposition;

WHEREAS, Federal Rule of Civil Procedure 16 provides that a schedule "shall not be modified except upon a showing of good cause and by leave of the district judge . . . ." Fed. R. Civ. P. 16(b);[1] and

---

[1] At least one court in this district has stated that "[p]roperly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Gonzalez v.*

WHEREAS, the court concludes that Bella Vista has not shown good cause to modify the Scheduling Order;[2]

IT IS HEREBY ORDERED that:

1. Bella Vista's letter request (D.I. 81) to extend the deadline for filing case dispositive motions is DENIED.

Dated: July 11, 2007              /s/ Gregory M. Sleet
                                  UNITED STATES DISTRICT JUDGE

---

*Comcast Corporation*, Civ. A. No. 03-455-KAJ, 2004 U.S. Dist. LEXIS 17896, at *2 (citation omitted); *see also* 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 1522.1, at 230-31 (2d ed. 1990) ("The scheduling order and the timetable it establishes will be *binding*. The rule specifically provides that the order can be modified only upon a showing of good cause. This would require the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.") (emphasis added).

[2] Indeed, Bella Vista's letter request, which was filed *after* the deadline for case dispositive motions, does not even attempt to explain why the deposition of the building inspector could not have taken place at an earlier date. Nor does Bella Vista's letter discuss whether it endeavored to schedule the building inspector's deposition earlier in the litigation.