## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

SANDRA E. FLUCK, an individual,                    :    **C.A. No.: 06-188-GMS**
                                                   :
Plaintiff,                                         :
                                                   :    **JURY DEMAND OF SIX**
v.                                                 :
                                                   :
BELLA VISTA DEVELOPMENT, LLC, a                    :
Virginia corporation, BELLA VISTA                  :
TOWNHOME CONDOMINIUM                               :
ASSOCIATION, INC., a Delaware                      :
corporation, RESORT REALTY GROUP,                  :
INC., a Delaware corporation, WILLIAM J.           :
MITCHELL, individually, and WAYNE
MITCHELL, individually,

Defendants.

## JURY INSTRUCTIONS

## **TABLE OF CONTENTS**

Preliminary Jury Instructions……………………………………………………...     1 - 8

Introduction…………………………………………………………………….     9

Negligence Defined………………………………………………….………….     10

No Need to Prove All Charges of Negligence……………………………………     10

Negligence is Never Presumed……………………………………………………     11

Comparative Negligence – Special Verdict Form……………………………………     11

Landowner's Duty to Business Invitees……………………………………………     12

Duty to Inspect and Discovery Dangerous Conditions for Benefit of Invitee………..     12

Duty of Property Owner to Provide Safe Ingress and Egress from its Property………     13

Proximate Cause……………………………………………………………….     13

Foreseeable Injury – Definition……………………………………………………     14

Damages – Personal Injury…………………………………………………………     14

Effect of Instructions as to Damages………………………………………………     16

Objections – Rulings on Evidence…………………………………………………     16

Evidence Defined…………………………………………………………………     16

Direct and Circumstantial Evidence…………………………………………………     17

Consideration of Evidence…………………………………………………………..     18

Statement of Counsel………………………………………………………….     18

Credibility of Witnesses.................................................................... 18

Expert Testimony............................................................................ 19

Number of Witnesses....................................................................... 20

Burden of Proof: Preponderance of the Evidence........................................... 20

Deposition – Use as Evidence............................................................... 21

Objections – Rulings on Evidence........................................................... 21

Credibility of Witnesses – Weighing Conflicting Testimony............................... 21

Expert Opinion must be to a Reasonable Probability....................................... 22

Expert Medical Opinion must be to a Reasonable Probability............................. 22

Deliberation and Verdict.................................................................... 23

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SANDRA E. FLUCK, an individual, | : | **C.A. No.: 06-188-GMS** |
| | : | |
| Plaintiff, | : | |
| | : | **JURY DEMAND OF SIX** |
| v. | : | |
| | : | |
| BELLA VISTA DEVELOPMENT, LLC, a | : | |
| Virginia corporation, BELLA VISTA | : | |
| TOWNHOME CONDOMINIUM | : | |
| ASSOCIATION, INC., a Delaware | : | |
| corporation, RESORT REALTY GROUP, | : | |
| INC., a Delaware corporation, WILLIAM J. | : | |
| MITCHELL, individually, and WAYNE | | |
| MITCHELL, individually, | | |

Defendants.

### PRELIMINARY JURY INSTRUCTIONS

### INTRODUCTION

Members of the jury: Now that you have been sworn, I am now going to give you some preliminary instructions to guide you in your participation in the trial.

### THE PARTIES AND THEIR CONTENTIONS

Before I begin with those instructions, however, allow me to give you an overview of who the parties are and what each contends.

The parties in this case are the Plaintiff, Sandra Fluck, and the Defendants, Bella Vista Development, Resort Realty Group, Inc., William Mitchell and Wayne Mitchell.

In this case, the Plaintiff alleges that she was injured as a result of the negligence of the Defendants. Negligence in the lack of ordinary care; that is, the absence of the kind of care a reasonably prudent and careful person would exercise in similar circumstances.

1

The Defendants contend that the Plaintiff was negligent and that her negligence was one of the proximate causes of the Plaintiff's injuries.

You will be asked to determine the negligence, if any, of each party.

If appropriate, you will be asked to determine the amount of money damages necessary to compensation Sandra Fluck for all of her injuries.

## DUTIES OF THE JURY

So, let me begin with those general rules that will govern the discharge of your duties as jurors in this case.

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts to the law as I will give it to you both during these preliminary instructions and at the close of the evidence. You must follow that law whether you agree with it or not. Again, of course, you are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not let anything that I may say or do during the course of the trial influence you. Nothing I may say or do is intended to indicated, or should be taken by you as indicating, what your verdict should be.

## EVIDENCE

The evidence from which you will find the facts will consist of testimony of witnesses; (the testimony of witnesses consist of the answers of the witnesses to

2

questions posed by the attorneys or the Court—you may not ask questions). Evidence will also consist of documents and other things received into records as exhibits, and any facts that the lawyers agree to or stipulate to or that I may instruct you to find. Certain things are not evidence and must not be considered by you. I will list them for you now:

1.    Statements, arguments, and questions by lawyers are not evidence.

2.    Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the Rules of Evidence. You should not be influenced by the objection or by the Court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.    Testimony that the Court has excluded or told you to disregard is not evidence and must not be considered.

4.    Anything you may have seen or heard outside the Courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the Courtroom.

These are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. As a general rule, the law makes no distinction between these two types of evidence, but simply requires that you find facts from all the evidence in the case, whether direct or circumstantial or a combination of the two.

3

## CREDIBILITY OF WITNESSES-WEIGHING CONFLICTING TESTIMONY

You are the sole judges of each witness' credibility. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony. If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable. This instruction applies to the testimony of all witnesses, including expert witnesses.

## SUMMARY OF APPLICABLE LAW

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements which Plaintiff must prove to make her case:

(1) That Defendants negligently maintained a dangerous or defection condition on their property;

(2) That the negligence of the Defendants was the proximate cause of Plaintiff's injuries;

(3) That the injuries suffered by Plaintiff were the proximate cause of her damages;

4

(4) That the dangerous or defection condition was placed there by the Defendants and/or permitted to remain after notice of its existence had come or should have come to the attention of the Defendants;

(5) The personal injuries, both temporary and permanent, sustained by Plaintiff were because of this accident;

(6) The damages that Plaintiff suffered as a result of these injuries.

## BURDEN OF PROOF

As I told you during the voir dire, this is a civil case. Here, the Paintiff has the burden of proving her case by what is called a "preponderance of the evidence". That means the Plaintiff has to produce evidence which, considered in light of all the facts, leads you to believe that what the Plaintiff claims is more likely true than not. To put it differently, if you were to put the Plaintiff and the Defendants' evidence on opposite sides of a scale, the evidence supporting the Plaintiff would have to make the scale tip somewhat on her side. If the Plaintiff fails to meet this burden, the verdict must be for the Defendants. The Plaintiff must also prove her damages by a preponderance of the evidence.

Those of you who sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case; therefore, you should put it out of your mind.

## CONDUCT OF THE JURY

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial, you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the

5

end of the case to deliberate on your verdict, you simply are not to talk about this case. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If any should try to talk to you about it, bring it to the Court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

During the trial, I will permit you to take notes. A word of caution is in order. There is always a tendency to attach undue importance to matters, which one has written down. Some testimony, which is considered unimportant at the time presented, and this not written down, takes on greater importance later in the trial in light of all the evidence presented.

Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

So, if you do take notes, leave them in your seat at the end of the day, and my Deputy will collect them and return them to your seat the next day. And, remember that they are for your own personal use.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

## COURSE OF THE TRIAL

This trial, like most jury trials, comes in seven stages or phases. We have already been through the first phase, which was to select you as jurors. The remaining stages area:

(2)    These preliminary instructions to you;

(3)    Opening statements, which are intended to explain to you what each side intends to prove and are offered to help you follow the evidence. The lawyers are not required to make opening statements at this time or they may defer this opening until it is their turn to present evidence;

(4)    The presentation of the evidence, which will include live witnesses and may also include previously recorded testimony, as well as documents and things;

(5)    My final instructions on the law to you;

(6)    The closing arguments of the lawyers which will be offered to help you make your determination; and, finally,

(7)    Your deliberations where you will evaluate and discuss the evidence among yourselves and determine the outcome of the case.

7

Please keep in mind that the evidence is often introduced somewhat piecemeal. So, as the evidence comes in, you as jurors need to keep an open mind.

We will begin shortly, but first I want to outline the anticipated schedule of the trial.

## TRIAL SCHEDULE

Though you have heard me say this during the voir dire, I want to again outline the schedule I expect to maintain during the course of this trial.

This case is expected to take three days to try. We will normally begin the day at 9:00 a.m. promptly. We will go until 1:00 p.m. and, after a one-hour break for lunch, from 2:00 p.m. to 4:30 p.m. There will be a 15-minute break at 11:00 a.m. and another 15-minute break at 3:15 p.m. The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. On that day, the proceedings might last beyond 5:00 p.m. We will post a copy of this schedule for your convenience in the jury deliberation room.

8

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

Each of you has been provided a copy of these instructions. You may read along as I deliver them if you prefer; however, I would encourage you to focus your attention on me while the instructions are being read. You will be able to take your copies with you into your deliberations and refer to them at that time, if necessary.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

I will explain the positions of the parties and the law you will apply in this case.

Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

Members of the Jury, it is important that you bear in mind the distinction between your duties and my duties. You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in Court. You are the sole judges of the facts. It is your judgment, and your judgment along, to determine what the facts are, and nothing I have said or done during this trial was meant to influence your decisions about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, the Defendants are liable.

9

Now, as far as my duty is concerned, I have the duty of advising you about the law that you should apply to the facts as you find them. You are not to consider whether the principles I state to you are sound or whether they accord with your own views about policy. You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. You must accept them despite how you feel about their wisdom. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## NEGLIGENCE DEFINED

This case involves claims of negligence. Negligence is the lack of ordinary care; that is, the absence of the kind of care a reasonably prudent and careful person would exercise in similar circumstances. That standard is your guide. If a person's conduct in a given circumstance doesn't measure up to the conduct of an ordinarily prudent and careful person, then that person was negligent. On the other hand, if the person's conduct does measure up to the conduct of a reasonably prudent and careful person, the person wasn't negligent.

The mere fact that an accident occurred isn't enough to establish negligence.

## NO NEED TO PROVE ALL CHARGES OF NEGLIGENCE

Each party has alleged that the other was negligent in various ways, but a party does not have to be negligent in all of these ways to be liable. You may find a party liable if that party was negligent in any one of the ways charged and if that negligence was a proximate cause of the accident.

10

## NEGLIGENCE IS NEVER PRESUMED

Negligence is never presumed. It must be proved by a preponderance of the evidence before Plaintiff, Sandra Fluck is entitled to recover. No presumption that defendants, Bella Vista Development, Wayne Mitchell, William Mitchell and Resort Realty Group were negligent arises from the mere fact that an accident occurred.

## COMPARATIVE NEGLIGENCE – SPECIAL VERDICT FORM

Defendants allege that Plaintiff's negligence proximately caused the accident. Negligence is negligence no matter who commits it. When the Plaintiff is negligent, we call it contributory negligence. Under Delaware law, a Plaintiff's contributory negligence doesn't mean that the Plaintiff can't recover damages from the Defendant as long as the Plaintiff's negligence was no greater than the Defendant's negligence. Instead of preventing a recovery, Delaware law reduces the Plaintiff's recovery in proportion to the Plaintiff's negligence.

If you find contributory negligence was a proximate cause of the accident/injury, you must determine the degree of that negligence, expressed as a percentage, attributable to Sandra Fluck. Using 100% as the total combined negligence of the parties, you must determine what percentage of negligence is attributable to Sandra Fluck. I will furnish you with a special-verdict form for this purpose. If you find that Sandra Fluck's negligence is no more than half the total negligence, I will reduce the total amount of Sandra Fluck's damages by the percentage of her contributory negligence. If you find that Sandra Fluck's negligence is more than half the total negligence, Sandra Fluck may not recover damages.

11

## LANDOWNER'S DUTY TO BUSINESS INVITEES

Because Sandra Fluck was a business invitee at Bella Vista Development, she was a business invitee of the landowner Defendants Wayne Mitchell and Bella Vista Development, LLC. A landowner owes a duty to the public to see that the parts of the premises ordinarily used by business invitees are kept in a reasonably safe condition. With this duty, the landowner is responsible for injuries that are caused by defects or conditions that the business landowner had actual notice of or that could have been discovered by reasonably prudent inspection.

Under the law, a landowner is not an insurer of the safety of an invitee. Mere ownership does not make one liable for injuries sustained by persons who have entered on land, even though the owner has invited them to enter. The landowner's liability to an invitee for unintentional injuries must be based on negligence; and the law does not presume that the owner was negligent merely because the invitee was injured while on the premises.

## DUTY TO INSPECT AND DISCOVER DANGEROUS CONDITIONS FOR BENEFIT OF INVITEE

Sandra Fluck alleges that the Defendants failed to reasonably inspect and discover a dangerous condition on the premises of Bella Vista Development.

An owner or occupier who has exclusive control over premises must inspect the premises and discover dangerous conditions that would be apparent to a person conducting a prudent inspection. An invitee is entitled to expect that the owner or occupant will take reasonable care to know the actual condition of the premises and,

having discovered the condition, will either make it reasonably safe by repair or warn of the dangerous condition and the risk involved.

If you find that the Defendants failed to reasonably inspect the premises, failed to discover a dangerous condition that should have been discovered, or failed to warn of that condition, then you may find the Defendants negligent.

## DUTY OF PROPERTY OWNER TO PROVIDE SAFE INGRESS AND EGRESS FROM ITS PROPERTY

A landowner has a duty to provide a business invitee with safe ingress and egress to its property. Ingress means the entrance or way onto the premises. Egress means the exit or way off the premises. Ordinarily, a landowner does not have a duty to warn an invitee of a danger located off the premises. But if the actual location of the hazard is immediately adjacent to the place of ingress or egress from the premises, the landowner has a duty to warn of the danger or protect against the danger in order to provide its invitees with a safe way onto and off the premises. If the danger, however, is so apparent that a business invitee can reasonably be expected to notice it and protect against it, the condition itself constitutes adequate warning and the landowner has no further duty to warn or protect the invitee.

## PROXIMATE CAUSE

A party's negligence, by itself, is not enough to impose legal responsibility on that party. Something more is needed: the party's negligence must be shown by a preponderance of the evidence to be a proximate cause of the accident.

Proximate cause is a cause that directly produces the harm, and but for which the harm would not have occurred. A proximate cause brings about, or helps to bring about, the accident / injury, and it must have been necessary to the result.

## FORESEEABLE INJURY – DEFINITION

A foreseeable injury is one that an ordinary person, under the circumstances, would recognize or anticipate as creating a risk of injury. It is not necessary that the particular injury suffered was itself foreseeable, but only that the risk of injury existed.

## DAMAGES - PERSONAL INJURY

If you do **not** find that Sandra Fluck has sustained her burden of proof, the verdict must be for the Defendants. If you **do** find that Sandra Fluck is entitled to recover for damages proximately caused by the fall, you should consider the compensation to which she is entitled.

The purpose of a damages award in a civil lawsuit is just and reasonable compensation for the harm or injury done. Certain guiding principles must be employed to reach a proper damages award. First, damages must be proved with reasonable probability and not left to speculation. Damages are speculative when there is merely a possibility rather than a reasonable probability that an injury exists. While pain and suffering are proper elements on which to determine monetary damages, the damages for pain and suffering must be fair and reasonably determined and may not be determined by a fanciful or sentimental standard. They must be determined from a conclusion about how long the suffering lasted, the degree of suffering, and the nature of the injury causing the suffering.

14

If you find for Sandra Fluck, you should award to her the sum of money that in your judgment will fairly and reasonably compensate her for the following elements of damages that you find to exist by a preponderance of the evidence:

(1)    compensation for pain and suffering that she has suffered to date;

(2)    compensation for pain and suffering that it is reasonably probable that Sandra Fluck will suffer in the future;

(3)    compensation for permanent impairment; and,

(4)    compensation for reasonable and necessary medical expenses incurred to date.

In evaluating pain and suffering, you may consider its mental as well as its physical consequences. You may also consider such things as discomfort, anxiety, grief, or other mental or emotional distress that may accompany any deprivation of usual pleasurable activities and enjoyments.

In evaluating impairment or disability, you may consider all the activities that Sandra Fluck used to engage in, including those activities for work and pleasure, and you may consider to what extent these activities have been impaired because of the injury and to what extent they will continue to be impaired for the rest of her life expectancy. A person of Sandra Fluck's age and sex would have a life expectancy of approximately 23.5 years.

The law does not prescribe any definite standard by which to compensate an injured person for pain and suffering or impairment, nor does it require that any witness should have expressed an opinion about the amount of damages that would compensate for such injury. Your award should be just and reasonable in light of the evidence and reasonably sufficient to compensate Sandra Fluck fully and adequately.

## EFFECT OF INSTRUCTIONS AS TO DAMAGES

The fact that I have instructed you about the proper measure of damages should not be considered as my suggesting which party is entitled to your verdict in this case. Instructions about the measure of damages are given for your guidance only if you find that a damages award is in order.

## OBJECTIONS - RULINGS ON EVIDENCE

Lawyers have a duty to object to evidence that they believe has not been properly offered. You should not be prejudiced in any way against lawyers who make these objections or against the parties they represent. If I have sustained an objection, you must not consider that evidence and you must not speculate about whether other evidence might exist or what it might be. If I have overruled an objection, you are free to consider the evidence that has been offered.

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in Court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of Court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. The arguments of the lawyers are offered solely as an aid to help you in your determination of the facts. Their questions and objections are not evidence. My legal rulings are not evidence. My comments and questions are not evidence.

16

During the trial, I may have not let you hear the answers to some of the questions the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

You have heard the terms direct and circumstantial evidence.

Direct evidence is evidence like the testimony of an eyewitness, which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed here, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walked into the Courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it way that one is any better than the other. You should consider all evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

17

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in ling of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## STATEMENT OF COUNSEL

A further word about statements and arguments of counsel. The attorney's statements and arguments are not evidence. Instead, their statements and arguments are intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent with the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not property, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence. What an attorney personally things or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief concerning testimony or evidence that an attorney has offered during opening or closing statements, or at any other time during the course of the trial.

## CREDIBILITY OF WITNESSES

You are the sole judges of each witness' credibility. You should consider each witness' means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness' biases, prejudices, or interests; the witness'

manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there is evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time, the witness said or did something or failed to say or do something that was different from the testimony he or she gave at trial. You have the right to distrust such witness' testimony in other particulars and you may reject all or some of the testimony of that witness or give it such credibility as you may thing it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail. This instruction applies to all witnesses.

## EXPERT TESTIMONY

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business. This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience

19

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you thing appropriate, given all the other evidence in the case.

## NUMBER OF WITNESSES

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference. Do not make any decision based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you thing their testimony deserves. Concentrate on that, not the numbers.

## BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

This is a civil case. Plaintiff has the burden of providing her claims and damages by what is called a "preponderance of the evidence". Proof by a preponderance of the evidence means proof that something is more likely true than not. It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not.

Preponderance of the evidence does not depend on the number of witnesses. If the evidence as to a particular element or issues is evenly balanced, they party has not proved the element by a preponderance of the evidence, and you must find against that party. In determining whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who called them and all exhibits received into evidence regardless of who produced them.

20

Those of you who are familiar with criminal cases will have heard the term proof beyond a reasonable doubt. That burden does not apply in a civil case and you should therefore put it out of your mind in considering whether or not the Plaintiff has met her burden of proof on various issues.

## DEPOSITION - USE AS EVIDENCE

Some testimony is in the form of sworn recorded answers to questions asked of a witness before the trial. This is known as deposition testimony. This kind of testimony is used when a witness, for some reason, cannot be present to testify in person. You should consider and weigh deposition testimony in the same way as you would the testimony of a witness who has testified in court.

## OBJECTIONS - RULINGS ON EVIDENCE

Lawyers have a duty to object to evidence that they believe has not been properly offered. You should not be prejudiced in any way against lawyers who make these objections or against the parties they represent. If I have sustained an objection, you must not consider that evidence and you must not speculate about whether other evidence might exist or what it might be. If I have overruled an objection, you are free to consider the evidence that has been offered.

## CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY

You are the sole judges of each witness's credibility. That includes the parties. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witnesses' biases, prejudices, or interests; the witnesses' manner or demeanor on the witness stand; and all

circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

## EXPERT OPINION MUST BE TO A REASONABLE PROBABILITY

You have heard experts being asked to give opinions based on a reasonable (scientific, engineering, economic, etc.) probability. In Delaware, an expert may not speculate about mere possibilities. Instead, the expert may offer an opinion only if it is based on a reasonable probability. Therefore, in order for you to find a fact based on an expert's testimony, that testimony must be based on reasonable probabilities, not just possibilities.

## EXPERT MEDICAL OPINION MUST BE TO A REASONABLE PROBABILITY

You have heard medical experts being asked to give opinions based on a reasonable medical probability. In Delaware, a medical expert may not speculate about mere possibilities. Instead, the expert may offer an opinion only if it is based on a reasonable medical probability. Therefore, in order for you to find a fact based on an expert's testimony, that testimony must be based on reasonable medical probabilities, not just possibilities.

## DELIBERATION AND VERDICT

How you conduct your deliberations is up to you. But, however you conduct those deliberations, please remember that your verdict must represent the considered judgment of each juror.

It is your duty, as jurors, to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion, of convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because the opinion of your fellow jurors, or forth the purpose of returning a verdict. Remember at all times that you are not partisans. You are judges – judges of the facts, not me. Your sole interest is to seek the truth from the evidence on that case. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the form. You will then return to the Courtroom, your foreperson will give the form to my Deputy Clerk and your verdict shall be announced.

It is property to add the caution that nothing said in these instructions, and nothing in the form of a verdict, is meant to suggest or convey in any way or manner, any

23

intimation as what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

That concludes the part of my instructions explaining the rules for considering the testimony and evidence. Now let me finish up by explaining how you may communicate questions or messages to the Court.

Once you start deliberating, do not talk to the Jury Officer, to my Deputy Clerk or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Jury Officer. The question will be given to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages are normally sent to me through the foreperson, who, by custom of this Court, is juror number 1.

One more thing about messages. Do not ever write down or tell anyone else how you stand on your votes. For example, do not write down or tell anyone else that you are split 6-2, or 4-4, or whatever your vote happens to be. That should stay secret until you are finished.

Let me finish by repeating something I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in favor of either party. You must decide the case yourselves based on the evidence presented.