IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SANDRA E. FLUCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C. A. No. 06-188-GMS |
| v. | ) | |
| | ) | |
| BELLA VISTA DEVELOPMENT, LLC, | ) | |
| a Virginia corporation, BELLA VISTA | ) | TRIAL BY A JURY DEMANDED |
| TOWNHOME CONDOMINIUM | ) | |
| ASSOCIATION, INC., a Delaware | ) | |
| Corporation, RESORT REALTY GROUP, | ) | |
| INC., a Delaware corporation, WILLIAM J. | ) | |
| MITCHELL, individually, and WAYNE | ) | |
| MITCHELL, individually, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT RESORT REALTY GROUP, INC.'S REPLY BRIEF IN
SUPPORT OF ITS MOTION IN LIMINE**

FERRY, JOSEPH & PEARCE, P.A.

/s/Robert K. Pearce
ROBERT K. PEARCE, ESQ. (I.D. No. 191)
THOMAS R. RIGGS, ESQ. (I.D. No. 4631)
824 Market Street, Suite 904
Wilmington, DE 19899
(302) 575-1555
rpearce@ferryjoseph.com
Attorneys for Defendant
Resort Realty Group, Inc.

Dated: September 20, 2007

# **TABLE OF CONTENTS**

                                                                                           Page
TABLE OF AUTHORITIES .................................................... ii

ARGUMENT .............................................................. 1

    1.    Plaintiff's expert should not be permitted to testify regarding
        ASTM, ANSI, CPSC and NFPA standards ............................ 1

    2.    Testimony regarding the placement of the paver step is not
        admissible.. ................................................... 4


CONCLUSION ............................................................ 5

# TABLE OF AUTHORITIES

**Cases:**

*Curtis v. District of Columbia*, 363 F.2d 973 (D.C. Cir. 1996) ........................ 1-2

*Dorsey v. Yoder Company*, 331 F.Supp. 753 (E.D.Pa 1971) .............................. 2

*Hassan v. Stafford*, 472 F.2d 88 (3rd Cir. 1973). ...................................... 2

*Hercules Powder Co. v. DiSabatino*, 188 A.2d 529 (Del.1963) ....................... 2-3

*Sammons v. Ridgeway*, 293 A.2d 547 (Del.1972) . ..................................... 2

*Smith v. Acme Markets*, 2003 WL 1858169 (Del.Super.) . ............................ 2-3

# ARGUMENT

I.  **Plaintiff's expert should not be permitted to testify regarding ASTM, ANSI, CPSC and NFPA standards**

Plaintiff argues that Mr. Dinoff should be permitted to testify about ASTM, ANSI, CPSC, and NFPA standards (hereinafter, the "Disputed Standards"), even though none of these standards had been adopted by the Sussex County legislature, and did not apply to the Property at the time of the incident at issue. In support of her position, Plaintiff cites the Court's decision in *Curtis v. District of Columbia*, 363 F.2d 973 (D.C. Cir. 1996). In *Curtis*, the plaintiff was allegedly injured after he tripped on a hinge protruding from the covering of a vault that was buried beneath a sidewalk. He sought to introduce a District of Columbia building code that had been enacted after the vault had been constructed, and thus was not applicable to the vault that caused his injuries. The Court of Appeals permitted the introduction of the regulation as evidence of a standard that the jury could consider in determining negligence, even though it had not been violated and could not be evidence of negligence *per se*. In so ruling, the Court placed great weight on the fact that the District of Columbia legislature had passed the regulation into law, noting:

> Experience and expertise had combined to lead the Commissioners to decide in formulating the 1951 Building Code that safety would be served by requiring vault coverings in sidewalks to be flush with the sidewalk paving. This action of the responsible public authorities is relevant in determining the common law standard of care to be observed by defendants for the safety of pedestrians.

*Id.* at 975. The dissent recognized that the major flaw in permitting the introduction into evidence of a regulation that is not applicable is that a jury will likely not comprehend the

1

difference between considering the regulation as evidence of negligence, and actually giving it effect, even if a corrective instruction is given, noting:

> Once the regulation is in evidence, a jury would almost inevitably give it effect. Indeed, I am not quite sure myself what the line is between giving effect to the regulation and considering it as evidence of negligence.

*Id.* at 978.

In contrast to the *Curtis* decision, in *Hassan v. Stafford*, 472 F.2d 88 (3rd Cir. 1973), the Third Circuit Court of Appeals, relying upon Delaware state case law, as well as the *Curtis* dissent, refused to permit the introduction of safety regulations that did not apply to the property in question, even though plaintiff's expert had based his opinions on such regulations. *Id.* at 93-94 citing *Hercules Powder Co. v. DiSabatino*, 188 A.2d 529 (Del.1963); *Sammons v. Ridgeway*, 293 A.2d 547 (Del.1972); *Curtis*, supra. While the Court did permit plaintiff's expert to testify that he had based his opinion on the inapplicable regulations, *Hassan* does not support Plaintiff's contention that the Disputed Standards are themselves admissible.

Plaintiff also cites *Dorsey v. Yoder Company*, 331 F.Supp. 753 (E.D.Pa 1971) in support of her position. In *Dorsey*, the court permitted the jury to consider a Pennsylvania safety statute as a factor in determining negligence, although the statute did not create a per se duty. In so holding, the court reasoned that the safety statute reflected a "statement of public policy of the Commonwealth" that had been adopted by the Pennsylvania legislature. As in *Curtis*, the determining factor underlying the court's decision appeared to be the fact that the legislature had adopted a safety standard for its constituents that should be considered by a jury when determining whether a party had been negligent.

Finally, Plaintiff relies upon *Smith v. Acme Markets*, 2003 WL 1858169 (Del.Super.),

2

where the court, with little discussion, permitted national standards to be admitted into evidence, even though such standards had not been adopted by the county legislature. While the *Smith* case appears to be on point, it also appears to be at direct odds with the Delaware Supreme Court's ruling in *Hercules*, supra, which held, "We have no doubt but that safety codes prepared and issued by government agencies are not admissible as independent evidence to prove the truth of the statements or standards contained in them." *Hercules*, 188 A.2d at 522. In any event, the *Smith* case certainly contradicts the *Hassan* decision, and is not particularly persuasive authority in the instant case.

In the case at hand, the Sussex County legislature never adopted the Disputed Standards, so it can hardly be said that there had been any "action of the responsible public authorities," or "statement of public policy," that would make the Disputed Standards relevant in determining the common law standard of care that should have been observed by the defendants in this case. As such, and as set forth by the *Curtis* dissent, permitting Mr. Dinoff to testify regarding the Disputed Standards would unnecessarily confuse the jury; the Sussex County Building Code adequately sets forth the applicable standard of care that the legislature saw fit to adopt. Furthermore, as discussed in Defendant Resort's motion for summary judgment, Defendant Resort did not own, control, or manage the Property, or participate in the planning, development, maintenance, or construction of the Property. Thus, Resort could not possibly be expected to have conformed to the Disputed Standards, all of which relate to the design, construction, or maintenance of the step in question. Accordingly, even if the Court does permit the Disputed Standards to be admitted, or allows Mr. Dinoff to testify that he based his report on the Disputed Standards, a corrective instruction should be given to the jury that such evidence may not be

3

considered as evidence of Resort's negligence.

## II. Testimony regarding the placement of the paver step is not admissible.

In her Response, Plaintiff argues that testimony regarding the replacement of the paver step is admissible because the replacement was not remedial in nature, and that such evidence demonstrates the feasability of precautionary measures. As will be discussed, Plaintiff's argument fails because, if the measures taken were not remedial, they are not relevant to any issue under consideration; if they were remedial, they are not admissible because the feasability of replacing the steps is not controverted.

### A. *If the measures were not remedial, they are not relevant*

Plaintiff points out in her Response that Wayne Mitchell testified that he decided to replace the paver step with one made of concrete for monetary and cosmetic purposes. Thus, Plaintiff contends, Mr. Mitchell's actions should not be considered remedial in nature. If Plaintiff's argument is accepted, and the replacement of the step was not remedial, then there is no reason for evidence of the replacement to be admitted since it is simply not relevant to any matter at issue in this litigation. Whether the paver step was more or less cost effective or aesthetically pleasing than the replacement one has no bearing on Plaintiff's claims in these proceedings. Thus, such evidence must be excluded.

### B. *If the measures were precautionary, they are not admissible since their feasability is not controverted.*

Plaintiff's contention that the replacement of the paver step was not remedial appears to be at odds with her later argument that testimony regarding Wayne Mitchell's actions should be admitted since they show the feasability of precautionary measures. It is difficult to understand

how the replacement of the step could be interpreted as a "precautionary measure," yet not be remedial in nature. In any event, as Plaintiff recognizes, Fed.R.Evid. 407 only permits evidence of subsequent remedial measures to show the feasability of precautionary measures where such feasability is controverted. In the case at hand, there has been no testimony by any of the defendants that it was not feasible to have installed a concrete step, extending the full width of the porch, rather than the paver step that was in place at the time of the incident at issue. As such, the feasability of replacing the paver step with the concrete one now in place is not controverted, and any testimony regarding this matter should be excluded.

## CONCLUSION

For the foregoing reasons, Defendant Resort Realty Group, Inc. respectfully requests this Court to grant its motion in limine and to award such other relief as is just and proper.

FERRY, JOSEPH & PEARCE, P.A.

/s/Robert K. Pearce
ROBERT K. PEARCE, ESQ. (I.D. No. 191)
THOMAS R. RIGGS, ESQ. (I.D. No. 4631)
824 Market Street, Suite 904
Wilmington, DE 19899
(302) 575-1555
rpearce@ferryjoseph.com
Attorneys for Defendant
Resort Realty Group, Inc.

Dated: September 20, 2007

# CERTIFICATE OF SERVICE

I, Robert K. Pearce, Esquire do hereby certify that on September 20, 2007 I electronically filed the foregoing *Defendant Resort Realty Group, Inc.'s Reply Brief in Support of its Motion in Limine* with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Jennifer S. Donahue, Esquire
Andrea G. Green, Esquire
Doroshow, Pasquale, Krawitz & Bhaya
213 E. DuPont Highway
Millsboro, DE 19966

Stephen P. Casarino, Esquire
Casarino, Christman & Shalk, P.A.
800 N. King Street
Wilmington, DE 19801

Roger A. Akin, Esquire
Akin & Herron, P.A.
1500 Shallcross Avenue
Suite 1-A
Wilmington, DE 19806

Carol J. Antoff, Esquire
Christiana Executive Campus
131 Continental Drive, Suite 407
Newark, DE 19713

/s/Robert K. Pearce
ROBERT K. PEARCE, ESQUIRE
I.D. No. 191

Dated: September 20, 2007