## CROSS-CLAIMS

In this case, cross-claims have been filed. Cross-plaintiff Resort Realty Group, Inc has filed a cross-claim against cross-defendants Bella Vista Development, LLC, William J. Mitchell, and Wayne Mitchell. Cross-plaintiffs Bella Vista Development, LLC and Wayne Mitchell have filed cross-claims against cross-defendants Resort Realty Group, Inc. and William J. Mitchell. Cross-Plaintiff William J. Mitchell has filed cross-claims against cross-defendants Bella Vista Development, LLC, Resort Realty Group, Inc., and Wayne Mitchell. These parties stand in the same relationship to each other as plaintiffs would to defendants.

A cross-claim or third party claim is simply another set of claims that the parties to the main case have brought against each other or against someone else. The reason you will hear and decide these claims is that they are related to the same facts and circumstances as the main case.

## LIABILITY OF THE EMPLOYER OF AN INDEPENDENT CONTRACTOR

The parties have stipulated that Wayne Mitchell and William Mitchell were independent contractors employed by Resort Realty Group, Inc. Generally, the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the independent contractor or his servants.

Thus, if you find that acts or omissions of Wayne Mitchell or William Mitchell caused physical harm to the Plaintiff, Resort Realty Group, Inc. may not be found liable for the harm caused by Wayne or William Mitchell.

## DUTY OF A LISTING REAL ESTATE AGENT

A listing real estate agent has no duty to inspect a property and/or warn invitees of potentially dangerous conditions unless the listing agent owns the property, or exercises exclusive control over it.

A party exercises exclusive control over a property if he possesses the property and: (a) is in occupation of the land with intent to control it, (b) has been in occupation of the land with intent to control it, if no other person has subsequently occupied it with intent to control it, or (c) is entitled to immediate occupation of the land, if no other person is in possession under clauses a and b.

Thus, in this case, if you find that Resort Realty Group, Inc. did not own the property, or exercise exclusive control over it, it had no duty to inspect the property or warn the Plaintiff of any potentially dangerous condition.

## PROPOSED JURY VERDICT FORM

1. Do you find that defendant Bella Vista Development, LLC was negligent in a manner that proximately caused the plaintiff's injuries?

    ___ YES        ___ NO

2. Do you find that defendant Resort Realty Group, Inc. was negligent in a manner that proximately caused the plaintiff's injuries?

    ___ YES        ___ NO

3. Do you find that defendant William J. Mitchell was negligent in a manner that proximately caused the plaintiff's injuries?

    ___ YES        ___ NO

4. Do you find that defendant Wayne Mitchell was negligent in a manner that proximately caused the plaintiff's injuries?

    ___ YES        ___ NO

If your answer to Question #1, and Question #2, and Question #3, and Question #4, is "NO," call the Bailiff. Your verdict is for the defendants. If you answered "YES" to any of the above questions, proceed to Question #5.

5. Do you find that the plaintiff was contributorily negligent in a manner that proximately caused her own injuries?

    ___ YES        ___ NO

6. Apportion the amount of negligence, if any, that you have attributed to each party. If you found that a party was not negligent or that their negligence was not a proximate cause of the plaintiff's injuries, that party must be assigned 0%. The total must equal 100%.

    Sandra E. Fluck                    _____%
    Bella Vista Development LLC        _____%
    Resort Realty Group, Inc.          _____%
    William J. Mitchell                _____%
    Wayne Mitchell                     _____%
                                       100 %

If the percentage apportioned to Sandra E. Fluck is greater than 50%, stop here and advise the bailiff that your verdict is in favor of the defendants. If the percentage apportioned to Sandra E. Fluck is 50% or less, go on to Question #7.

7. State the full amount of your award of damages to the plaintiff. Do not reduce the award by the percentage of negligence, if any, attributed to the plaintiff. If appropriate, such a reduction will be made by the Court.

$_____


SIGNED:_____(Foreperson)   DATED:_____