IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SANDRA E. FLUCK, | ) <br> ) |
| Plaintiff, | ) <br> ) C.A. No. 06-188 GMS |
| v. | ) <br> ) |
| BELLA VISTA DEVELOPMENT, LLC et al., | ) <br> ) |
| Defendants. | ) <br> ) |

**ORDER**

  At Wilmington, this 24th day of September, 2007, having reviewed and duly considered the defendant Resort Realty Group's ("Resort") motion to dismiss;

  IT IS ORDERED that Resort's motion to dismiss for insufficient service of process (D.I. 56) is DENIED. The plaintiff has not shown good cause for her failure to timely effect service pursuant to Federal Rule of Civil Procedure 4(m) and the relevant case law.[1] The plaintiff, however, should be granted an extension beyond the 120-day period provided by Rule 4(m), because the statute of limitations will bar her from refiling her claim against Resort if the court grants the motion to dismiss.[2]

            /s/ Gregory M. Sleet
            CHIEF, UNITED STATES DISTRICT JUDGE

---

[1] *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995) (providing inquiry court must make in order to determine whether good cause exists); *United States v. Nutall*, 122 F.R.D. 163, 166-67 (D. Del. 1988) (listing and discussing the three factors that courts generally consider in determining whether good cause exists).

[2] *See Petrucelli*, 46 F.3d at 1305 (holding that the 1993 version of Rule 4(m) "allow[s] a court discretion to dismiss or extend time absent a showing of good cause"); *id* at a1305-06 (explaining that the district courts should consult the Advisory Committee Notes to Rule 4 for guidance on factors to consider in deciding whether to exercise their discretion to extend the 120-day time limit); Fed. R. Civ. P. 4, Advisory Committee's Note to the 1993 Amendments ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action. . . .").