## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SANDRA E. FLUCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C. A. No. 06-188-GMS |
| v. | ) | |
| | ) | |
| BELLA VISTA DEVELOPMENT, LLC, | ) | |
| a Virginia corporation, BELLA VISTA | ) | TRIAL BY A JURY DEMANDED |
| TOWNHOME CONDOMINIUM | ) | |
| ASSOCIATION, INC., a Delaware | ) | |
| Corporation, RESORT REALTY GROUP, | ) | |
| INC.,a Delaware corporation, WILLIAM J. | ) | |
| MITCHELL, individually, and WAYNE | ) | |
| MITCHELL, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT RESORT REALTY GROUP, INC.'S TRIAL BRIEF

FERRY, JOSEPH & PEARCE, P.A.

/s/Robert K. Pearce
ROBERT K. PEARCE, ESQ. (I.D. No. 191)
THOMAS R. RIGGS, ESQ. (I.D. No. 4631)
824 Market Street, Suite 904
Wilmington, DE 19899
(302) 575-1555
rpearce@ferryjoseph.com
Attorneys for Defendant
Resort Realty Group, Inc.

Dated: September 24, 2007

## NATURE OF THE CASE

This is a personal injury action brought by Plaintiff Sandra E. Fluck against Defendants Bella Vista Development, LLC, Resort Realty Group, Inc., William J. Mitchell, and Wayne Mitchell. Plaintiff alleges that she fell on a step and was injured while attending an open house on June 27, 2004, and that the defendants' negligence caused her injuries. The defendants deny any negligence in this action.

## CONTESTED FACTS THE EVIDENCE WILL ESTABLISH

The evidence will establish that the step on which plaintiff fell met all applicable building codes, and that Plaintiff's injuries are the result of her own failure to maintain a proper lookout for her safety. The evidence will also establish that Defendant Resort Realty Group, Inc. ("Resort") was neither a possessor nor controller of the property at issue, and owed no duty to the plaintiff to inspect the property or to warn her of potential dangers contained thereon. Finally, the evidence will establish that Wayne Mitchell and William J. Mitchell were independent contractors employed by Resort, such that Resort is not liable for any of their negligent acts, if any.

## THEORY OF DEFENSE

Resort maintains that the Complaint was not properly served upon it in this matter, and that the plaintiff's action against it should be dismissed pursuant to Fed.R.Civ.P. 12(b)(5). Resort has filed a motion to this effect, which is still pending.

If Resort's motion to dismiss is denied, Resort maintains that, as the listing real estate broker, it had no duty to inspect the property prior to the open house or to warn visitors of

1

potentially dangerous conditions on the property since Delaware still adheres to the traditional common-law distinctions regarding premises liability classifications. *See generally Rhudy v. Bottlecaps*, 830 A.2d 402 (Del. 2003); *Argoe v. Commercial Square Apartments LP*, 745 A.2d 251 (Del.Super.1999); *Masick v. McColly Realtors, Inc.*, 858 N.E.2d 682 (Ind.App.2006); *Christopher v. McGuire*, 169 P.2d 879, 880-81 (Or. 1946); *White v. Rick Canup Realtors, Inc.*, 2000 WL 621263 (Tex.App-Amarillo).

Furthermore, there is no evidence that Resort "possessed" and "controlled" the Property such that the duty traditionally imposed upon a property owner should be applied to it. The District Court of Delaware has previously adopted the Restatement (Second) of Torts, §328E definition of a "possessor" of land. *See Hollett v. Dundee, Inc.*, 272 F.Supp. 1, 7 (D.C.Del. 1967). Resort never exercised any control over the property as defined by the Restatement (Second) of Torts and set forth in the *White* decision: Resort was never in occupation of the land with intent to control it, and was never entitled to immediate occupation of the Property. Accordingly, Resort had no duty, as a matter of law, to inspect the Property and/or warn invitees of potentially dangerous conditions.

Finally, it is undisputed that the Mitchells were independent contractors, as opposed to employees of Resort. Thus, no actions taken by the Mitchells may be imputed to Resort. *See Fisher v. Townsends, Inc.*, 695 A.2d 53, 58 (Del.1997).

## THEORY OF DAMAGES IF LIABILITY IS ESTABLISHED

If the plaintiff establishes that any of the defendants are liable for her injuries, Resort argues that she will not be able to meet her burden of proof to establish her alleged damages.

2

## MOTION FOR JUDGMENT AS A MATTER OF LAW

At the close of the plaintiff's case, it is expected that Resort will move for a judgment as a matter of law, as no reasonable jury will have a sufficient evidentiary basis to find for the plaintiff against Resort.

FERRY, JOSEPH & PEARCE, P.A.

/s/Robert K. Pearce
ROBERT K. PEARCE, ESQ. (I.D. No. 191)
THOMAS R. RIGGS, ESQ. (I.D. No. 4631)
824 Market Street, Suite 904
Wilmington, DE 19899
(302) 575-1555
rpearce@ferryjoseph.com
Attorneys for Defendant
Resort Realty Group, Inc.

Dated: September 24, 2007

3

## CERTIFICATE OF SERVICE

I, Robert K. Pearce, Esquire do hereby certify that on September 24, 2007 I electronically filed the foregoing *Defendant Resort Realty Group, Inc.'s Trial Brief* with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Jennifer S. Donahue, Esquire
Andrea G. Green, Esquire
Doroshow, Pasquale, Krawitz & Bhaya
213 E. DuPont Highway
Millsboro, DE 19966

Stephen P. Casarino, Esquire
Casarino, Christman & Shalk, P.A.
800 N. King Street
Wilmington, DE 19801

Roger A. Akin, Esquire
Akin & Herron, P.A.
1500 Shallcross Avenue
Suite 1-A
Wilmington, DE 19806

Carol J. Antoff, Esquire
Christiana Executive Campus
131 Continental Drive, Suite 407
Newark, DE 19713

/s/Robert K. Pearce
ROBERT K. PEARCE, ESQUIRE
I.D. No. 191

Dated: September 24, 2007